**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | Case No. _____ |
| Plaintiffs, | |
| v. | Judge _____ |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

Plaintiff, Sunil Bhatia ("Mr. Bhatia"), individually, and derivatively on behalf of

MedValue Offshore Solutions, Inc. ("MedValue"), states as follows as the Complaint against

Defendants, Raju Vaswani, Karan Vaswani, and MV Outsourcing, Inc.:

**INTRODUCTION**

1.    Plaintiff MedValue is an Illinois corporation and a leading U.S. based data entry

services company.  It is headquartered in the Chicago area, and for approximately 14 years has

been providing data entry, data capture, and data processing services to clients throughout the

United States.

2.    Sunil Bhatia and Raju Vaswani are 50/50 co-owners of MedValue.

3.    MedValue owns and has used the trademarks "MV Outsourcing Solutions" and

"MV Outsourcing" in connection with its services since at least 2008.

4.     Unbeknownst to Mr. Bhatia, in or about July 2017, Raju Vaswani, along with his son, Karan Vaswani, formed an Illinois corporation named "MV Outsourcing, Inc." to compete directly against MedValue and to usurp its business opportunities.

5.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani are unfairly competing with MedValue and infringing MedValue's trademarks, by using an identical mark ("MV Outsourcing") to promote their own competing services.

6.     Further, and among other wrongdoing, Raju Vaswani has breached his fiduciary duties and duty of loyalty to Mr. Bhatia and MedValue by diverting business and customers away from MedValue and to MV Outsourcing, Inc.

7.     Karan Vaswani is the President of MV Outsourcing, Inc., who authorized, directed, and participated in the infringement of MedValue's trademarks.

8.     Among other relief, MedValue seeks damages and injunctive relief arising out of Defendants' wrongful conduct.

## JURISDICTION AND VENUE

9.     This Court has exclusive jurisdiction over the subject matter of the Complaint for unfair competition under 28 U.S.C. § 1331 because MedValue is asserting claims under the Lanham Act (15 U.S.C. § 1125(a)).

10.     This Court also has supplemental jurisdiction over the remaining claims in the Complaint pursuant to 28 U.S.C. § 1367(a).

11.     This Court can exercise personal jurisdiction over Defendants and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times Defendants regularly and continuously transacted and were doing business within this District.

## PARTIES

12.     Plaintiff, Sunil Bhatia, is a citizen and resident of the Northern District of Illinois who resides in DuPage County, Illinois.

13.     MedValue Offshore Solutions, Inc. ("MedValue") is a corporation organized and existing under Illinois law with its principal place of business located in Oak Brook, Illinois. Mr. Bhatia has, at all relevant times, been a 50% shareholder in MedValue.

14.     Defendant, Raju Vaswani, is a citizen and resident of the Northern District of Illinois who resides in DuPage County, Illinois. At all relevant times, Raju Vaswani has been a 50% shareholder in MedValue and has acted as its Chief Executive Officer ("CEO").

15.     Defendant, Karan Vaswani, is a citizen and resident of the Northern District of Illinois who resides in Cook County, Illinois.

16.     MV Outsourcing, Inc. is a corporation organized and existing under Illinois law. Upon information and belief, MV Outsourcing, Inc.'s principal place of business is located in Chicago, Illinois.

## FACTUAL BACKGROUND

### MedValue Ownership

17.     In or about October 2003, Mr. Bhatia approached Raju Vaswani regarding a potential joint business venture centered on outsourcing services for customers in the healthcare industry.

18.     Later that year, in or about December 2003, Mr. Bhatia and Raju Vaswani incorporated MedValue Offshore Solutions, Inc. ("MedValue").

19.     Mr. Bhatia and Raju Vaswani were and are equal owners in MedValue pursuant to its incorporating documents.

3

20.     MedValue was initially solely in the business of utilizing Indian-based suppliers to provide data entry services to U.S. based healthcare providers.

21.     In or about early 2006, Raju Vaswani approached Mr. Bhatia regarding a potential purchase of 10% of Bhatia's ownership in MedValue.

22.     More specifically, Raju Vaswani wanted to "buy out" that 10% ownership interest by paying Mr. Bhatia money in exchange for that ownership right.

23.     Although Mr. Bhatia initially agreed to such a buy out of his 10% ownership in MedValue, Raju Vaswani never paid any monies towards that buy out or otherwise provided any other form of consideration for it.

24.     Accordingly, Mr. Bhatia and Raju Vaswani remain equal, 50/50 co-owners of MedValue.

## MedValue's Trademarks

25.     For more than fourteen years, MedValue has been providing data entry and data capture services to clients based throughout the United States.

26.     Since its founding in 2003, MedValue has offered its services under the mark "Medvalue."

27.     MedValue has owned and operated the website www.medvaluebpo.com since in or about 2004 and markets and promotes its services through that website.

28.     In or about 2006, Mr. Bhatia and Raju Vaswani realized that their data entry outsourcing model, as offered to U.S. based healthcare clients through MedValue, could extend well beyond the healthcare industry.

29.    Mr. Bhatia and Raju Vaswani were concerned, however, that they would not attract potential customers because of the connotation of having "Med" as part of their corporation's name – implying it was purely for businesses in the healthcare space.

30.    Mr. Bhatia and Raju Vaswani therefore registered a second domain name: data-entry-services.com.   MedValue has owned and operated the website www.data-entry-services.com since about in or about 2006.

31.    When it began operating the second website, www.data-entry-services.com, MedValue also began offering services under the mark "MV Outsourcing Solutions," as a "service" of MedValue.

32.    Later, in or about 2006, MedValue also began using the mark "MV Outsourcing" in connection with its services as a shortened version of the "MV Outsourcing Solutions."

33.    Indeed many of MedValue's customers would recognize MV Outsourcing as synonymous with MedValue.

34.    Since the inception of the second domain name (www.data-entry-services.com), the primary driver of new customers to MedValue has been MV Outsourcing and MedValue's new website, www.data-entry-services.com.

35.    Today, MedValue uses and owns rights in the trademarks "MV Outsourcing" and "MV Outsourcing Solution" (the "MV Marks") in connection with its outsourcing services, including data entry, data capture, claims processing services, among others.

36.    MedValue uses the MV Marks in interstate commerce in connection with the sale, offer for sale, and marketing of its data entry and claims processing services.

37.    MedValue uses the MV Marks on both of its websites and in other marketing materials for its services.  Copies of pages from the websites showing MedValue's use of the

MV Marks are attached hereto as Exhibit A. A copy of a marketing brochure that can be downloaded from MedValue's domain (medvaluebpo.com) showing MedValue's use of the MV Marks is attached hereto as Exhibit B.

## Task Genie

38.     In or about May 2017, Raju Vaswani approached Mr. Bhatia seeking to have Vaswani's son, Defendant Karan Vaswani, become an employee and/or owner in MedValue.

39.     Mr. Bhatia refused that proposal.

40.     On or about June 23, 2017, Raju Vaswani met with Mr. Bhatia at MedValue's offices in Oak Brook, Illinois.

41.     During that meeting, Raju Vaswani again demanded that Karan Vaswani be made an employee or partner of MedValue, demanding 25% of all incoming revenue to be provided to Karan Vaswani. Mr. Bhatia again refused.

42.     During that same meeting, Raju Vaswani threatened Mr. Bhatia that, if he continued to refuse, Raju Vaswani and Karan Vaswani would form a competing business with the express purpose of drawing customers away from MedValue and its MV Outsourcing service.

43.     Thereafter, and unbeknownst to Mr. Bhatia, Raju Vaswani and Karan Vaswani followed through on that threat.

44.     Upon information and belief, Raju Vaswani and Karan Vaswani registered the corporate entity MV Outsourcing, Inc. with the Illinois Secretary of State.

45.     MV Outsourcing, Inc. does business under the name "Task Genie."

46.     Karan Vaswani and, upon information and belief, Raju Vaswani, then created a new domain task-genie.com - for the express purpose of drawing business away from MedValue.

47.     Karan Vaswani and, upon information and belief, Raju Vaswani, also created a new domain - mvoutsourcing.com - for the express purpose of drawing business away from MedValue.

48.     Over the years, MedValue, through Mr. Bhatia and Raju Vaswani, has spent approximately $1,000,000.00 on and Google and other search engine marketing campaigns, developing and testing various advertising keywords, developing and testing various advertising messages, search terms, language, and strategies to attract business to MedValue and its service, MV Outsourcing, including extensive use of search engine optimization ("SEO") techniques.

49.     At the time of filing, the SEO and Google campaigns that were formerly directing business to MedValue's MV Outsourcing domain (data-entry-services.com and medvaluebpo.com), are now instead directing potential customers to task-genie.com.

50.     That diversion of potential customers through search results is a direct result of Raju Vaswani re-purposing and re-directing MedValue's SEO and Google campaigns to divert business to Task Genie – MedValue's direct competitor.

51.     In other words, Raju Vaswani has taken the very methods by which MedValue and its MV Outsourcing service appeared at the top of search engine Google Adwords results and instead converted those methods to benefit Task Genie instead.

52.     Further, both Mr. Bhatia and Raju Vaswani have credit cards that are ultimately paid by MedValue.

53.     For many years and to date, Raju Vaswani uses one of his credit card to pay the monthly marketing costs of MedValue which, in part, led directly to MedValue and its service appearing at the top of search engine results.  At all relevant times, the charges to this credit card are paid by MedValue.

54. In the past year, the marketing charges to Raju Vaswani's credit card have largely remained at a consistent (and high) level. Mr. Bhatia has recently learned, however, that those funds are *not* being paid towards MedValue's marketing efforts.

55. Instead, charges paid by MedValue are being used to market businesses owned and operated by Raju Vaswani and Karan Vaswani, including MV Outsourcing, Inc. and Task Genie – i.e., the direct competitors of MedValue.

56. Further, Raju Vaswani has attempted to, and has succeeded in various instances, of redirecting customer inquiries away from Mr. Bhatia to himself, for the sole purposes of redirecting those customers to Raju Vaswani's and Karan Vaswani's business(es), to MedValue's direct detriment, by frequently stopping and/or interfering with MedValue's advertising campaigns, and running campaigns for competing business MV Outsourcing Inc (Task-Genie) instead.

**MV Outsourcing, Inc. and Karan Vaswani's Infringement of Plaintiff's Trademarks**

57. Prior to forming MV Outsourcing, Inc., Karan Vaswani prepared proposed "improved" marketing materials with a "newly created logo" for MedValue. The marketing materials were provided to Mr. Bhatia by Raju Vaswani via email on or about May 26, 2017, with Raju Vaswani identifying Karan Vaswani as the author. A copy of the marketing materials is attached hereto as Exhibit C.

58. A notice at the bottom of the marketing materials indicates:

(c) 2017 MedValue Offshore Solutions, Inc. All Rights Reserved. This document contains unpublished, confidential and proprietary information of MedValue Offshore Solutions, Inc. Herein, MedValue Offshore Solutions, Inc., or its Employees, Directors, Partners, Consultants, Sub-Contractors are collectively known as ("MedValue"). Any unauthorized use, reproduction or transfer of this document without the express written consent of MedValue Offshore Solutions, Inc. is strictly prohibited.

59.     Upon information and belief, Raju Vaswani and Karan Vaswani control the domain mvoutsourcing.com.

60.     The home page of the mvoutsourcing.com website displays the name "MV Outsourcing" in connection with the promotion, marketing and sale of services that directly compete with MedValue's services. The website also displays a logo that is identical to the one Karan Vaswani used in the marketing materials that Raju Vaswani proposed for MedValue to use. (*See* Exhibit D, attached hereto.).

61.     However, the copyright notice at the bottom of the webpage indicates that webpage, which uses MedValue's "MV Outsourcing" trademark and the logo proposed for MedValue, is the copyrighted work of "MV Outsourcing" which, upon information and belief, is MV Outsourcing, Inc. d/b/a Task Genie.

62.     The phone number that is displayed on the webpage is *not* a MedValue phone number. Upon information and belief, that phone number is owned and controlled by Raju Vaswani and Karan Vaswani and used for the express purpose of directing business away from Plaintiffs and to Task Genie.

63.     MedValue did not give permission to MV Outsourcing, Inc., Raju Vaswani, or Karan Vaswani to use the "MV Outsourcing" mark in connection with the marketing or sale of MV Outsourcing, Inc.'s directly competing services.

64.     The appearance and overall impression of the "MV Outsourcing" mark used by Defendants is identical to the MedValue's "MV Marks."

65.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani use the "MV Outsourcing" mark in interstate commerce in connection with the sale, offer for sale and marketing of its competing services.

66.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's wrongful use of the "MV Outsourcing" mark is likely to cause confusion, deception or mistake in the minds of consumers in the marketplace.

67.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's  wrongful use of the "MV Outsourcing" mark constitutes a willful violation of MedValue's trademark rights in the "MV Outsourcing" mark.

68.     Upon information and belief, Raju Vaswani and Karan Vaswani authorized, directed, and participated in the infringement of the "MV Outsourcing" mark, and they direct and control the mvoutsourcing.com domain. Therefore, they are also liable for the acts of infringement and unfair competition set forth above.

69.     In particular, Raju Vaswani and Karan Vaswani are believed to be the owners and directors, and/or officers of MV Outsourcing Inc.

70.     MV Outsourcing, Inc. is the alter ego of Defendants Raju Vaswani and Karan Vaswani, and is under the direct control of them.

71.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani have attempted to capitalize on MedValue's long-standing reputation by using MedValue's trademark on its website without permission.

### MedValue is Entitled to Injunctive Relief

72.     MedValue is likely to succeed on its claims of unfair competition on the merits.

73.     MedValue is likely to suffer irreparable injury if preliminary relief is denied.

74.     The balance of equities tips in MedValue's favor.

75.     An injunction would serve the public interest.

## LEGAL CAUSES OF ACTION

### COUNT I
### (Unfair Competition Claim under 15 U.S.C. § 1125(a) as to all Defendants)

76.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 76 of Count I.

77.     Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

78.     Because Plaintiff and Raju Vaswani are 50/50 owners in MedValue, a majority of the MedValue's directors, by definition, could not have exercised disinterested business judgment in responding to a demand and thus any such demand to Defendant would have been futile.

79.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark is likely to cause confusion, mistake and deception among consumers of MedValue and MV Outsourcing, Inc.'s services.

80.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark to promote, market or sell its services in direct competition with MedValue's services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

81.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's  unfair competition has caused, and will continue to cause, damage to MedValue, and is causing irreparable harm to MedValue for which there is no adequate remedy at law.

82.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani have caused, and will continue to cause, immediate and irreparable injury to MedValue, including injury to MedValue's business, reputation and goodwill, for which there is no adequate remedy at law. MedValue is therefore entitled to an injunctive relief under 15 U.S.C. § 1116 restraining MV

Outsourcing, Inc., its agents, employees, representatives, and Raju Vaswani and Karan Vaswani, and all persons acting in concert with MV Outsourcing, Inc. and Raju Vaswani and Karan Vaswani, from using the "MV Outsourcing" mark, and any other mark that is confusingly similar to MedValue's "MV Outsourcing" mark, in connection with marketing services compete with MedValue's data entry services.

83. Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover from MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani the damages sustained by MedValue as a result of MV Outsourcing, Inc.'s acts in violation of 15 U.S.C. § 1125(a). MedValue is at present unable to determine the full extent of the monetary damages it has sustained by reasons of MV Outsourcing, Inc.'s acts.

84. Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover from MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani the ill-gotten gains, profits and advantages that MV Outsourcing, Inc. has obtained as a direct result of MedValue's acts in violation of 15 U.S.C. § 1125(a). MedValue is at present unable to ascertain the full extent of the gains, profits and advantages MedValue has obtained by reason of MedValue's acts.

85. Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover the costs of this action. Moreover, MedValue is informed and believes, and on that basis alleges, that MV Outsourcing, Inc.'s, Raju Vaswani's, and Karan Vaswani's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling MedValue to recover additional damages and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani on Count I of his

Complaint; for an award, jointly and severally against MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani, in favor of Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc.; for all of MV Outsourcing, Inc.'s, Raju Vaswani's, and Karan Vaswani's profits and damages sustained by MedValue, pursuant to 15 U.S.C. § 1117; for an award of applicable prejudgment and post judgment interest; for an award to Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc., for its reasonable attorneys' fees and costs of suit; and for an award to MedValue of all such other and further such relief as the Court may deem just and proper.

## COUNT II
### (Unfair Competition Claim under Common Law as to all Defendants)

86.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 86 of Count II.

87.     Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

88.     Because Plaintiff and Raju Vaswani are 50/50 owners in MedValue, a majority of the MedValue's directors, by definition, could not have exercised disinterested business judgment in responding to a demand and thus any such demand to Defendant would have been futile.

89.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark is likely to cause confusion, mistake and deception among consumers of MedValue's and MV Outsourcing, Inc.'s (d/b/a/ Task Genie) services.

90.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark to promote, market or sell its services in direct competition with MedValue's services constitutes unfair competition under State common law.

91.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani's unfair competition has caused, and will continue to cause, damage to MedValue, and is causing irreparable harm to MedValue for which there is no adequate remedy at law.

92.     MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani have caused, and will continue to cause, immediate and irreparable injury to MedValue, including injury to MedValue's business, reputation and goodwill, for which there is no adequate remedy at law. MedValue is therefore entitled to an injunction restraining MV Outsourcing, Inc., its agents, employees, representatives, Raju Vaswani, Karan Vaswani, and all persons acting in concert with MV Outsourcing, Inc., from using the "MV Outsourcing" mark, and any other mark that is confusingly similar to MedValue's "MV Outsourcing" mark, in connection with marketing services compete with MedValue's data entry services.

93.     MedValue is further entitled to recover damages from MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani on Count II of his Complaint; for an award, jointly and severally, against MV Outsourcing, Inc., Raju Vaswani, and Karan Vaswani, in favor of Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc.; for an award of all of MV Outsourcing, Inc.'s, Raju Vaswani's, and Karan Vaswani's profits and damages sustained by MedValue; for an award of applicable prejudgment and post judgment interest; for an to Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc., for reasonable attorneys' fees and costs of suit; and for an award to MedValue for all other and further such relief as the Court may deem just and proper.

<u>**COUNT III**</u>
**(Breach of Raju Vaswani's Fiduciary Duty to Sunil Bhatia)**

94.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 94 of Count III.

95.     At all relevant times, Plaintiff and Defendant Raju Vaswani created and acted in a fiduciary relationship of great trust as joint venturers and/or partners in a closely held corporation to operate MedValue for profit.

96.     Defendant Raju Vaswani violated his fiduciary relationship with Plaintiff by, among other things:

      a.  Creating MV Outsourcing, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

      b.  Disclosing and misusing MedValue's SEO codes and Google campaigns for the benefit of MV Outsourcing Inc and/or Task Genie and not MedValue;

      c.  Disclosing and misusing MedValue's Google Adwords, Google Advertising messages, Google Advertising pricing, and Google campaigns for the benefit of MV Outsourcing, Inc. and other unknown entities, and not MedValue;

      d.  Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

      e.  Redirecting customer and potential customer inquiries intended for Plaintiff to instead go to Raju or Karan Vaswani for the benefit of a competing business.

97.     As a direct and proximate result of Defendant Raju Vaswani's breaches of the fiduciary duties he owed to Plaintiff as a partner in their closely held corporation, Plaintiff has suffered damages in an amount to be proven at trial, but exceeding $100,000.

98.     Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count III of his Complaint; for the

entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

## COUNT IV
### (Breach of Raju Vaswani's Fiduciary Duty to MedValue)

99.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 99 of Count IV.

100.    Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

101.    Because Plaintiff and Raju Vaswani are 50/50 owners in MedValue, a majority of the MedValue's directors, by definition, could not have exercised disinterested business judgment in responding to a demand and thus any such demand to Defendant would have been futile.

102.    At all relevant times, Defendant Raju Vaswani created and acted in a fiduciary relationship of great trust as a 50% owner and CEO of MedValue, a closely held corporation.

103.    Defendant Raju Vaswani violated his fiduciary relationship to MedValue by, among other things:

   a. Creating MV Outsourcing, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

   b. Disclosing and misusing MedValue's Google Adwords, Google Advertising messages, Google Advertising pricing, and Google campaigns for the benefit of MV Outsourcing Inc., and other unknown entities, and not MedValue;

     c. Disclosing and misusing MedValue's SEO codes and Google campaigns for the benefit of MV Outsourcing Inc and/or Task Genie and other unknown entities, and not MedValue;

     d. Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

     e. Redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Raju or Karan Vaswani for the benefit of a competing business.

104.    As a direct and proximate result of Defendant Raju Vaswani's breaches of the fiduciary duties he owed to MedValue, MedValue has suffered damages in an amount to be proven at trial, but exceeding $100,000.

105.    Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for entry of judgment and relief against Raju Vaswani on Count IV of his Complaint; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

### COUNT V
**(Breach of Raju Vaswani's Duty of Loyalty to Bhatia)**

106.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 106 of Count V.

107.    As MedValue's CEO and as a 50% owner of MedValue, Defendant Raju Vaswani at all times owed a duty of loyalty to Plaintiff, as a 50% owner of MedValue, to not exploit his position for his personal benefit, to not engage in self-dealing, to not treat Plaintiff unfairly or without the utmost good-faith, to not directly compete with MedValue whether individually or

with others, to not steer corporate opportunities to himself or others, and not to undermine MedValue's ability to continue its business successfully.

108.    Defendant Raju Vaswani breached his duties of loyalty to Plaintiff by, among other things:

a.  Creating MV Outsourcing, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

b.  Disclosing and misusing MedValue's SEO codes and Google campaigns for the benefit of MV Outsourcing Inc and/or Task Genie and other unknown entities, and not MedValue;

c.  Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

d.  Engaging in self-dealing by, among other things, redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Raju or Karan Vaswani for the benefit of a competing business.

109.    As a direct and proximate result of Defendant Raju Vaswani's breaches of his duties of loyalty he owed to Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial, but exceeding $100,000.

110.    Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Defendant Raju Vaswani on Count V of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and such other and further relief as this Court may deem appropriate.

## COUNT VI
### (Breach of Raju Vaswani's Duty of Loyalty to MedValue)

111. Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 111 of Count VI.

112. Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

113. Because Plaintiff and Raju Vaswani are 50/50 owners in MedValue, a majority of the MedValue's directors, by definition, could not have exercised disinterested business judgment in responding to a demand and thus any such demand to Defendants would have been futile.

114. As MedValue's CEO and as a 50% owner of MedValue, Defendant Raju Vaswani at all relevant times owed a duty of loyalty to MedValue, as a 50% owner of MedValue, to not exploit his position for his personal benefit, to not engage in self-dealing, to not directly compete with MedValue whether individually or with others, to not steer corporate opportunities to himself or others, and not to undermine MedValue's ability to continue its business successfully.

115. Defendant Raju Vaswani breached his duty of loyalty to MedValue by, among other things:

    a. Creating MV Outsourcing, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

    e. Disclosing and misusing MedValue's Google Adwords, Google Advertising messages, Google Advertising pricing, and Google campaigns for the benefit of MV Outsourcing Inc., and other unknown entities, and not MedValue;

    b. Disclosing and misusing MedValue's SEO codes and Google campaigns for the benefit of MV Outsourcing Inc and/or Task Genie and other unknown entities, and not MedValue;

c.  Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

d.  Engaging in self-dealing by, among other things, redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Raju or Karan Vaswani for the benefit of a competing business.

116.   As a direct and proximate result of Defendant Raju Vaswani's breaches of the duties of loyalty he owed to MedValue, MedValue has suffered damages in an amount to be proven at trial, but exceeding $100,000.

117.   Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Defendant Raju Vaswani on Count VI of his Complaint; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and such other and further relief as this Court may deem appropriate.

<u>**COUNT VII**</u>
**(Conversion as to Raju Vaswani)**

118.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 118 of Count VII.

119.   As further set forth above, Defendant Raju Vaswani knowingly and intentionally wrongfully converted for his own benefit, and to the detriment of Plaintiff, monies and other assets belonging to Plaintiff.

120.   Plaintiff has a right to such monies and assets by way of his entitlement to ownership in MedValue.

121.     Plaintiff's rights to possess a share of the above-referenced items is absolute and unconditional.

122.     Defendant Raju Vaswani has wrongfully and illegally exercised exclusive control and dominion over those monies and assets.

123.     As a direct and proximate result of Defendant Raju Vaswani's various wrongful acts of conversion, Plaintiff has suffered and will continue to suffer significant monetary damages, in an amount to be more fully proven through discovery and trial, and in excess of at least $100,000.00.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count VII of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an Order requiring Defendant Raju Vaswani to immediately return all of the assets and monies that he has misused, misdirected, or failed to turn over to Plaintiff; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for all such other and further relief as this Court may deem appropriate.

## COUNT VIII
### (Declaratory Judgment, pursuant to 735 ILCS 5/2-701, as to Raju Vaswani)

124.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 75, above, as though fully set forth herein as Paragraph 124 of Count VIII.

125.     As of MedValue's formation, Mr. Bhatia and Raju Vaswani were 50/50 owners in MedValue.

126.     In or about early 2006, Raju Vaswani approached Mr. Bhatia regarding a potential purchase of 10% of Bhatia's ownership in MedValue.

127.     More specifically, Raju Vaswani wanted to "buy out" that 10% ownership interest by paying Mr. Bhatia money in exchange for that ownership right.

128.     Although Mr. Bhatia initially agreed to such a buy out of his 10% ownership in MedValue, Raju Vaswani never paid any monies towards that buy out or otherwise provided any other form of consideration for it.

129.     Accordingly, Mr. Bhatia and Raju Vaswani remain equal, 50/50 co-owners of MedValue.

130.     Despite that fact, Raju Vaswani has taken the position, in documents and otherwise, that the sale of Mr. Bhatia's 10% share was consummated and Mr. Bhatia only owns 40% of MedValue.

131.     Raju Vaswani has thus taken a 60% share of profits, despite the lack of consideration for the additional 10% of Mr. Bhatia's ownership.

132.     As such, there is a real and actual controversy between the parties as to Raju Vaswani's ownership of Mr. Bhatia's 10% ownership in MedValue.

133.     Mr. Bhatia is an interested party in the controversy as he alleges the deal to sell his 10% ownership is void for lack of consideration and thus he remains a 50/50 owner in MedValue with Raju Vaswani.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count VIII of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani and declaring the parties 50/50 owners in MedValue; for an Order requiring Defendant Raju Vaswani to immediately return 10% of all salaries and profits he has paid from MedValue to himself under his claim to 10% ownership of Plaintiff ownership in MedValue; for an award of compensatory

damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for all such other and further relief as this Court may deem appropriate.

### JURY DEMAND

Plaintiffs demand a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: April 3, 2018                    RESPECTFULLY SUBMITTED,

By: /s/ Michael I. Leonard
    Michael I. Leonard
    LEONARDMEYER LLP
    120 North LaSalle, Suite 2000
    Chicago, Illinois 60602
    (312) 380-6559 (direct)
    mleonard@leonardmeyerllp.com

# Exhibit A

**MV OUTSOURCING** Leading Data Entry Services Company

phone: [1-877-528-1683](#)

[Menu](#) ☐

- [Home](#)
- [About Us](#)
- [Services](#)
  - [Online Data Entry into Client systems](#)
  - [Business Rules Based Data Processing](#)
  - [Online Document Management](#)
  - [Accurate Data Mining, Research, Data Entry and Verification](#)
  - [Scanning and Indexing](#)
  - [Handling all mailroom functions](#)
- [Key Projects](#)
  - [Image Review of License Plates](#)
  - [Online and Offline Data Entry of Restaurant Menus](#)
  - [Online Coupon Data Mining and Data Entry](#)
  - [Data Entry of Surveys](#)
  - [Sales and Financial Reports Data Entry](#)
  - [Data Entry of Registrations Cards](#)
  - [Catalog Data Entry and Processing](#)
  - [HCFA and UB Claim Forms Data Capture and Conversion to EDI](#)
- [Testimonials](#)
- [Contact](#)
- [Sitemap](#)

1.
2.
3.
4.



**Contact Us**

Our Services:

Phone Number: [1-877-528-1683](#)

## E-Commerce Data Capture and Processing

Name*

Accurate Data Capture directly into your E-Commerce System – Product Data, Orders and Invoices.

Email*

Phone*

[read more](#)

Submit inquiry

"I have to admit that I was skeptical about this offshore thing, especially when you mentioned that you can capture data from paper forms faster, cheaper and better than we could do in house. But now I want to thank you and your staff. You have succeeded in delivering more than you promised."

**President of a Client Company**
**in the Midwest**

## Featured Projects

- Medical Claims (CMS-1500, UB-04, & ADA) to EDI
- License Plate/Toll Transaction Image Review
- Auto Crash Reports & Loan Forms Data Entry
- Document Conversion (PDF-XML, PDF-Excel)

- Coupons & Rebate Data Entry
- Web Research & Data Mining
- Catalog Data Entry
- Surveys & Lead Data Entry

MV Outsourcing is a service of MedValue

An Inc. 500 Company. MedValue, Regency Towers, 1415 W 22nd Street, Tower Floor, Oak Brook, IL 60523.
Phone: (630) 299-7370, Fax: (630) 839-2603, Email: data-entry@medvaluebpo.com

- 
- 

© 2003-2018 MedValue Offshore Solutions Inc. All Rights Reserved. Sitemap

MV OUTSOURCING Leading Data Entry Services Company

phone: 1-877-528-1683

Menu

- Home
- About Us
- Services
  - Online Data Entry into Client systems
  - Business Rules Based Data Processing
  - Online Document Management
  - Accurate Data Mining, Research, Data Entry and Verification
  - Scanning and Indexing
  - Handling all mailroom functions
- Key Projects
  - Image Review of License Plates
  - Online and Offline Data Entry of Restaurant Menus
  - Online Coupon Data Mining and Data Entry
  - Data Entry of Surveys
  - Sales and Financial Reports Data Entry
  - Data Entry of Registrations Cards
  - Catalog Data Entry and Processing
  - HCFA and UB Claim Forms Data Capture and Conversion to EDI
- Testimonials
- Contact
- Sitemap

# About Us

MV Outsourcing, a service of MedValue, is a leading provider of Data Entry and Data Mining Services worldwide. We work for customers in various industries by reducing their costs and improving efficiencies within their organizations. We combine the expertise of our U.S. based Management Team and the talents of our staff in the U.S. and Offshore to collaborate with our customers.

With deep business process expertise and proven track record, we help our clients grow revenue and profits without hassles of hiring and/or managing staff. Our seasoned Management team brings significant and relevant experience in solving key business challenges for our clients:

**Raj Vaswani, President & CEO**
Raj has over 25 years of progressive experience at large corporations (IBM, and KPMG Consulting) and small companies in the U.S. and India. Raj's expertise lies in solving critical business problems of Healthcare and Insurance entities. Raj leverages his business process, strategy, and technology experience to cater to clients of MedValue. Raj oversees the overall direction of the company. Raj is an Elec. Engineer from B.I.T.S., Pilani, India and earned his M.B.A. from the Amos Tuck School of Business at Dartmouth College.

**Sunil Bhatia, COO & CTO**
Sunil has over 20 years of experience in Program Management, Operations, and Technology at Microsoft and Unisys. Sunil has extensive background helping clients in the Healthcare and Insurance sectors with their business and technology problems. At Microsoft, Sunil successfully managed complex multi-million dollar projects. He is an Electronics Engineer from Bombay University, India.

We have been providing Business Process Outsourcing Services from 2003.

# Contact us

Phone Number: 1-877-528-1683

| Name* |
|---|
| Email* |
| Phone* |
| Message |

Submit inquiry

Call us today to see how our customers have benefited by partnering with us for their unique project requirements and saved between 40%-60% and improved quality.

1-877-528-1683

**We are Easy to Work with**

Our scalable infrastructure and qualified resources can easily transition processing of your paper forms to MedValue within 10 days. Our Account Manager and project teams will shield you from the mundane and day - to day headaches.

MV Outsourcing is a service of MedValue

An Inc. 500 Company. MedValue, Regency Towers, 1415 W 22nd Street, Tower Floor, Oak Brook, IL 60523.
Phone: (630) 299-7370, Fax: (630) 839-2603, Email: data-entry@medvaluebpo.com

- 
- 

© 2003-2018 MedValue Offshore Solutions Inc. All Rights Reserved. Sitemap

# Exhibit B

## MedValue
# Data Entry Services™

MV Outsourcing Solutions is a service of MedValue. MedValue is the leading outsourcing company in the area of **Data entry**, **Data Processing** and **Data conversion** in various industries such as Healthcare, Financial, Web/eCommerce, Retail, Transportation, and more.

We convert and capture information from **tens of thousands** of **paper forms**, **surveys**, **directories**, **web sites**, **business reply cards**, **records**, **invoices**, **rebates**, **insurance forms**, **index cards** everyday to electronic formats such as Text, CSV, Excel, databases like Microsoft Access, and any custom formats your applications may need, with over **99.5% accuracy** and **1-2 day turn around time**. Our customers enjoy the consistency and reliability that accrues to them by working with MedValue.

Simple and affordable, our service automates your paper forms capture and processing, cuts costs, eliminates the manual data entry, and improves accuracy of paper forms and improving turnaround time. It additionally enhances productivity of your staff by optionally archiving paper forms and attachments to our web-based **Document Management System (DMS)**, for easy Search and Retrieval of paper forms and convenient access anytime.

We also provide low-cost <u>Scanning Services</u> to scan any paper format to an electronic image format of your choice, in addition to data capture and data entry services.

## Are you facing these Challenges?

- Shortage of motivated data entry staff, who can be consistently relied upon
- Overburdened by paper forms and documents because of lack of automation, or in-house scanning capabilities
- Antiquated or inadequate technology platforms
- Rising employee wages and benefit costs
- High volume of paper forms backlogs
- High cost and low reliability from existing vendor

## You can count on us for consistency & reliability

MedValue's Data Entry Services have been designed to specifically address these challenges. The custom solutions enable your business to eliminate paper <u>and</u> populate their applications with information they need, without requiring any manual and mundane data entry.

## Our People & Processes are our Differentiation

Our process is easy to implement. On a daily basis, you simply send us the paper documents, or scan them in-house. We convert the data in the format you need and send it back to you for loading into your applications within 1-2 business days. Our India based operations team ensures top notch quality. We also provide you a Management Information Summary on our web based **Workflow Management System (WMS)** portal, and via daily email status reports so that every paper form or document sent to us and processed by us is accounted for.

## Low Cost & High Value

Our services are very affordable and are a variable cost to you. You do not need any upfront expenses on Hardware, Software or IT staff at your end.

MedValue clients are saving between **40%-60%** off their fully loaded in-house processing costs and enjoying over **99.5%** accuracy by using MedValue's Data Entry Services.

## We are Easy to Work with

Our scalable infrastructure and qualified resources can easily transition processing of your paper forms to MedValue within 10 days. Our Account Manager and project teams will shield you from the mundane and day-to-day headaches.

## You will derive following Benefits

- Eliminate handling of Paper Forms
- Easily Process Data contained in the forms in your applications
- Cut Paper Forms Processing Costs by **40-60%**
- Archive, Search, and easily Retrieve Paper Forms and Attachments from our web based Document Management System
- Reduce long-term paper storage costs
- Improve turnaround times & eliminate backlog

Call us today to see how Healthcare, Financial, eCommerce, and other customers have benefited by partnering with MedValue for their unique paper forms processing needs.

### 1-877-528-1683

**MV Outsourcing Solutions**
*A Service of MedValue*
Regency Towers, 1415 W. 22ⁿᵈ Street, Tower Floor
Oak Brook, IL 60523
Phone: (630) 299-7370, Fax: (630)839-2603
Email: sales@MedValueBPO.com
www.MedValueBPO.com



*More Freedom. More Flexibility. More Profits.*

An **Inc. 500** Company

(c) 2008 MedValue Offshore Solutions, Inc. All Rights Reserved. This document contains unpublished, confidential and proprietary information of MedValue Offshore Solutions, Inc. Herein, MedValue Offshore Solutions, Inc., or its Employees, Directors, Partners, Consultants, Sub-Contractors are collectively known as ("MedValue"). Any unauthorized use, reproduction or transfer of this document without the express written consent of MedValue Offshore Solutions, Inc. is strictly prohibited.

# Exhibit C

# MV OUTSOURCING

## Loan Application Processing

MV Outsourcing is a leading outsourcing company in the areas of online **Data Entry, Data Mining, Data Processing,** and **Data Conversion** to various industries such as Financial Services & Insurance, Healthcare, Web/eCommerce & more. We convert and capture information from **millions of confidential transactions on a monthly basis.**

We provide services to our MCA, Lenders, and Fin-Tech clients to enable them to easily capture data from incoming Loan Applications/Financial Inquiries. For this service, our GateKeeper team monitors the incoming financial inquiry queue. This team ensures that the incoming deals match your basic underwriting criteria, such as FICO score, Industry type, Business Location, etc. If there is any information needed, our team communicates with the Business Partner/ISO and request missing/additional information via Email. If the deal does not match, it's rejected and we inform your Underwriting Team, and/or can directly inform the Business Partner/ISO.

Once the deal does meet our client's basic Underwriting criteria, the deal is passed to our Bank Information Capture Team which will do a detailed review on the deal, and capture all summary and pertinent information from bank statements into your system. Our social team also reviews all major social websites (such as Yelp, Google, Facebook etc.) to see customer reviews and will capture and make that information available to your Underwriting team so that they make informed decisions.

We regularly deliver over **99% accuracy** and faster turnaround of **under a few hours** after the deal is received from the ISO/business partner and all pertinent information is sent to your Underwriting team. Our clients enjoy the **consistency**, **scalability** and **reliability** that accrue to them by working with us.

✔ **LOW COST & HIGH VALUE**
Our services are very affordable and are a variable cost to you. You do not need any upfront expenses on Hardware, Software or IT staff at your end.

Our clients typically save between **40%-60%** of their fully loaded in-house processing costs and enjoy faster deal turnaround by a few hours all with 99% accuracy of processing.

✔ **WE ARE EASY TO WORK WITH**
Our scalable infrastructure and qualified resources can easily transition processing of your business processes to us within a few days. We also provide you Management Information Summary on our web based Workflow Management System (WMS) portal, & via daily email status reports so that every deal sent to us is accounted for, and handled exactly per your business rules/guidelines.

✔ **YOU WILL DERIVE THE FOLLOWING BENEFITS**
- Eliminate delays in handling incoming financial inquiries/deals
- Better and Faster email communications with Business Partners/ISOs,
- Your Underwriting team will be relieved from mundane data entry, so that they can focus on making better decisions quickly.
- Save Processing Costs by **40-60%**
- US Night time support ensures all incoming deals are handled in a timely manner.

## Are you facing these Challenges?

- *Is your Underwriting Team overwhelmed and unable to handle all incoming financial inquiries/deals in a timely manner? Are ISOs being informed in a timely manner?*
- *Do you struggle with providing US Night time or after-hours coverage to ISOs & Partners?*
- *Are you losing ISO deals/business to other lenders & MCAs because of slower turnaround because your current staff gets caught up in mundane tasks?*
- *Are you facing rising employee wages and benefit costs?*

 **1-877-528-1683**

Call us today to see how other Lenders and MCA firms have benefited by partnering with MV Outsourcing for their business loan processing needs.

**MV OUTSOURCING** *A Service of MedValue*


☎ ( 630 ) 299 - 7370          📠 ( 630 ) 839 - 2603
✉ info@mvoutsourcing.com     🌐 www.MVOutsourcing.com
📍 Regency Towers, 1415 W. 22nd St., Tower Flr., Oak Brook, IL 60523

 **MV OUTSOURCING**
Leading Data Entry Services Company

An Inc. **500** Company

(c) 2017  MedValue Offshore Solutions, Inc. All Rights Reserved. This document contains unpublished, confidential and proprietary information of MedValue Offshore Solutions, Inc. Herein, MedValue Offshore Solutions, Inc., or its Employees, Directors, Partners, Consultants, Sub-Contractors are collectively known as ("MedValue"). Any unauthorized use, reproduction or transfer of this document without the express written consent of MedValue Offshore Solutions, Inc. is strictly prohibited.

# Exhibit D



(630) 468-0549

info@mvoutsourcing.com

| INDUSTRIES SERVED | SERVICES |
| --- | --- |



*We support your success!*

*Outsource your key but repetitive & mundane tasks to us and focus on your core business*

### Customer/Partner Support



*Companies like yours work hard to win customers, but in today's competitive, on-demand world, you must work even harder to keep them. Consumer & Partner expectations for quality customer experience continue to rise with little room for error.*

### Content Moderation/Monitoring



*We recognize the importance of content moderation & monitoring in protecting a brand and keeping companies ticking along. We have the processes and teams in place to do so effectively, and what's even better is we do it for a lower cost and faster than in-house teams.*

### Data Mining/Research



*In today's fast moving data-driven business environment, the world runs on data. Your team at MVO researches, verifies and analyzes data for you, our clients, to help ensure accuracy and quality while at the same time maintaining cost low and doing so with extreme speed.*

© 2017 by MV Outsourcing