IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, <br><br> Defendants. | Case No. 18 CV 2387 <br><br> Judge Dow |

**JOINT INITIAL STATUS REPORT**

NOW COME Plaintiff/Counter-Defendant, Sunil Bhatia, individually and derivatively on behalf of MedValue Offshore Solutions, Inc., Defendant/Counter-Plaintiff/Third-Party Plaintiff, Raju Vaswani, individually and derivatively on behalf of MedValue Offshore Solutions, Inc., Defendants, Karan Vaswani and MV Outsourcing Inc., and Third-Party Defendant, Varsha Bhatia, by and through their undersigned counsel, and for their Joint Initial Status Report, state as follows:

**I.** **The Attorneys of Record for Each Party, including the Attorney(s) Expected to Try the Case**

For Plaintiff/Counter-Defendant, Sunil Bhatia ("Sunil"), individually and derivatively on behalf of MedValue Offshore Solutions, Inc., and Third-Party Plaintiff, Varsha Bhatia ("Varsha"):

Michael I. Leonard, lead trial counsel
Madelaine Thomas
LeonardMeyer LLP

120 North LaSalle, Suite 2000
Chicago, Illinois 60602

For Defendant/Counter-Plaintiff/Third-Party Plaintiff, Raju Vaswani ("Raju"), individually and derivatively on behalf of MedValue Offshore Solutions, Inc.:

Thomas A. Christensen, lead trial counsel
Jenna N. Wadulak
Huck Bouma PC
1755 S. Naperville Rd., Suite 200
Wheaton, Illinois 60189

For Defendants, Karan Vaswani ("Karan") and MV Outsourcing, Inc. ("MV Outsourcing"):

Timothy D. Elliott, lead trial counsel
Christopher R. Claybough
Rathje & Woodward LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187

## II. The Basis for Federal Jurisdiction

Sunil alleges that this Court has exclusive jurisdiction under 28 U.S.C. § 1331, because he, individually and derivatively on behalf of MedValue Offshore Solutions, Inc., is asserting a single claim under the Lanham Act, 15 U.S.C. § 1125(a) (Count I), and that this Court also has supplemental jurisdiction over the remaining state claims (Counts II-VIII) pursuant to 28 U.S.C. § 1367(a). Raju disputes the existence of supplemental jurisdiction.

## III. The Nature of the Claims Asserted in the Complaint and any Counterclaim

This matter is a re-filing of a state court case that was voluntarily dismissed by Sunil. Sunil and Raju are shareholders of MedValue Offshore Solutions, Inc. ("MedValue"). Sunil has asserted claims, individually and derivatively on behalf of MedValue, against Raju, Karan and MV Outsourcing.

The gist of Sunil's claims is that Raju, in conjunction with his son, Karan, has, *inter alia*, allegedly usurped MedValue's intellectual property and data, and converted and usurped its business opportunities. The Defendants deny the material allegations.

Raju, individually and derivatively on behalf of MedValue, has asserted counterclaims against Sunil, and claims against Varsha, alleging, *inter alia*, that Sunil along with his wife, Varsha, has misused MedValue resources for his real estate business and otherwise usurped MedValue's intellectual property. Sunil and Varsha deny the material allegations.

In addition, there is a dispute between Sunil and Raju with respect to their respective ownership interests in MedValue. There is also a dispute between Sunil and Karan and MV Outsourcing. Sunil contends that a business operated by Karan (which used to be called MV Outsourcing) wrongly usurped MedValue's intellectual property.

**IV.    The Name of any Party who or which has not been Served, and any Fact or Circumstance related to Non-Service of Process on Such Party.**

None.

**V.    The Principal Legal and Factual Issues**

The extent to which any party has converted or misused MedValue's resources or intellectual property, the respective ownership interests of Sunil and Raju in MedValue, and the amount of damages, if any, suffered by Sunil.

**VI.    Whether a Jury Trial has been Demanded by any Party**

Sunil has requested a trial by jury.

**VII.    The Status of Discussions Involving Mandatory Initial Discovery Responses, including any Resolved and Unresolved Issues regarding it**

The parties are working to complete their respective Mandatory Initial Discovery Responses, but have not to date had any discussions relating to same.

## VIII. A Short Description of any Discovery Taken To-Date and Anticipated in the Future

No discovery has been completed to date. The parties anticipate written and oral discovery. The number of depositions expected is undetermined at this time. The parties have not determined whether expert witness testimony is expected.

*The parties propose the following discovery schedule:*

A. Initial party written discovery to be propounded by July 15, 2018; and,

B. All fact discovery to be completed by March 1, 2019.

Sunil and/or Varsha may be filing a motion or partial motion to dismiss certain of the counterclaims. Raju may be filing a motion based upon jurisdictional issues. The parties may file summary judgment motions, and Karan anticipates filing a motion for summary judgment at or near the outset of fact discovery.

## IX. The Earliest Date the Parties would be Ready for Trial and the Estimated Length of Trial

The parties have not yet determined the earliest date they would be ready for trial or the estimated length of such trial.

## X. Whether the Parties Unanimously Consent to Proceed before the Magistrate Judge

The parties do not consent to proceed before the Magistrate Judge.

## XI. The Status of any Settlement Discussions

The parties have not engaged in substantive settlement discussions.

## XII. Whether the Parties Request a Settlement Conference

Raju, Karan and MV Outsourcing request a settlement conference at the earliest possible opportunity.

4

**RESPECTFULLY SUBMITTED,**

By: s/Michael I. Leonard
    **Counsel for Mr. and Mrs. Bhatia**
    Michael I. Leonard
    Madelaine Thomas
    **LEONARDMEYER LLP**
    120 North LaSalle, Suite 2000
    Chicago, Illinois 60602

By: s/Thomas Andrew Christensen
    **Counsel for Raju Vaswani**
    Thomas Andrew Christensen
    Jeanna Nicole Wadulak
    **Huck Bouma PC**
    1755 S. Naperville Road
    Suite 200
    Wheaton, IL 60189

By: s/Timothy D. Elliott
    **Counsel for Karan Vaswani**
    Timothy D. Elliott
    Christopher R. Claybough
    **Rathje & Woodward LLC**
    300 East Roosevelt Road
    Suite 300
    Wheaton, IL 60187

## **CERTIFICATE OF FILING AND SERVICE**

I, Jenna N. Wadulak, certify as follows under penalty of perjury this 8th day of June, 2018:

1. I filed the Joint Initial Status Report by filing it with the Clerk of the Court via electronic means on June 8, 2018.

2. I served all parties of record by filing the aforementioned document with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9

3. I made the electronic filing on June 8, 2018.

/s/Jenna N. Wadulak