IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, | ) ) ) ) ) | Case Number: 1:18-cv-2386 Hon. Robert M. Dow, Jr., Presiding |
| Defendants. | ) ) | |
| RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., An Illinois Corporation | ) ) ) ) ) | |
| Counter-plaintiff and Third-party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| SUNIL BHATIA, an individual, | ) ) | |
| Counter-defendant, | ) ) | |
| And | ) ) | |
| VARSHA BHATIA, an individual | ) ) | |
| Third-party Defendant | | |

### RESPONSE TO VARSHA BHATIA'S MOTION TO DISMISS
### COUNTERCLAIM AND THIRD PARTY COMPLAINT

Raju Vaswani (hereinafter "Vaswani"), individually and derivatively on behalf of Medvalue Offshore Solutions, Inc. (hereinafter "Medvalue") by and through his undersigned counsel, for his Response to Motion to Dismiss Counterclaim against Sunil Bhatia (hereinafter

"Bhatia") and his third-party complaint against Varsha Bhatia (hereinafter "V. Bhatia"), states as follows:

## I. FACTS ALLEGED BY VASWANI

Vaswani's Counterclaim and Third Party Complaint alleges, *inter alia*, that Bhatia, "in concert and conspiracy with V. Bhatia" has used equipment and accounts belonging to Medvalue, for the purpose of a real estate business that Bhatia and V. Bhatia operate together. Cnterclm. at ¶¶17-21. Vaswani identifies six (6) items of property and accounts that are in the possession of Bhatia and V. Bhatia (*Id.* at ¶17); he alleges that Bhatia and V. Bhatia are in business together in the real estate field (*Id.* at ¶20); and he alleges that Bhatia and V. Bhatia together have used the business assets of Medvalue in their real estate business (*Id.* at 21).

In Count I, Vaswani alleges a claim for breach of fiduciary duty, and while Vaswani does not claim that V. Bhatia owes any fiduciary duty, he seeks a constructive trust over the assets of Bhatia and V. Bhatia. (Count I, Prayer for Relief, ¶C). He alleges in Paragraph 31 of that Count that V. Bhatia has knowingly received the benefits of the property identified above, and has received profits from the real estate business conducted using Medvalue's business property.

In Count II, Vaswani alleges a civil conspiracy claim against Bhatia and V. Bhatia, based upon his allegation that they entered into an agreement in 2011 to use the business assets of Medvalue for the purpose of their real estate business. Count II at ¶32. He alleges that they both engaged in one or more overt acts in furtherance of the conspiracy, consisting of the operation of the real estate business. *Id.* at ¶33. Among other relief, in this count as well, he seeks imposition of a constructive trust. *Id.*, Prayer for Relief at ¶C.

## II. LAW AND ARGUMENT

### A. Count I of the Third-Party Complaint Properly Pleads a Claim for Constructive Trust

A constructive trust is an equitable remedy, which may be imposed where the person in possession of the property would be unjustly enriched if he or she were permitted to retain that property. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 47, 69 N.E.3d 834, 848, reh'g denied (Oct. 20, 2016). Wrongdoing is not always necessary, and a constructive trust may be imposed even where the person who received the money acted in good faith or is innocent of the wrongdoing. *Chicago Title Ins. Co. v. Sinikovic*, 125 F. Supp. 3d 769, 780 (N.D. Ill. 2015), citing *Smithberg v. Ill. Mun. Ret. Fund*, 735 N.E.2d 560, 566, 192 Ill.2d 291, 248 Ill.Dec. 909 (2000).

*Sinikovik, supra*, is instructive. In that case the primary defendant was an individual who used his position as a mechanics lien administrator to misappropriate construction escrow funds by paying them to a business partly owned by his wife, and to associates who had performed no work on the construction projects at issue. The associates testified that the wrongdoer had told them that the source of the funds was his father's investments and that he was running the funds through their businesses to obtain better tax treatment. As noted above, the court found that "wrongdoing is not always necessary" to impose a constructive trust, and granted summary judgment in favor of Chicago Title on portions of its constructive trust claims. *Id.*

In this case, Varhsa does not challenge Medvalue's allegations that she received the funds from Sunil's wrongdoing, rather, she only argues that since she did not owe fiduciary duties to Medvalue she cannot be a party to Count I. She misunderstands that under the holding in *Sinikovik, supra*, and the cases cited therein, it does not matter whether she individually owed such duties – a constructive trust can be imposed based upon her receipt of the misappropriated funds.

### B. Count II of the Third-Party Complaint Properly Pleads a Claim for Conspiracy

Similar to her argument that she must be dismissed from Count I, Varsha argues that she must be dismissed from Count II on the grounds that she does not owe fiduciary duties to Medvalue. Here again, Varsha misconstrues the nature of the claims against her.

In a civil conspiracy claim, a defendant who understands the general objectives of the conspiratorial scheme, accepts them, and agrees, either explicitly or implicitly to do its part to further those objectives, is liable as a conspirator. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 64, 645 N.E.2d 888, 894 (1994). Once a defendant knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, that defendant may be held liable for *any* tortious act committed in furtherance of the conspiracy. *Id.*

In this case, Vaswani has alleged that Varsha entered into an agreement with Sunil to misappropriate Medvalue's business assets for their real estate business, and that they both committed overt acts in furtherance of that objective. Cnterclm. at ¶32-33. Thus, it is not relevant whether Varsha herself owed fiduciary duties, but rather, that she participated in a conspiracy with Sunil to breach the duties that he owed to Medvalue.

### C. The Authority Cited by Varsha Supports Vaswani's Claim

The single case cited by Varsha actually demonstrates why dismissal is not proper in this case, as it involved denial of a motion to dismiss filed by parties who did not themselves owe fiduciary duties. *Hoffman v. Szyszko*, No. 94 C 2357, 1995 WL 519815, at *7 (N.D. Ill. Aug. 30, 1995).

In *Hoffman*, the counterplaintiff, Szyszko, was a business partner with Hoffman in a silk screening business referred to as M&R. In 1993, unknown to Szyszko, Hoffman went into business with two other individuals, Oliva and Levine, to form a business, Beacon, that entered

into transactions with M&R that were unfavorable to M&R. Oliva and Levine had no affiliation with M&R and owed no fiduciary duties to Szyszko. In 1993, Szysko agreed to sell his shares in M&R to Hoffman, not knowing that the value of M&R was suppressed due to the unfavorable transactions with Beacon.

Among other claims, Szyzszko filed a count for civil conspiracy against Hoffman, Oliva, Levine and Beacon. Just as V. Bhatia argues in this case, Oliva, Levine and Beacon sought dismissal on the grounds that they owed no fiduciary duties. *Id.*

The court denied the motion to dismiss, citing, among other authorities, *Singh v. Curry*, 667 F.Supp. 603, 607 (N.D.Ill.1987). The court found that Szyszko had stated a claim for breach of fiduciary duty, noting that a conspiracy "involves a combination of two or more persons for the purpose of accomplishing through concerted action, either an illegal object or a legal object by an illegal means." *Id.* The court discussed *Singh*, in which the plaintiff had properly alleged that his attorney and others (who owed no fiduciary duties) had conspired to cause the attorney to breach his fiduciary duties to the plaintiff. *Id.* The court noted that having alleged that "Hoffman, Oliva, Levine, and Beacon entered into a conspiracy to cause Hoffman to breach his fiduciary duty to Szyszko", the plaintiff properly pled a claim for conspiracy.

Thus, *Hoffman* actually stands for the direct opposite proposition than the one V. Bhatia advances. Indeed, the holding in *Hoffman* directly demonstrates that it is not necessary that all members of the conspiracy owe fiduciary duties themselves – only that one of them does owe such duties, and that they conspire to cause that person to breach those duties.

Given the fact that the only case she has cited actually shows why Count II does state a cause of action against her, V. Bhatia's Motion to Dismiss Count II must be denied.

### III. CONCLUSION

For each of the reasons stated herein, Vaswani respectfully requests that this Honorable Court deny the Motion to Dismiss filed by Varsha Bhatia, and award him such other and further relief as is equitable and just.

                          Respectfully submitted,

                          By: /s/ Thomas A. Christensen
                               Attorney for Counter-plaintiff

Thomas A. Christensen
Illinois ARDC Number: 6215881
tchristensen@huckbouma.com
Jenna N. Wadulak
Illinois ARDC Number: 6309859
jwadulak@huckbouma.com
Huck Bouma, PC
1755 South Naperville Road
Suite 200
Wheaton, Illinois 60189
(630) 221-1755

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 16th day of August, 2018:

1. I filed *Raju Vaswani's Response to Varsha Bhatia's Motion to Dismiss Counterclaim and Third Party Complaint* by filing it with the Clerk of the Court via electronic means on August 16, 2018.

2. I served *Raju Vaswani's Response to Varsha Bhatia's Motion to Dismiss Counterclaim and Third Party Complaint* by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

/s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\Response to motion to dismiss counterclaim 08.16.18.docx