**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | Case No. 1:18-cv-02387 |
| Plaintiffs, | |
| v. | Honorable Robert M. Dow |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a/ MV OUTSOURCING, INC.), an Illinois Corporation, | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| MEDVALUE OFFSHORE SOLUTIONS, INC., | |
| Nominal Defendant. | |

**VERIFIED SECOND AMENDED COMPLAINT**

Plaintiff, Sunil Bhatia, individually, and derivatively on behalf of MedValue Offshore

Solutions, Inc. ("MedValue"), states as follows as his Verified Second Amended Complaint

("Complaint") against Defendants, Raju Vaswani, Karan Vaswani, and Assivo, Inc. (f/k/a/ MV

Outsourcing, Inc.):

**INTRODUCTION**

1.    Plaintiff MedValue is an Illinois corporation and a leading U.S. based data entry

services company.  It is headquartered in the Chicago area, and for approximately 14 years has

been providing data entry, data capture, and data processing services to clients throughout the

United States.

2.     Sunil Bhatia and Raju Vaswani are 50/50 co-owners of MedValue.  Sunil Bhatia and Raju Vaswani are, and have been since MedValue's inception, the only 2 employees of MedValue.

3.     Sunil Bhatia and Raju Vaswani are, and have been since MedValue's inception, the only 2 members of the Board of Directors of MedValue.

4.     Sunil Bhatia is the Treasurer, Secretary, and Vice President of MedValue. He is also MedValue's Chief Operating Officer and Chief Technology Officer.

5.     Raju Vaswani is the Chairperson of MedValue.  He is also MedValue's President and Chief Executive Officer.

6.     Karan Vaswani is Raju Vaswani's son, and, according to the Illinois Secretary of State's records, the President of Defendant Assivo, Inc.

7.     MedValue owns and has used the trademarks "MV Outsourcing Solutions" and "MV Outsourcing" in connection with its services since at least 2008.

8.     Unbeknownst to Mr. Bhatia, in or about July 2017, Raju Vaswani, along with Karan Vaswani, formed an Illinois corporation named "MV Outsourcing, Inc." to compete directly against MedValue and to usurp its business opportunities.  After this action was filed, on or about April 23, 2018, Defendants Karan Vaswani and/or Raju Vaswani changed the name of MV Outsourcing, Inc. to Assivo, Inc. ("Assivo").

9.     Assivo, Raju Vaswani, and Karan Vaswani have unfairly competed and are unfairly competing with MedValue and have infringed and are infringing upon MedValue's trademarks, by their use of an identical mark ("MV Outsourcing") to promote their own competing and similar services.

10.    In addition, MedValue has also spent large amounts of time, effort, and money developing valuable, confidential and proprietary trade secret information relating to its on-line marketing and advertising strategies, including on-line search engine optimization techniques for directing potential customers to its website.  This trade secret information is used by MedValue to generate significant revenue for MedValue

11.    Assivo, Karan Vaswani and Raju Vaswani have also misappropriated MedValue's trade secrets and, upon information and belief, are using MedValue's confidential and proprietary information and search engine optimization techniques to advertise Assivo's competing services on "Google."   Defendants' improper use of MedValue's valuable, confidential and proprietary information has diverted customers and customer leads from MedValue to Assivo and has given Assivo an unfair advantage in bringing its competing services to market.

12.    Further, and among other wrongdoing, Raju Vaswani has breached his fiduciary duties and duty of loyalty to Mr. Bhatia and MedValue by diverting new business and potential customers away from MedValue and to Assivo.

13.    Among other relief, MedValue seeks damages and injunctive relief arising out of Defendants' wrongful conduct.

## JURISDICTION AND VENUE

14.    This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1331 because MedValue is asserting claims for unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), and trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1831).

15.     This Court also has supplemental jurisdiction over the remaining claims in this Complaint pursuant to 28 U.S.C. § 1367(a).  This action is not a collusive one to confer jurisdiction that this Court would otherwise lack.

16.     This Court can exercise personal jurisdiction over Defendants and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times Defendants regularly and continuously transacted and were doing business within this District.

## PARTIES

17.     Plaintiff, Sunil Bhatia, is a citizen and resident of the Northern District of Illinois who resides in Will County, Illinois.

18.     MedValue Offshore Solutions, Inc. is a corporation organized and existing under Illinois law with its principal place of business located in Oak Brook, Illinois.  Mr. Bhatia has, at all relevant times, been a 50% shareholder in MedValue.

19.     Defendant, Raju Vaswani, is a citizen and resident of the Northern District of Illinois who resides in DuPage County, Illinois.  At all relevant times, Raju Vaswani has been a 50% shareholder in MedValue and has acted as its Chief Executive Officer ("CEO").

20.     Defendant, Karan Vaswani, is a citizen and resident of the Northern District of Illinois who resides in Cook County, Illinois.

21.     Assivo, Inc. is a corporation organized and existing under Illinois law.  Upon information and belief, Assivo, Inc.'s principal place of business is located in Chicago, Illinois.

## FACTUAL BACKGROUND

### MedValue Ownership

22.     In or about October 2003, Mr. Bhatia approached Raju Vaswani regarding a potential joint business venture centered on outsourcing services for customers in the healthcare industry.

23.     Later that year, in or about December 2003, Mr. Bhatia and Raju Vaswani incorporated MedValue Offshore Solutions, Inc. ("MedValue").

24.     Mr. Bhatia and Raju Vaswani were and are equal owners in MedValue pursuant to its incorporating documents.

25.     MedValue was initially solely in the business of utilizing India-based suppliers to provide data entry services to U.S. based healthcare providers.

26.     In or about early 2006, Raju Vaswani approached Mr. Bhatia regarding a potential purchase of 10% of Bhatia's ownership in MedValue.

27.     More specifically, Raju Vaswani wanted to "buy out" that 10% ownership interest by paying Mr. Bhatia money in exchange for that ownership right.

28.     Although Mr. Bhatia initially agreed to such a buy out of his 10% ownership in MedValue, Raju Vaswani never paid any monies towards that buy out or otherwise provided any other form of consideration for it.

29.     Accordingly, Mr. Bhatia and Raju Vaswani remain equal, 50/50 co-owners of MedValue.

### MedValue's Trademarks

30.     For more than fourteen years, MedValue has been providing data entry and data capture services to clients based throughout the United States.

31.     Since its founding in 2003, MedValue has offered its services under the mark "MedValue"

32.     MedValue has owned and operated the website www.medvaluebpo.com since in or about 2004 and markets and promotes its services through that website.

33.     In or about 2006, Mr. Bhatia and Raju Vaswani realized that their data entry outsourcing model, as offered to U.S. based healthcare clients through MedValue, could extend well beyond the healthcare industry.

34.     Mr. Bhatia and Raju Vaswani were concerned, however, that they would not attract potential customers because of the connotation of having "Med" as part of their corporation's name – implying it was purely for businesses in the healthcare space.

35.     Mr. Bhatia and Raju Vaswani therefore registered a second domain name: data-entry-services.com.   MedValue has owned and operated the website www.data-entry-services.com since in or about 2006.

36.     When it began operating the second website, www.data-entry-services.com, MedValue also began offering services under the mark "MV Outsourcing Solutions," as a "service" of MedValue.

37.     Later, in or about 2006, MedValue also began using the mark "MV Outsourcing" in connection with its services as a shortened version of the "MV Outsourcing Solutions" mark.

38.     Indeed, many of MedValue's customers recognize MV Outsourcing as synonymous with MedValue.

39.     Since the inception of the second domain name, the primary driver of new customers to MedValue has been MV Outsourcing's and MedValue's website, www.data-entry-services.com.

40.     Today, MedValue uses and owns rights in the trademarks "MV Outsourcing" and "MV Outsourcing Solution" (the "MV Marks") in connection with its outsourcing services, including data entry, data capture, claims processing services, among others.

41.     MedValue uses the MV Marks in interstate commerce in connection with the sale, offer for sale, and marketing of its data entry and claims processing services.

42.     MedValue uses the MV Marks on both of its websites and in other marketing materials for its services.  Copies of pages from the websites showing MedValue's use of the MV Marks are attached hereto as Exhibit A.  A copy of a marketing brochure that can be downloaded from MedValue's domain (medvaluebpo.com) showing MedValue's use of the MV Marks is attached hereto as Exhibit B.

### Assivo, Inc. (f/ka/ MV Outsourcing, Inc.) d/b/a TaskGenie

43.     In or about May 2017, Raju Vaswani approached Mr. Bhatia seeking to have Vaswani's son, Defendant Karan Vaswani, become an employee and/or owner in MedValue.

44.     Mr. Bhatia refused that proposal.

45.     On or about June 23, 2017, Raju Vaswani met with Mr. Bhatia at MedValue's offices in Oak Brook, Illinois.

46.     During that meeting, Raju Vaswani again demanded that Karan Vaswani be made an employee or partner of MedValue, demanding 25% of all incoming revenue to be provided to Karan Vaswani.  Mr. Bhatia again refused.

47.     During that same meeting, Raju Vaswani threatened Mr. Bhatia that, if he continued to refuse, Raju Vaswani and Karan Vaswani would form a competing business with the express purpose of drawing customers away from MedValue and its MV Outsourcing service.

48.     Thereafter, and unbeknownst to Mr. Bhatia, Raju Vaswani and Karan Vaswani followed through on that threat.

49.     Upon information and belief, on or about June 7, 2017, Raju Vaswani and Karan Vaswani registered the corporate entity MV Outsourcing, Inc. with the Illinois Secretary of State.

50.     Prior to changing its name to Assivo, Inc., MV Outsourcing, Inc. registered "TaskGenie" as an assumed name with the Illinois Secretary of State's Office.  MV Outsourcing, Inc. did and still does business under the name "TaskGenie."

51.     Karan Vaswani and, upon information and belief, Raju Vaswani, then created a new domain - task-genie.com - for the express purpose of drawing business away from MedValue.

52.     Karan Vaswani and, upon information and belief, Raju Vaswani, also created a new domain - mvoutsourcing.com - for the express purpose of drawing business away from MedValue.

**Defendants' Infringement of MedValue's Trademarks**

53.     Prior to forming MV Outsourcing, Inc. (now Assivo, Inc.), Karan Vaswani prepared proposed "improved" marketing materials with a "newly created logo" for MedValue. The marketing materials were provided to Mr. Bhatia by Raju Vaswani, via email, on or about May 26, 2017, with Raju Vaswani identifying Karan Vaswani as the author.  A copy of the marketing materials is attached hereto as Exhibit C.

54.     A notice at the bottom of the marketing materials indicates:

(c) 2017 MedValue Offshore Solutions, Inc. All Rights Reserved. This document contains unpublished, confidential and proprietary information of MedValue Offshore Solutions, Inc. Herein, MedValue Offshore Solutions, Inc., or its Employees, Directors, Partners, Consultants, Sub-Contractors are collectively known as ("MedValue"). Any unauthorized use, reproduction or transfer of this document without the express written consent of MedValue Offshore Solutions, Inc. is strictly prohibited.

55.     Upon information and belief, Raju Vaswani and Karan Vaswani control the domain mvoutsourcing.com.

56.     The home page of the mvoutsourcing.com website displayed the name "MV Outsourcing" in connection with the promotion, marketing and sale of services that directly competes with MedValue's services.  The website also displayed a logo that is identical to the one Karan Vaswani used in the marketing materials that Raju Vaswani proposed for MedValue to use.  (*See* Exhibit D, attached hereto.).

57.     However, the copyright notice at the bottom of the webpage shown in Exhibit D indicates that webpage, which uses MedValue's "MV Outsourcing" trademark and the logo proposed for MedValue, is the copyrighted work of "MV Outsourcing" which, upon information and belief, is Assivo, Inc. d/b/a Task Genie.

58.     The phone number displayed on the webpage shown in Exhibit D is *not* a MedValue phone number.  Upon information and belief, that phone number is owned and controlled by Raju Vaswani and Karan Vaswani and used for the sole and express purpose of directing business away from Plaintiff MedValue and to Assivo, Inc., d/b/a Task Genie.

59.     MedValue did not give permission to Assivo, Inc., Raju Vaswani, or Karan Vaswani to use the "MV Outsourcing" mark in connection with the marketing or sale of MV Outsourcing, Inc.'s directly competing services.

60.     The appearance and overall impression of the "MV Outsourcing" mark used by Defendants is identical to the MedValue's "MV Marks."

61.     Assivo, Inc., Raju Vaswani, and Karan Vaswani have used and use the "MV Outsourcing" mark in interstate commerce in connection with the sale, offer for sale, and marketing of its competing services.

62.     Assivo, Inc., Raju Vaswani, and Karan Vaswani's wrongful use of the "MV Outsourcing" mark was and is likely to cause confusion, deception or mistake in the minds of consumers in the marketplace.

63.     Assivo, Inc., Raju Vaswani, and Karan Vaswani's wrongful use of the "MV Outsourcing" mark constitutes a willful violation of MedValue's trademark rights in the "MV Outsourcing" mark.

64.     Upon information and belief, Raju Vaswani and Karan Vaswani authorized, directed, and participated in the infringement of the "MV Outsourcing" mark, and they direct and control the mvoutsourcing.com domain.    Therefore, they are also liable for the acts of infringement and unfair competition set forth above.

65.     In particular, Raju Vaswani and Karan Vaswani are believed to be the owners and directors, and/or officers of Assivo, Inc.

66.     Assivo, Inc. is the alter ego of Defendants Raju Vaswani and Karan Vaswani, and is under the direct control of them.

67.     Assivo, Inc., Raju Vaswani, and Karan Vaswani have attempted to capitalize on MedValue's long-standing reputation by using MedValue's trademark on its website without permission.

**MedValue's Trade Secrets**

68.     Over the years, MedValue has spent approximately $1,000,000.00 on Google and other search engine marketing campaigns and has spent large amounts of time, effort, and money developing, testing and deploying various advertising keywords and search terms, landing pages, advertising messages, negative keywords, campaign budgets, advertising text, and Google bid amounts, as part of various advertising and marketing strategies to attract business to MedValue

and its service, MV Outsourcing, including extensive use of search engine optimization ("SEO") techniques (collectively, "MedValue's Advertising and Marketing Trade Secrets") for its services. MedValue's Advertising and Marketing Trade Secrets are confidential and proprietary information of MedValue.

69. Among other things, MedValue uses its Advertising and Marketing Trade Secrets to develop SEO techniques and Google campaigns that allow MedValue to appear at the top of search engine Google "Adwords" results when potential customers search for services using certain keywords and to direct potential customers to relevant landing pages on MedValue's website.

70. Information relating to MedValue's Advertising and Marketing Trade Secrets is stored in a password protected MedValue AdWords account with Google. MedValue's use of its Advertising and Marketing Trade Secrets has generated new clients and significant revenues for MedValue.

**Defendant's Misappropriation of MedValue's Trade Secrets**

71. Administrative access rights to MedValue's AdWords account were removed for Plaintiff, Sunil Bhatia's MedValue email address and assigned to an email address at Assivo, Inc.

72. Upon information and belief, Raju Vaswani removed access for the MedValue AdWords account for Mr. Bhatia.

73. On information and belief, Raju Vaswani also improperly provided Karan Vaswani and Assivo with access to MedValue's proprietary and confidential Advertising and Marketing Trade Secrets.

74.     Assivo has used and is using MedValue's Advertising and Marketing Trade Secrets to run Google campaigns to direct potential customers to task-genie.com.

75.     Assivo's diversion of potential customers from MedValue to Assivo through Google search results using MedValue's Advertising and Marketing Trade Secrets is a result of Defendants' misappropriation and improper use of MedValue's Advertising and Marketing Trade Secrets.

76.     Assivo has received an unfair advantage in competing and bringing its competing services to market because it has not had to expend significant time and resources to develop an online search engine optimization strategy.

77.     Further, both Mr. Bhatia and Raju Vaswani have credit cards that are ultimately paid by MedValue.

78.     For many years and to-date, Raju Vaswani used one of his credit cards to pay the monthly marketing costs of MedValue which, in part, led directly to MedValue and its service appearing at the top of search engine results.  At all relevant times, the charges to this credit card are paid by MedValue.

79.     In the past year, the marketing charges to Raju Vaswani's credit card have largely remained at a consistent (and high) level.  Mr. Bhatia has recently learned, however, that those funds are *not* being paid towards MedValue's marketing efforts.

80.     Instead, charges paid by MedValue are being used to market businesses owned and operated by Raju Vaswani and Karan Vaswani, including Assivo d/b/a Task Genie – *i.e.*, the direct competitor of MedValue.

81.     Further, Raju Vaswani has attempted to, and has succeeded in various instances, of redirecting customer inquiries away from Mr. Bhatia and MedValue to himself, for the sole purposes of redirecting those customers to Assivo, to MedValue's direct detriment, by frequently stopping, impairing and interfering with MedValue's advertising campaigns, and running campaigns for Raju Vaswani's and Karan Vaswani's competing business Assivo (d/b/a Task-Genie) instead.

## MedValue is Entitled to Injunctive Relief

82.     MedValue is likely to succeed on its claims of unfair competition and trade secret misappropriation on the merits.

83.     MedValue is likely to suffer irreparable injury if preliminary relief is denied.

84.     The balance of equities tips in MedValue's favor.

85.     An injunction would serve the public interest.

## Derivative and Demand Allegations

86.     Mr. Bhatia brings counts I, II, III, IV, VI and VIII below, derivatively in the right and for the benefit of MedValue Offshore Solutions, Inc. to redress the unfair competition and trade secret misappropriation by all Defendants and to redress the breach of fiduciary duty and breach of duty of loyalty to MedValue by Defendant Raju Vaswani.

87.     The MedValue Board of Directors consists of Plaintiff, Mr. Bhatia, and Defendant, Mr. Raju Vaswani.  Mr. Bhatia has not made any demand on the board of directors to institute this action because such a demand would be futile, wasteful and a useless act for at least the following reasons:

a.  Because Mr. Bhatia and Raju Vaswani are 50/50 owners in MedValue and the only two members of MedValue's Board of Directors, a majority of MedValue's Directors, by definition, could not have exercised disinterested business judgment in responding to a demand to vigorously prosecute an action against Raju's Vaswani's

son, Karan Vaswani and Karan Vaswani's company Assivo for unfair competition (Counts I and II) and trade secret misappropriation (Counts III and IV).

b. Raju Vaswani, is the father of Karan Vaswani. Thus, Raju Vaswani is not capable of impartially considering a demand to commence and vigorously prosecute an action against Karan Vaswani and Karan's company, Assivo, Inc. for unfair competition (Counts I and II) and trade secret misappropriation (Counts III and IV).

c. Further, Raju Vaswani faces substantial likelihood of liability for his breach of his fiduciary duties (Count VI) and breach of his duty of loyalty (Count VIII) to MedValue, as well as for his active participation in Assivo's unfair competition with MedValue (Counts I and II) and the misappropriation of MedValue's trade secrets (Counts III and IV) as described above, and any demand upon him would be futile.

## LEGAL CAUSES OF ACTION

### COUNT I
### (Unfair Competition Claim under 15 U.S.C. § 1125(a) as to all Defendants)

88.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 88 of Count I.

89.     Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

90.     Mr. Bhatia has not made any demand on the Board of Directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

91.     Assivo, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark is likely to cause confusion, mistake and deception among consumers of MedValue and MV Outsourcing, Inc.'s services.

92.     Assivo, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark to promote, market or sell its services in direct competition with MedValue's services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

93.     Assivo, Inc., Raju Vaswani, and Karan Vaswani's unfair competition has caused, and will continue to cause, damage to MedValue, and is causing irreparable harm to MedValue for which there is no adequate remedy at law.

94.     Assivo, Inc., Raju Vaswani, and Karan Vaswani have caused, and will continue to cause, immediate and irreparable injury to MedValue, including injury to MedValue's business, reputation and goodwill, for which there is no adequate remedy at law.  MedValue is therefore entitled to an injunctive relief under 15 U.S.C. § 1116 restraining Assivo, Inc., its agents, employees, representatives, and Raju Vaswani and Karan Vaswani, and all persons acting in concert with Assivo, Inc. and Raju Vaswani and Karan Vaswani, from using the "MV Outsourcing" mark, and any other mark that is confusingly similar to MedValue's "MV Outsourcing" mark, in connection with marketing services compete with MedValue's data entry services.

95.     Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover from Assivo, Inc., Raju Vaswani, and Karan Vaswani the damages sustained by MedValue as a result of Assivo, Inc.'s acts in violation of 15 U.S.C. § 1125(a).  MedValue is at present unable to determine the full extent of the monetary damages it has sustained by reasons of Assivo, Inc.'s acts.

96.     Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover from Assivo, Inc., Raju Vaswani, and Karan Vaswani the ill-gotten gains, profits and advantages that Assivo, Inc. has obtained as a direct result of MedValue's acts in violation of 15 U.S.C. § 1125(a).  MedValue is at present unable to ascertain the full extent of the gains, profits and advantages Assivo has obtained by reason of Assivo's acts.

97.     Pursuant to 15 U.S.C. § 1117, MedValue is further entitled to recover the costs of this action.  Moreover, MedValue is informed and believes, and on that basis alleges, that Assivo, Inc.'s, Raju Vaswani's, and Karan Vaswani's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling MedValue to recover additional damages and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Assivo, Inc., Raju Vaswani, and Karan Vaswani on Count I of his Complaint; for an award, jointly and severally against Assivo, Inc., Raju Vaswani, and Karan Vaswani, in favor of Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc.; for all of Assivo's, Raju Vaswani's, and Karan Vaswani's profits and damages sustained by MedValue, pursuant to 15 U.S.C. § 1117; for an award of applicable prejudgment and post judgment interest; for an award to Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc., for its reasonable attorneys' fees and costs of suit; and for an award to MedValue of all such other and further such relief as the Court may deem just and proper.

## COUNT II
### (Unfair Competition Claim under Common Law as to all Defendants)

98.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 98 of Count II.

99.     Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

100.     Mr. Bhatia has not made any demand on the Board of Directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

101.    Assivo, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark is likely to cause confusion, mistake and deception among consumers of MedValue's and Assivo's services.

102.    Assivo, Inc., Raju Vaswani, and Karan Vaswani's use of the "MV Outsourcing" mark to promote, market or sell its services in direct competition with MedValue's services constitutes unfair competition under State common law.

103.    Assivo, Inc., Raju Vaswani, and Karan Vaswani's unfair competition has caused, and will continue to cause, damage to MedValue, and is causing irreparable harm to MedValue for which there is no adequate remedy at law.

104.    Assivo, Inc., Raju Vaswani, and Karan Vaswani have caused, and will continue to cause, immediate and irreparable injury to MedValue, including injury to MedValue's business, reputation and goodwill, for which there is no adequate remedy at law.  MedValue is therefore entitled to an injunction restraining Assivo, Inc., its agents, employees, representatives, Raju Vaswani, Karan Vaswani, and all persons acting in concert with Assivo, Inc., from using the "MV Outsourcing" mark, and any other mark that is confusingly similar to MedValue's "MV Outsourcing" mark, in connection with marketing services that compete with MedValue's data entry services.

105.    MedValue is further entitled to recover damages from Assivo, Inc., Raju Vaswani, and Karan Vaswani in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Assivo, Inc., Raju Vaswani, and Karan Vaswani on Count II of his Complaint; for an award, jointly and severally, against Assivo, Inc., Raju Vaswani, and Karan Vaswani, in favor

of Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc.; for an award of all of Assivo, Inc.'s, Raju Vaswani's, and Karan Vaswani's profits and damages sustained by MedValue; for an award of applicable prejudgment and post judgment interest; for an to Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc., for reasonable attorneys' fees and costs of suit; and for an award to MedValue for all other and further such relief as the Court may deem just and proper.

## COUNT III
### (Misappropriation of Trade Secrets,
### Defend Trade Secrets Act (18 U.S.C. § § 1831-1839) as to all Defendants)

106.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 106 of Count III.

107.  Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

108.  Mr. Bhatia has not made any demand on the Board of Directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

109.  MedValue has information that constitutes trade secrets relating to its marketing and advertising of its services that are used in interstate commerce.

110.  MedValue took reasonable steps to protect the secrecy of its trade secrets and confidential and proprietary information.

111.  Defendants Assivo, Inc, Raju Vaswani and Karan Vaswani unlawfully misappropriated and continue their misappropriation of MedValue's trade secrets. Defendants' misappropriation of MedValue's trade secrets was and is willful and malicious.

112.  Pursuant to 18 U.S.C. § 1836(b)(3)(B), MedValue is entitled to damages for actual loss caused by the misappropriation of the trade secrets; and damages for any unjust

enrichment caused by the misappropriation of the trade secrets that is not addressed in computing damages for actual loss; or in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secrets.

113.    Pursuant to 18 U.S.C. § 1836(b)(3)(C), MedValue is entitled to an award of exemplary damages in an amount not more than 2 times the amount of the damages awarded under 18 U.S.C. § 1836(b)(3)(B).

114.    As a direct and proximate result of Defendants' wrongful conduct, MedValue has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, pursuant to 18 U.S.C. § 1836(b)(3)(A), MedValue will be irreparably harmed in a manner not fully compensable by money damages.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Defendants, Assivo, Inc., Karan Vaswani and Raju Vaswani on Count III of his Complaint; for the entry of judgment in favor of Plaintiff, derivatively on behalf of MedValue Offshore Solutions, Inc.; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for an award of reasonable attorneys' fees; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

<u>**COUNT IV**</u>
<u>**(Misappropriation of Trade Secrets,**</u>
<u>**Illinois Trade Secrets Act (765 ILCS 1065, *et eq.*) as to all Defendants)**</u>

115.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 115 of Count IV.

116.    Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

117.    Mr. Bhatia has not made any demand on the Board of Directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

118.    MedValue has information that constitutes trade secrets relating to its marketing and advertising of its services that are used in interstate commerce.

119.    MedValue took reasonable steps to protect the secrecy of its trade secrets and confidential and proprietary information.

120.    Defendants Assivo, Inc, Raju Vaswani and Karan Vaswani unlawfully misappropriated and continue their misappropriation of MedValue's trade secrets. Defendants' misappropriation of MedValue's trade secrets was and is willful and malicious.

121.    Defendants Assivo, Inc, Raju Vaswani and Karan Vaswani have been unjustly enriched as result of its misappropriation of MedValue's trade secrets.

122.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer direct and consequential damages.

123.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, Plaintiff will be irreparably harmed in a manner not fully compensable by money damages.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Defendants, Assivo, Inc., Karan Vaswani and Raju Vaswani on Count IV of his Complaint; for the entry of judgment in favor of Plaintiff, derivatively on behalf of MedValue

Offshore Solutions, Inc.; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for an award of reasonable attorneys' fees; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

<u>COUNT V</u>
**(Breach of Raju Vaswani's Fiduciary Duty to Sunil Bhatia)**

124.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 124 of Count V.

125.    At all relevant times, Plaintiff and Defendant Raju Vaswani created and acted in a fiduciary relationship of great trust as joint venturers and/or partners in a closely held corporation to operate MedValue for profit.

126.    Defendant Raju Vaswani violated his fiduciary relationship with Plaintiff by, among other things:

   a.   Creating Assivo, Inc. (f/k/a/ MV Outsourcing, Inc.) for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

   b.   Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets for the benefit of Assivo, Inc. and not MedValue;

   c.   Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

   d.   Redirecting customer and potential customer inquiries intended for Plaintiff to instead go to himself or his son, Karan Vaswani, or Assivo, for the benefit of a competing business.

127.    As a direct and proximate result of Defendant Raju Vaswani's breaches of the fiduciary duties he owed to Plaintiff as a partner in their closely held corporation, Plaintiff has suffered damages in an amount to be proven at trial, but exceeding $100,000.

128.    Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count V of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

<u>COUNT VI</u>
**(Breach of Raju Vaswani's Fiduciary Duty to MedValue)**

129.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 129 of Count VI.

130.    Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

131.    Mr. Bhatia has not made any demand on the Board of Directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

132.    At all relevant times, Defendant Raju Vaswani created and acted in a fiduciary relationship of great trust as a 50% owner and CEO of MedValue, a closely held corporation.

133.    Defendant Raju Vaswani violated his fiduciary relationship to MedValue by, among other things:

    a.  Creating Assivo, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

    b.  Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets for the benefit of Assivo, Inc., Karan Vaswani and himself, and other unknown entities, and not MedValue;

    c.  Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

      d.   Redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Karan Vaswani and himself, and other unknown entities, for the benefit of a competing business.

134.    As a direct and proximate result of Defendant Raju Vaswani's breaches of the fiduciary duties he owed to MedValue, MedValue has suffered damages in an amount to be proven at trial, but exceeding $100,000.

135.    Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for entry of judgment and relief against Raju Vaswani on Count VI of his Complaint; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for such other and further relief as this Court may deem appropriate.

<u>**COUNT VII**</u>
**(Breach of Raju Vaswani's Duty of Loyalty to Bhatia)**

136.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 136 of Count VII.

137.    As MedValue's CEO and as a 50% owner of MedValue, Defendant Raju Vaswani at all times owed a duty of loyalty to Plaintiff, as a 50% owner of MedValue, to not exploit his position for his personal benefit, to not engage in self-dealing, to not treat Plaintiff unfairly or without the utmost good-faith, to not directly compete with MedValue whether individually or with others, to not steer corporate opportunities to himself or others, and not to undermine MedValue's ability to continue its business successfully.

138. Defendant Raju Vaswani breached his duties of loyalty to Plaintiff by, among other things:

      a. Creating Assivo, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

      b. Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets for the benefit of Assivo, Inc., Karan Vaswani and himself, and other unknown entities, and not MedValue;

      c. Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

      d. Engaging in self-dealing by, among other things, redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Karan Vaswani or himself for the benefit of a competing business.

139. As a direct and proximate result of Defendant Raju Vaswani's breaches of his duties of loyalty he owed to Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial, but exceeding $100,000.

140. Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Defendant Raju Vaswani on Count VII of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and such other and further relief as this Court may deem appropriate.

## COUNT VIII
### (Breach of Raju Vaswani's Duty of Loyalty to MedValue)

141. Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 141 of Count VIII.

142.     Plaintiff brings this Count derivatively, on behalf of MedValue, in which he is a 50% owner.

143.     Mr. Bhatia has not made any demand on the board of directors to institute this action because such a demand would be futile for the reasons set forth in Paragraphs 86-87.

144.     As MedValue's CEO and as a 50% owner of MedValue, Defendant Raju Vaswani at all relevant times owed a duty of loyalty to MedValue, as a 50% owner of MedValue, to not exploit his position for his personal benefit, to not engage in self-dealing, to not directly compete with MedValue whether individually or with others, to not steer corporate opportunities to himself or others, and not to undermine MedValue's ability to continue its business successfully.

145.     Defendant Raju Vaswani breached his duty of loyalty to MedValue by, among other things:

a.   Creating Assivo, Inc. for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

b.   Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets for the benefit of Assivo, Inc., Karan Vaswani and himself, and other unknown entities, and not MedValue;

c.   Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

d.   Engaging in self-dealing by, among other things, redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Karan Vaswani or himself for the benefit of a competing business.

146.     As a direct and proximate result of Defendant Raju Vaswani's breaches of the duties of loyalty he owed to MedValue, MedValue has suffered damages in an amount to be proven at trial, but exceeding $100,000.

147.     Defendant Raju Vaswani's breaches were willful and intentional.

**WHEREFORE**, Plaintiff, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc., by and through his undersigned counsel, prays for the entry of judgment and relief against Defendant Raju Vaswani on Count VIII of his Complaint; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and such other and further relief as this Court may deem appropriate.

**COUNT IX**
**(Conversion as to Raju Vaswani)**

148.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 148 of Count IX.

149.     As further set forth above, Defendant Raju Vaswani knowingly and intentionally wrongfully converted for his own benefit, and to the detriment of Plaintiff, monies and other assets belonging to Plaintiff.

150.     Plaintiff has a right to such monies and assets by way of his entitlement to ownership in MedValue.

151.     Plaintiff's rights to possess a share of the above-referenced items is absolute and unconditional.

152.     Defendant Raju Vaswani has wrongfully and illegally exercised exclusive control and dominion over those monies and assets.

153.     As a direct and proximate result of Defendant Raju Vaswani's various wrongful acts of conversion, Plaintiff has suffered and will continue to suffer significant monetary damages, in an amount to be more fully proven through discovery and trial, and in excess of at least $100,000.00.

WHEREFORE, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count IX of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani; for an Order requiring Defendant Raju Vaswani to immediately return all of the assets and monies that he has misused, misdirected, or failed to turn over to Plaintiff; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for all such other and further relief as this Court may deem appropriate.

## COUNT X
### (Declaratory Judgment, pursuant to 735 ILCS 5/2-701, as to Raju Vaswani)

154.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 87, above, as though fully set forth herein as Paragraph 154 of Count X.

155.    As of MedValue's formation, Mr. Bhatia and Raju Vaswani were 50/50 owners in MedValue.

156.    In or about early 2006, Raju Vaswani approached Mr. Bhatia regarding a potential purchase of 10% of Bhatia's ownership in MedValue.

157.    More specifically, Raju Vaswani wanted to "buy out" that 10% ownership interest by paying Mr. Bhatia money in exchange for that ownership right.

158.    Although Mr. Bhatia initially agreed to such a buy out of his 10% ownership in MedValue, Raju Vaswani never paid any monies towards that buy out or otherwise provided any other form of consideration for it.

159.    Accordingly, Mr. Bhatia and Raju Vaswani remain equal, 50/50 co-owners of MedValue.

160.    Despite that fact, Raju Vaswani has taken the position, in documents and otherwise, that the sale of Mr. Bhatia's 10% share was consummated and Mr. Bhatia only owns 40% of MedValue.

161.    Raju Vaswani has thus taken a 60% share of profits, despite the lack of consideration for the additional 10% of Mr. Bhatia's ownership.

162.    As such, there is a real and actual controversy between the parties as to Raju Vaswani's ownership of Mr. Bhatia's 10% ownership in MedValue.

163.    Mr. Bhatia is an interested party in the controversy as he alleges the deal to sell his 10% ownership is void for lack of consideration and thus he remains a 50/50 owner in MedValue with Raju Vaswani.

**WHEREFORE**, Plaintiff, Sunil Bhatia, by and through his undersigned counsel, prays for the entry of judgment and relief against Raju Vaswani on Count X of his Complaint; for the entry of judgment in favor of Plaintiff and against Defendant Raju Vaswani and declaring the parties 50/50 owners in MedValue; for an Order requiring Defendant Raju Vaswani to immediately return 10% of all salaries and profits he has paid from MedValue to himself under his claim to 10% ownership of Plaintiff ownership in MedValue; for an award of compensatory damages in an amount to be proven at trial but in excess of $100,000.00; for punitive or exemplary damages according to the proofs at trial; for pre-judgment interest as permitted by applicable law; and for all such other and further relief as this Court may deem appropriate.

## **JURY DEMAND**

Plaintiffs demand a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.


Dated: September 28, 2018                    RESPECTFULLY SUBMITTED,

                                             By: /s/ Michael I. Leonard
                                                 Michael I. Leonard
                                                 John G. Bisbikis
                                                 Madelaine M. Thomas
                                                 LEONARDMEYER LLP
                                                 120 North LaSalle, Suite 2000
                                                 Chicago, Illinois 60602
                                                 (312) 380-6559
                                                 mleonard@leonardmeyerllp.com
                                                 jbisbikis@leonardmeyerllp.com
                                                 mthomas@leonardmeyerllp.com
                                                 Attorneys for Plaintiff

## <u>MEDVALUE OFFSHORE SOLUTIONS, INC. VERIFICATION</u>

I, Sunil Bhatia, hereby verify that I am familiar with the allegations in the Second Amended Complaint, that I have authorized the filing of the Second Amended Complaint, and that the foregoing is true to the best of my knowledge, information and belief.

Date: ___9/28/18___

_____
Sunil Bhatia

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2018, I electronically filed the foregoing

VERIFIED SECOND AMENDED COMPLAINT and EXHIBITS A-D with the United States

District Court for the Northern District of Illinois by using the CM/ECF system, which sent

notification of such filing to counsel of record for the parties.


/s/ Madelaine M. Thomas