IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, | ) ) ) ) | Case Number: 1:18-cv-2387 Hon. Robert M. Dow, Jr., Presiding |
| Defendants. | ) ) | |
| RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., An Illinois Corporation, | ) ) ) ) ) | |
| Counter-plaintiff and Third-party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SUNIL BHATIA, an individual, | ) ) | |
| Counter-defendant, | ) ) | |
| and | ) ) | |
| VARSHA BHATIA, an individual, | ) ) | |
| Third-party Defendant. | ) | |

**RAJU VASWANI'S SUPPLEMENT TO HIS MOTION TO JOIN CO-DEFENDANTS, KARAN VASWANI AND ASSIVO, INC.'S, MOTION TO MODIFY THE CURRENT DISCOVERY SCHEDULE AND TO REQUIRE PLAINTIFF TO IDENTIFY MEDVALUE OFFSHORE SOLUTION, INC.'S ALLEGED TRADE SECRETS**

NOW COMES Raju Vaswani (hereinafter "Vaswani"), individually and derivatively on behalf of MedValue Offshore Solutions, Inc. (hereinafter "MedValue"), by and through his

undersigned counsel, and for his supplement to his Motion to Join Co-Defendants, Karan Vaswani and Assivo, Inc.'s, Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets, states as follows:

1. On February 1, 2019, Co-Defendants, Karan Vaswani and Assivo, Inc., filed their Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets (the "Motion") (Dkt. No. 57).

2. On February 4, 2019, Vaswani filed his Motion to Join the Motion. (Dkt. No. 60).

3. On February 7, 2019, the Honorable Robert M. Dow, Jr. granted the Motion in part by striking the then current discovery schedule, and referred the Motion to Magistrate Judge Cummings in all other respects (Dkt No. 63).

4. Vaswani seeks to supplement his Motion to Join Co-Defendants, Karan Vaswani and Assivo, Inc.'s, Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets (Dkt. No. 60). As discussed more fully below, Vaswani seeks to emphasize to this Court that Vaswani has filed a motion challenging Plaintiff's claim that this Court may exercise subject matter jurisdiction, and accordingly, until the threshold issue of jurisdiction is determined, discovery should be stayed.

5. On December 7, 2018, Vaswani filed a Motion to Dismiss Plaintiff's Second Amended Complaint on various grounds, including, on grounds that this Honorable Court lacked subject matter jurisdiction over Counts V through X of Plaintiff's Second Amended Complaint (Dkt No. 51). Thus, discovery should be stayed in this matter pending ruling on Vaswani's Motion to Dismiss, which was brought in part pursuant to Federal Rule of Civil Procedure 12(b)(1) (*see* Dkt No. 51) and raises threshold issues as to this Honorable Court's subject matter jurisdiction.

Additionally, Vaswani's Motion to Dismiss has been fully briefed, and it is anticipated that this Honorable Court will rule upon same in short order (*see* Dkt. No. 62).

6. It is well established that this Honorable Court has discretion to stay discovery for good cause shown, including in situations where issues of jurisdiction have been raised. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery;…"); *see DSM Desotech Inc.* v. *3D Systems Corp.*, 2008 WL 4812440, *2 (N.D. Il. 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity…") (internal citations omitted); *Grammer* v. *Colorado Hosp. Ass'n Shared Services, Inc.*, 2015 WL 268780, *2 (D. Nevada 2015) ("Although the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially jurisdictional motion is pending…Rule 26(c)(1) states that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. This includes the power to stay discovery. Typical situations in which a discovery stay is appropriate include motions that raise issues of jurisdiction, venue, or immunity.") (internal citations omitted).

7. In this case, by filing his Motion to Dismiss, Vaswani has asserted in good faith that this Honorable Court does not have federal jurisdiction over Counts V through X of Plaintiff's Second Amended Complaint. Accordingly, discovery should be stayed until this Honorable Court rules upon Vaswani's Motion to Dismiss.

WHEREFORE, for the reasons set forth herein and in Co-Defendants, Karan Vaswani and Assivo, Inc.'s, Motion to Modify the Current Discovery Schedule and to Require Plaintiff to

Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets, Raju Vaswani respectfully requests that this Honorable Court:

A. Stay discovery until this Honorable Court rules on Vaswani and Co-Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint;

B. Order Plaintiff to provide, before any discovery occurs, a list of the alleged trade secrets at issue in this case in numbered paragraphs, with specificity;

C. Preclude Plaintiff from later adding to this list or adding specificity to the items listed thereon; and,

D. Award such other and further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: /s/ Thomas A. Christensen
Attorney for Defendant, Raju Vaswani

Thomas A. Christensen
Illinois ARDC Number: 6215881
tchristensen@huckbouma.com
Jenna N. Wadulak
Illinois ARDC Number: 6309859
jwadulak@huckbouma.com
Huck Bouma, PC
1755 South Naperville Road
Suite 200
Wheaton, Illinois 60189
(630) 221-1755

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 12th day of February, 2019:

1. I filed *Raju Vaswani's Supplement to His Motion to Join Co-Defendants, Karan Vaswani and Assivo, Inc.'s, Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets*, by filing it with the Clerk of the Court via electronic means on February 12, 2019.

2. I served *Raju Vaswani's Supplement to His Motion to Join Co-Defendants, Karan Vaswani and Assivo, Inc.'s, Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets* by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9

3. I made the electronic filing on February 12, 2019.

By: /s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\Supplement to Motion to Join Co-Defendants' Motion to Modify Discovery Schedule and to Require Plaintiff to Identify Trade Secrets.docx