IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, <br><br> Defendants, <br><br> and <br><br> MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Nominal Defendant. | Case No. 1:18-cv-02387 <br><br> Honorable Robert M. Dow <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT**

Plaintiff, Sunil Bhatia ("Mr. Bhatia"), submits this Motion to Alter or Amend this Court's September 25, 2019 Order (Dkt. 83)(the "Dismissal Order"). Mr. Bhatia respectfully requests that this Court vacate the Dismissal Order with respect to its dismissal of Counts V-VIII and X of Mr. Bhatia's Second Amended Complaint (Dkt. 44) for lack of jurisdiction, pursuant to its broad authority to reconsider its rulings under Rule 59(e) and Rule 60.

In the Dismissal Order, this Court indicated that Mr. Bhatia will not "suffer substantial inconvenience, prejudice, or even duplication of effort litigating the state claims in state court." (Dkt. 83, p. 14.) The Court also found that his State law claims (Counts V-X) do not share a common nucleus of operative facts as the federal trademark and trade secret claims (Counts I and III). (Dkt. 83, p. 14.) The Court concluded that the evidence required to prove the two sets of claims is materially distinct and the claims therefore do not warrant retention and decision. (Dkt.

1

83, p. 15.) The Court also indicated that, if it had supplemental jurisdiction, it would decline to exercise supplemental jurisdiction because those State law claims would predominate over the federal claims in Counts I and III. (Dkt. 83, p. 17.)

As more fully set forth below, Plaintiff respectfully requests reconsideration of the Dismissal Order with respect to the Claims in Counts V-VIII and X because there is a risk of prejudice to Mr. Bhatia in that he may not be able to refile the dismissed claims in State court, and, with respect to the claims in Counts in V-VIII, there is more than a "loose factual connection" between the federal claims in Counts I and III and the dismissed state law claims in Counts V-VIII.

## I. BACKGROUND

The Prior State Court Action

On February 14, 2018 Mr. Bhatia filed a Complaint in State court in DuPage County (Case No. 2018CH000207) against the same defendants as in this action, namely, Raju Vaswani, Karan Vaswani and Assivo, Inc. (f/k/a MV Outsourcing Inc). (Exhibit A, Bhatia Decl., Paragraph 2.) The Complaint in the prior State court action included claims for:

- COUNT I: Injunctive Relief

- COUNT II: Violation of the Illinois Trade Secrets Act (765 ILCS 1065, et seq.)

- COUNT III: Breach of Statutory and Common Law Fiduciary Duties to MedValue and Sunil (against Raju Vaswani only)

- COUNT IV: Breach of Duty of Loyalty to MedValue and Sunil (against Raju Vaswani only)

- COUNT V: Failure of Purported Contract to Transfer Shares – Unjust Enrichment (against Raju Vaswani only)

- COUNT VI: Violation of 805 ILCS 5/12.56 (a)(3) and (a)(4) (against Raju Vaswani only)

- COUNT VII: Civil Conspiracy to Interfere with MedValue's Customer Relations

On February 22, 2018, Mr. Bhatia filed a Motion for Voluntary Non-Suit pursuant to 735 ILCS 5/2 1009 to dismiss the prior State court action, without prejudice (Exhibit A, Bhatia Decl., Paragraph 3.)

On February 28, 2018, the State court granted that Motion. (Exhibit A, Bhatia Decl., Paragraph 4.)

<u>The Present Action</u>

Plaintiff filed this action on April 3, 2018 (Dkt. 1). Thereafter, on September 28, 2018, he filed his Second Amended Complaint (Dkt. 44), alleging the following eight State law claims and two Federal claims:

- COUNT I: Unfair Competition Claim under 15 U.S.C. § 1125(a) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT II: Unfair Competition Claim under Common Law as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT III: Misappropriation of Trade Secrets, Defend Trade Secrets Act (18 U.S.C. §§ 1831-1839) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT IV: Misappropriation of Trade Secrets, Illinois Trade Secrets Act (765 ILCS 1065, et seq.) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT V: Breach of Raju Vaswani's Fiduciary Duty to Sunil Bhatia

- COUNT VI: Breach of Raju Vaswani's Fiduciary Duty to MedValue (brought derivatively on behalf of MedValue)

- COUNT VII: Breach of Raju Vaswani's Duty of Loyalty to Bhatia

- COUNT VIII: Breach of Raju Vaswani's Duty of Loyalty to MedValue (brought derivatively on behalf of MedValue)

• COUNT IX: Conversion as to Raju Vaswani

• COUNT X: Declaratory Judgment, pursuant to 735 ILCS 5/2-701, as to Raju Vaswani

On December 7, 2018, Defendant Raju filed a Motion to Dismiss (Dkt. 51) the Second Amended Complaint. That Motion was joined by Defendants Karan and Assivo (f/k/a/ MV Outsourcing, Inc.) (Dkt. 52).

On September 25, 2019, this Court issued its Dismissal Order (Dkt. 83), granting in part and denying in part Raju and Karan's Motions. Specifically, this Court granted Defendants' Motion to Dismiss with respect to the State law claims in Counts V-X of the Second Amended Complaint for lack of subject matter jurisdiction. This Court denied the Defendants' Motion with respect to Counts I through IV, and these claims currently remain in the case.[1]

## II. ARGUMENT AND AUTHORITIES

Plaintiff respectfully requests this Court reconsider its Dismissal Order with respect to dismissal of Counts V-VIII and X, pursuant to Rules 59 and 60 and its own inherent authority to reconsider its Orders. Counts V-VIII and X of the Second Amended Complaint generally correspond to Counts III-V of the dismissed State court action. Contrary to what the Court indicated in the Dismissal Order, Plaintiff may in fact suffer prejudice if the claims remain dismissed from this case because Mr. Bhatia previously filed and dismissed corresponding claims in the prior State court action, and thus he may not be able to refile them in State court.

### A. Plaintiff May Suffer Prejudice by the Dismissal of Counts V-VIII and X of the Second Amended Complaint.

In dismissing Plaintiff's State law claims in Counts V-X, the Court indicated that that Mr. Bhatia will not "suffer substantial inconvenience, prejudice, or even duplication of effort litigating

---

[1] The Court also directed Plaintiff Sunil to refile his second amended complaint with only the remaining counts (Counts I through IV) as well as a certification page that complies with 28 U.S.C. § 1746, which he did. (Dkt. 85)

4

the state claims in court." (Dkt. 83, p. 14.) However, because he has previously filed and voluntarily dismissed claims corresponding to these counts in State court, he may not be able to refile the dismissed claims in State court.

Section 2-1009(a) of the Code of Illinois Civil Procedure allows a plaintiff to dismiss his or her action without prejudice at any time before trial or hearing begins. 735 ILCS 5/2-1009(a) (West 2012). As a counterpart, section 13-217 allows a plaintiff to refile an action that has been voluntarily dismissed within one year from the date of the dismissal. 735 ILCS 5/13-217 (West 2012). However, if the claims are voluntarily dismissed, plaintiff is allowed one, and *only one,* refiling of that action, even if the applicable statute of limitations has not expired. *Hurst v. Capital Cities Media, Inc.*, 323 Ill. App. 3d 812, 822, 754 N.E. 2d 429, 438 (2001).

Here, Mr. Bhatia voluntarily dismissed his State court claims before re-filing corresponding claims as Counts IV (State Trade Secret claim) and V-VI (State Breach of Fiduciary Duty claims), VII-VIII (State Breach of Duty of Loyalty claims) and X (Declaration Pursuant to 736 ILCS 5/2-701) in this action.

The Order entered on September 25, 2019 dismisses Count V-X of Sunil's Second Amended Complaint for lack of subject matter jurisdiction, and reasoned that Plaintiff would not suffer prejudice because he could still litigate them in State court. Unfortunately, since Mr. Bhatia voluntarily dismissed his previously filed State court claims before re-filing the claims in this Court, he may be barred from re-filing those claims and thus, would suffer prejudice because 735 ILCS 5/13-217 (West 2012) permits only a single re-filing of voluntarily dismissed claims.

The single refiling rule is, like *res judicata*, a rule of claim preclusion. *Carr v. Tillery*, 591 F.2d 909, 914 (7th Cir. 2010). After the first claim is filed and voluntarily dismissed, the dismissal is without prejudice. However, once the voluntarily dismissed claim is refiled and then voluntarily

5

dismissed for a second time, the dismissal becomes one with prejudicial effect. *Id*. A dismissal for lack of supplemental jurisdiction has no different effect on a plaintiff's right to refile under section 13-217 than does a dismissal for lack of subject matter jurisdiction generally. *Timerlake v. Illini Hosp.,* 175 Ill.2d 159, 164, 676 N.E.2d 634, 637 (1997) (*citing Raper v. St. Mary's Hospital*, 181 Ill.App.3d 379, 382, 536 N.E.2d 1342 (1989). Accordingly, there is a risk that Mr. Bhatia will be barred from re-filing these claims in State court. Thus, he will suffer prejudice if the claims of Counts V-VII and X are dismissed from this case.

Courts in the Northern District have retained supplemental jurisdiction of state law claims when there is potential prejudice in view of a bar to refiling claims. For example, in *Metropolitan Life Ins. Co. v. O'M & Associates, LLC*, plaintiff MetLife filed an eight-count amended complaint which included one federal claim against defendant, brought pursuant to the Lanham Act, and seven state claims. *Metropolitan Life Ins. Co. v. O'M & Associates, LLC,* 2009 WL 3015210 *2 (N.D. Ill. 2009). Specifically, plaintiffs alleged that defendants violated the Lanham Act, 15 U.S.C. §1125(a) by "deceive[ing] others as to the affiliation, connection, or association of the parties, and/or…misrepresent[ing] the nature, characteristics, qualities, or origin of the parties' goods, services and commercial activities…." *Id*. Subsequently, defendants filed a motion for summary judgment with respect to plaintiff's Lanham Act Claim. *Id*. Upon a detailed analysis of the case, the court granted defendants' summary judgment motion with respect to plaintiff's sole federal claim. *Id.* at 8. However, the court retained jurisdiction over plaintiff's remaining state claims, reasoning that an exception to the general rule applied to the facts. *Id*. at 7. The general rule in the Seventh Circuit is that "when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant claims." *Id*. at 7 (citing to *Williams v. Rodriguez*, 509 F.2d 392, 404 (7th Cir. 2007)). "This rule however is subject to three recognized

exceptions: when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Id*. The court went on to explain that there was a distinct possibility that Illinois' statute of limitations scheme would bar plaintiff from re-filing its state claims under 735 ILCS 5/13-237, which limits plaintiffs to one re-filing of a cause of action. For those reasons, the court retained jurisdiction over plaintiff's remaining state claims. *Id* at 8.

The court in *Holdt v. A-1 Tool*, similarly retained supplemental jurisdiction for like reasons. In that case, the court entered summary judgment against the plaintiffs on their federal patent infringement and Computer Fraud and Abuse Act claims. *Von Holdt, et al. v. A-1 Tool, et al.*, 2010 WL 30304761 *1 (N.D. Ill. 2010). The plaintiffs had also alleged several State law claims, including violations of the Illinois Trade Secrets Act, breach of fiduciary duty, inducement to breach fiduciary duty, tortious interference with business expectancies, and conspiracy to tortuously interfere with business expectations. *Id*. Having disposed of the Federal law claims over which the court had original jurisdiction, the court declined to exercise supplemental jurisdiction over the State law claims. *Id. (citing Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir. 2007)). Plaintiffs subsequently filed a motion to reconsider the judgment on the grounds that they would be in substantial risk that an Illinois court will not allow them to refile their complaint a third time, based on the refiling rule of §13-217. *Id*. As such, plaintiffs argued that the court should retain supplemental jurisdiction over the State law claims. *Id.* After review of plaintiffs' motion for reconsideration, the court stated that it was unaware that plaintiffs had previously filed suit in State court alleging claims based on facts similar in part to those in the instant case. The court agreed with plaintiffs that a strong likelihood exists that an Illinois court would conclude that a new complaint filed by these plaintiffs alleging the same state law claims

7

would be dismissed as a violation of the one refiling rule under §13-217 and directed the plaintiffs to file a brief addressing whether the court may properly exercise supplemental jurisdiction over the state law claims. *Id*.

The court ultimately agreed with plaintiffs that it may properly exercise supplemental jurisdiction over the state law claims under the relevant legal standard. (*See*, *Von Holdt, et al. v. A-1 Tool, et al,* 04 C 4123, Dkt. 886.)(Copy attached as Exhibit B). The Court stated:

> The other state law claims, breach of fiduciary duty, inducement to breach fiduciary duty, tortious interference with business expectancies and conspiracy to tortiously interfere, are based on plaintiffs' allegations that a former employee/officer purportedly took and disclosed to the defendants some of the plaintiffs' confidential information. Thus, the state law claims are loosely connected to the plaintiffs' allegations under the Computer Fraud and Abuse Act that this former employee/officer improperly access the plaintiffs' computers prior to leaving the plaintiffs' employment and stole protected information for the purpose of diverting business to his new employer, one of the defendants.

(See Exhibit B, Dkt. 886, p. 1-2) Accordingly, the court concluded that it may properly exercise supplemental jurisdiction over the state law claims in that case.

### B. There is More Than a "loose factual connection" Between the Federal Claims in Counts I and III and the Dismissed State Law Claims in Counts V-VIII.

As discussed above, this Court declined to exercise supplemental jurisdiction over the state law claims for breach of fiduciary duty and breach of duty of loyalty in Counts V-VIII, finding that: (1) the dismissed State law claims do not derive from a common nucleus of operative fact as the federal claims and (2) even if they did, the Court would decline jurisdiction because the dismissed State law claims would substantially predominate over the federal law claims.

In order to retain supplemental jurisdiction over State claims, *see* 28 U.S.C. §1367(a), the State and federal claims must "derive from a common nucleus of operative facts," and "[a] loose factual connection between the claims is generally sufficient" to support the assertion of supplemental jurisdiction. *Baer v. First Options*, 72 F.2d 1294, 1299 (7th Cir. 1995). "The rationale of

8

supplemental jurisdiction is economy in litigation." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

Here, Plaintiff respectfully submits that there is more than a "loose factual connection" in the facts underlying the Federal trademark and trade secret claims (in Counts I and III) and the State breach of fiduciary duty and breach of duty of loyalty claims (in Counts V-VIII). As this Court recognized, the facts central to Plaintiff's Counts I and III do "crossover" with the State law claims in Counts V-VIII. Specifically, the Court articulated that the facts that form the basis for the federal trademark infringement claims in Count I "likely relate to MedValue's alleged trademark, whether Assivo used it, customer confusion and other similar topics." (Dkt. 83, p. 11.) This Court also reasoned that the facts central to the federal trade secret misappropriation Count III are "likely to relate to the information MedValue claims as trade secrets, whether MedValue took steps to protect the secrecy of the information, Raju and Assivo's access to the information, and other similar topics." (Dkt. 82, p. 11.) The Court also acknowledged that the State law breach of fiduciary duty (Counts V and VI) and breach of duty of loyalty claims (Counts VII and VIII) assert liability for "[d]isclosing and misusing MedValue's Advertising and Marketing Trade Secrets" and therefore have some "crossover" with the Federal claims. (Dkt. 83, p. 13.)

More specifically, Mr. Bhatia's Second Amended Complaint alleged that the conduct that formed the basis for the breach of fiduciary duty (Counts V and VI) and breach of duty of loyalty claims (Counts VII and VIII) was Mr. Raju Vaswani:

a. Creating Assivo, Inc. (f/k/a/ MV Outsourcing, Inc.) for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

b. Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets

9

for the benefit of Assivo, Inc. and not MedValue;

c. Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities;

d. Redirecting customer and potential customer inquiries intended for Plaintiff to instead go to himself or his son, Karan Vaswani, or Assivo, for the benefit of a competing business.

e. Engaging in self-dealing by, among other things, redirecting customer and potential customer inquiries intended for MedValue's business to instead go to Karan Vaswani or himself for the benefit of a competing business.

(Dkt. 44, Counts V-VIII, p. 21-25.)

Thus, the facts underlying Mr. Bhatia's federal trademark and trade secret claims are strongly connected to his claims for breach of fiduciary duty and breach of loyalty.

To prevail on Counts V-VIII, Plaintiff would have to present evidence that overlaps with the federal trademark and trade secret claims in Counts I and III. Indeed, the crux of the claims asserted by way of the State law claims in Counts V-VIII are rooted in the same facts that are important to the federal law claims in Counts I and III. Mr. Bhatia respectfully submits that it would be difficult to view any of these facts in isolation.

Further, the State law claims in Counts V-VIII are consequential in nature in that the facts that form the Federal claims (Counts I and III) result in the breaches alleged by way of the State law breach of fiduciary duty and breach of duty of loyalty claims (Counts V-VIII). Put simply, by Raju Vaswani giving Assivo and his son Karan Vaswani access to MedValue's trade secrets and allowing Assivo to divert customers away from MedValue and use MedValue's trademarks (*See* Counts I and III), Raju has breached his fiduciary duty and duty of loyalty to Sunil and to

MedValue (*See* Counts V-VIII). Even though, as the Court recognized, there may be additional facts that impact Counts V-VIII, there is more than a "loose factual connection" between the facts of these claims.

Finally, in the Dismissal Order, the Court indicated that "Counts V through X address topics beyond or unrelated to trademarks or trade secrets, stretching back up to fifteen years." (Dkt. 83, p. 13). However, with respect to Counts V-VIII, the facts do not date back to fifteen years and encompass roughly the same time period as the Federal Counts I and III because the facts alleged as the basis for Counts V-VIII are connected to Raju Vaswani's conduct relating to Assivo.

At a minimum, it is clear that a loose factual connection exists between the Federal claims and the State law claims for breach of fiduciary duty (Counts V and CI) and breach of duty of loyalty (Counts VII and VIII), that litigating them together will result in an efficient use of judicial and party resources.

As to Count X, Plaintiff respectfully requests that this Court use its discretion in exercising supplemental jurisdiction over this claim for the reasons discussed above with respect to the prejudice Plaintiff will experience as a result of the dismissal.

### III.   CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider supplemental jurisdiction and prays for the reversal of its dismissal of Counts V-VIII and X in Plaintiff's Second Amended Complaint, and for such other and further relief as is appropriate.

Dated: October 24, 2019         **RESPECTFULLY SUBMITTED,**

By: /s/ John G. Bisbikis
    Michael I. Leonard
    John G. Bisbikis
    **LEONARDMEYER LLP**
    120 North LaSalle, Suite 2000
    Chicago, Illinois 60602
    (312)380-6559 (phone)
    (312)264-0671 (fax)
    mleonard@leonardmeyerllp.com
    jbisbikis@leonardmeyerllp.com
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    The undersigned states that, on October 24, 2019 he caused the above to be served on Defendants' counsel of record by way of ECF filing.

                                           By: /s/ John G. Bisbikis