**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNIL BHATIA, derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | Case No. 1:18-cv-02387 |
| Plaintiff, | |
| v. | Honorable Robert M. Dow |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| MEDVALUE OFFSHORE SOLUTIONS, INC., | |
| Nominal Defendant | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT
OF MOTION FOR RECONSIDERATION**

Plaintiff, Sunil Bhatia, by and through his undersigned counsel, submits this Supplemental Brief in Support of his Motion to Alter or Amend this Court's September 25, 2019 Order ("Motion to Reconsider"). (Dkt. 87).

In the Motion to Reconsider, Plaintiff requests that this Court vacate its September 25, 2019 Order (Dkt. 83) (the "Dismissal Order") dismissing Counts V-VIII and X of Mr. Bhatia's Second Amended Complaint (Dkt. 44) for lack of jurisdiction. Plaintiff argues that supplemental jurisdiction is proper for his State law counts because Counts V-VIII (Breach of Fiduciary Duty and Breach of Duty of Loyalty) derive from a common nucleus of operative facts that is virtually identical to his federal trademark and trade secret claims (Counts I and III). Plaintiff also points

out that he may suffer substantial prejudice if Counts V-III and X (Declaration of Ownership in MedValue) are dismissed from this action.

This Court directed Plaintiff to file a supplemental brief of no more than 7 pages addressing whether the State law claims substantially predominate over the federal claims. (Dkt. 89).

## I.  ARGUMENT AND AUTHORITIES

Supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), but "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995) (*citing Gibbs*, 383 U.S. at 725). Although courts may decline to exercise supplemental jurisdiction over a State claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction," (28 U.S.C. § 1367(c)(2)), the justification for the court's power over State claims "lies in considerations of judicial economy, convenience and fairness to litigants." *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, 2014 WL 292578, at *6 (N.D. Ill. Jan. 23, 2014) (*citing Gibbs*, 383 U.S. at 726.)

Courts assessing 28 U.S.C. § 1367(c)(2) have considered whether there is overlap between State and federal claims. *Id. at *7* (exercising supplemental jurisdiction where plaintiff would otherwise have to bring a parallel State court suit involving a "significant amount of evidentiary overlap"); *Shields v. Illinois Dep't of Corr.*, 2011 WL 494199, at *2 (N.D. Ill. Feb. 7, 2011) (when claims arise out of the same events, differing standards of proof outweighed by fact that evidence that will be offered to prove and rebut will be the same); *Fowler v. Evansville Convention & Visitors Bureau*, 2010 WL 4291298, at *4 (S.D. Ind. Oct. 22, 2010) (denying 1367(c)(2) motion

where Federal and State claims were "inextricably related and intertwined"); *Oney v. Assured Recovery LLC,* 2019 WL 3346754, at *3 (E.D. Wisc. July 25, 2019)(exercising supplemental jurisdiction over State claims because they did not substantially predominate and were so intertwined with a Federal claim; State claims for civil theft and conversion would be heard, particularly where evidence derived from a "common nucleus of operative fact" that was not likely to differ significantly).

If presentation of the original and supplemental claims will overlap substantially at trial, supplemental jurisdiction "usually will realize economy and efficiency by resolving in one proceeding both the original and the supplemental claim[s]." Wright & Miller, 13D *Federal Practice and Procedure* § 3567.3 (3d ed.); *see also Bartoli v. Applebee's Rest.*, 2001 WL 40798, at *2 (N.D. Ill. Jan. 17, 2001) (gross waste of resources to litigate the same factual issues in two separate forums); *Wagner v. Bank of Am., N.A.*, 2012 WL 6586347, at *2 (S.D. Ill. Dec. 17, 2012) (one judicial proceeding consideration is critical); *Oney*, 2019 WL 3346754, at *3 (dismissal of the State law claims would result in the remaining federal claim being adjudicated using substantially the same evidence as would be required for a concurrent State proceeding on the dismissed claims and such duplicative litigation would be a gross waste of judicial resources).

In many cases where original federal jurisdiction was based upon the Defend Trade Secrets Act, 18 U.S.C. 1836 ("DTSA") courts have exercised supplemental jurisdiction over State claims for breach of fiduciary duty and breach of duty of loyalty, as well as other State claims and counterclaims such as conversion, breach of contract, unenforceability of contract provision and tortious interference.  *See, e.g.*, *Call One, Inc. v. Anzine*, No. 18 C 124, Dkt. 54 (N.D. Ill. March 20, 2018) (original federal jurisdiction over plaintiff's claims was founded on misappropriation of trade secrets in violation of the DTSA, and court exercised supplemental jurisdiction over

defendant's counterclaim seeking declaratory judgment that non-solicitation covenant was unenforceable finding the counterclaim was sufficiently related to plaintiff's complaint to be within the court's supplemental jurisdiction and the court was unpersuaded that the counterclaim would predominate over the rest of the case) (Copy attached as Exhibit A); *Kuryakyn Holdings, LLC v. Ciro, LLC*, 242 F.Supp.3d 789, 796 (2017) (original federal jurisdiction over plaintiff's claims arose under the DTSA and the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and the court exercised supplemental jurisdiction over the remaining state law claims for trade secret misappropriation, breach of contract, breach of fiduciary duty and duty of loyalty, and conspiracy to injure business against all defendants); *MSC Safety Solutions, LLC v. Trivent Safety Consulting, LLC*, No. 19-cv-00938-MEH, 2019 WL 5189004 at *7 (D. Colorado October 15, 2019) (after denying motion to dismiss federal claims relating to alleged violations of the DTSA and Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. ("CFAA"), the court exercised supplemental jurisdiction over eight state law claims, including claims for breach of duty of loyalty and conversion, finding that they do not substantially predominate over the two federal claims pursuant to 28 U.S.C. § 1367(c)(2), despite outnumbering them, because the state law claims were substantially similar to the federal claims and/or were alternate causes of action that arose out of the same nucleus of facts as the federal claims); *Segerdahl Corp. v. Ferruzza*, No. 17-cv-3015, 2019 WL 77426, at *4 (N.D. Ill. Jan. 2, 2019) (original federal jurisdiction over plaintiff's claims against former employees and new employer under DTSA and CFAA and supplemental jurisdiction over state law claims under the Illinois Trade Secrets Act ("ITSA"), 765 Ill.Comp.Stat. 1065/1 *et seq.*, as well as claims for breach of fiduciary duty, tortious interference with prospective economic advantage, aiding and abetting breach of fiduciary duty, conversion, unfair competition, civil conspiracy, unjust enrichment, and negligent spoliation of evidence).

As the Third Circuit has noted, the "substantially predominates" standard allows a limited exception to the operation of the doctrine of pendent jurisdiction - a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative facts. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir.1995). When a district court exercises its discretion not to hear claims under 1367(c)(2) the advantages of a single suit are lost, and this provision should be invoked "only where there is an important countervailing interest to be served by relegating state claims to the state court." *Id.*

Here, Mr. Bhatia's State law claims in Counts V-VIII and X satisfy the requirements of judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative facts. The plaintiff and one of the defendants, Mr. Raju Vaswani, are the co-owners of MedValue. The federal trademark claim (Count I) and trade secret claim (Count III) and the breach of fiduciary duty and breach of duty of loyalty State law claims against Raju Vaswani (Counts V-VIII) all arise out of the same common nucleus of facts – generally, the facts surrounding how Raju Vaswani and his son, Karan Vaswani, set up a company to improperly compete with MedValue starting in around June 2017. There will be substantial overlapping evidence to prove the trademark and trade secret claims as well as the breach of fiduciary duty and duty of loyalty claims.

The overlapping evidence will include evidence of how the defendants pursued a course of action to begin a competing company, Assivo, even though Raju Vaswani is an owner and officer of MedValue. Those actions improperly harmed MedValue and Mr. Bhatia and improperly benefitted Raju Vaswani, Karan Vaswani and Assivo. As a co-owner of MedValue, Raju Vaswani owed a fiduciary duty and duty of loyalty to both MedValue and Mr. Bhatia. As alleged in the

Second Amended Complaint, those duties were breached by Raju Vaswani's role and actions regarding Assivo. The evidence needed to show infringement of MedValue's trademarks, misappropriation of MedValue's trade secrets and the breach of fiduciary duty and duty of loyalty claims will greatly overlap. The overlapping evidence will include evidence concerning the improper use of MedValue's trademarks on Assivo's website and as a domain name to confuse and divert customers from MedValue to Assivo; misappropriation and improper use of MedValue's trade secrets, confidential and proprietary information and search engine optimization techniques to advertise Assivo's competing services on "Google" to divert customers from MedValue to Assivo; removal of administrative access rights to MedValue's AdWords account for Sunil Bhatia's MedValue email address and assigning administrative access to an email address at Assivo; use of MedValue's Advertising and Marketing Trade Secrets to run Google campaigns to divert potential customers to Assivo's website; use of a MedValue credit card to pay for marketing costs for Assivo, including the use of MedValue's Google AdWords to market Google campaigns for Assivo; and by frequently stopping, impairing and interfering with MedValue's advertising campaigns, and running campaigns for Assivo. All of these actions injured both MedValue and Mr. Bhatia and stem from Raju Vaswani's actions with his son concerning the formation and operation of Assivo beginning in about June 2017.

This is exactly the sort of case in which supplemental jurisdiction is appropriate. Neither private interests nor judicial economy would be promoted by resolving the trademark and trade secret claims in federal court while resolving the breach of fiduciary duty, breach of duty of loyalty and ownership claims in State court. The evidence for the breach of fiduciary duty (Counts V and VI) and breach of duty of loyalty claims (Counts VII and VIII) will completely overlap with that in the Federal trademark and trade secret claims (Counts I and III), and it will be difficult to view

any of the facts in isolation.  There would also be no juror confusion on any of the issues.

The claim in Count X (declaration of ownership of MedValue) is also related to the Federal trademark and trade secret claims and evidence of MedValue's ownership will overlap with ownership of the trademarks and trade secrets.  It makes sense to litigate all of Plaintiff's claims concerning this business dispute between the owners of MedValue in one proceeding.[1]

Plaintiff respectfully submits that this Court should retain supplemental jurisdiction over the State law claims in the interests of judicial economy, convenience, and fairness. If it does not, and even if Mr. Bhatia could re-file the State claims in state court, Mr. Bhatia would be forced to bring a parallel suit in State court that would involve a significant amount of evidentiary overlap with his Federal case, which would defeat the very purpose that underlies the Court's supplemental jurisdiction. Plaintiff also respectfully submits that it is sensible to litigate all of Plaintiff's claims, including Counts V-VIII and X in a single federal proceeding. The identity of the issues, the convenience to both plaintiff and defendants of not having to litigate in multiple forums, and the economy of resolving all claims at once strongly suggests that an exercise of supplemental jurisdiction is appropriate.

## II.    CONCLUSION AND REQUEST FOR RELIEF

Plaintiff respectfully submits that the State law claims do not substantially predominate over the federal claims.   For these reasons, Plaintiff requests that this Court reconsider supplemental jurisdiction and prays for the reversal of its dismissal of Counts V-VIII and X[2] in Plaintiff's Second Amended Complaint, and for such other and further relief as is appropriate.

---

[1] In the event the Court finds the presentation of Count X does not overlap enough with the federal claims, it may still exercise supplemental jurisdiction over Counts V-VIII which do overlap.

[2] Although Plaintiff did not seek reconsideration of this Court's dismissal of Count IX due to the lack of prejudice, the Court may nonetheless exercise supplemental jurisdiction of Count IX (Conversion) of Mr. Bhatia's Second Amended Complaint for the same reasons as Count X (Declaration of Ownership of MedValue).

Dated: November 8, 2019        **RESPECTFULLY SUBMITTED,**

By: /s/ John G. Bisbikis
    Michael I. Leonard
    John G. Bisbikis
    **LEONARDMEYER LLP**
    120 North LaSalle, Suite 2000
    Chicago, Illinois 60602
    (312) 380-6559 (phone)
    (312) 264-0671 (fax)
    mleonard@leonardmeyerllp.com
    jbisbikis@leonardmeyerllp.com
    Attorneys for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned states that, on November 8, 2019 he caused the above to be served on

Defendants' counsel of record by way of ECF filing.


By: <u>/s/ John G. Bisbikis          </u>