IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, <br><br> Defendants, <br><br> and <br><br> MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Nominal Defendant. | Case No. 1:18-cv-02387 <br><br> Honorable Robert M. Dow <br><br> Magistrate Judge I. Jeffrey Cummings <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' DISCOVERY MOTIONS**

Plaintiff, Mr. Bhatia, by and through his undersigned counsel, respectfully opposes Defendants' motions to stay discovery (Dkt. 97 and Dkt. 99) and states as follows:

**I. Introduction**

Plaintiff is a co-owner, officer and employee of MedValue. Defendant, Raju Vaswani is also a co-owner, officer and employee of MedValue. MedValue provides data entry, data capture, and data processing services to clients throughout the United States. Raju Vaswani and his son, Karan Vaswani, pursued a course of action to begin a competing company, Assivo, Inc. (F/K/A MV Outsourcing, Inc.), even though Raju Vaswani was still an owner and officer of MedValue. Those actions improperly harmed MedValue and Mr. Bhatia and improperly benefitted Raju

Vaswani, Karan Vaswani and Assivo. This case presently involves claims for Unfair Competition (Counts I and II) and Misappropriation of Trade Secrets (Counts III and IV) against all Defendants. It does not present unique issues for discovery and Judge Dow denied Defendants' motions to dismiss these claims.[1]

Yet, Defendants request that this Court set a discovery schedule that would require Plaintiff to provide discovery on numerous issues and allow Defendants to file summary judgment motions *before* Defendants would be required to provide any discovery to Plaintiff. Defendants' motions and proposed discovery schedule are brought solely for purposes of delaying discovery that Mr. Bhatia is entitled to on his trade secret and trademark claims.

According to Defendants' motions, their common, but not sole, requested pre-condition for them to respond to Plaintiff's discovery is that Plaintiff identify MedValue's trade secrets with sufficient particularity so they can be aware of what the alleged trade secrets are. But Defendants conveniently ignore the fact that Plaintiff has *already* provided such information to them in Plaintiff's Response to discovery served by Defendants Assivo and Karan Vaswani. The other pre-conditions Defendants seek to impose include making Plaintiff respond to Requests for Admission that have not yet been served, and produce documents relating to the identified trade secrets even though one of the Defendants, Raju Vaswani, has calculatingly cut off Plaintiff's access to such information. For the following reasons, Defendants' motions to stay discovery should be denied.

---

[1] Judge Dow did dismiss Plaintiff's other state law claims relating to breach of fiduciary duty (Counts V-VI), breach of duty of loyalty (Count VII-VIII), conversion (Count IX), and for a declaration (Count X), for lack of subject matter jurisdiction, but they are the subject of Plaintiff's Motion for Reconsideration (Dkt. 87) which has been fully briefed and taken under advisement by Judge Dow.

## II. Background

Plaintiff filed this action on April 3, 2018 (Dkt. 1). Thereafter, on September 28, 2018, Plaintiff filed his Second Amended Complaint (Dkt. 44), alleging the following eight state law claims and two federal claims:

- COUNT I: Unfair Competition Claim under 15 U.S.C. § 1125(a) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT II: Unfair Competition Claim under Common Law as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT III: Misappropriation of Trade Secrets, Defend Trade Secrets Act (18 U.S.C. §§ 1831-1839) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT IV: Misappropriation of Trade Secrets, Illinois Trade Secrets Act (765 ILCS 1065, et seq.) as to all Defendants (brought derivatively on behalf of MedValue)

- COUNT V: Breach of Raju Vaswani's Fiduciary Duty to Sunil Bhatia

- COUNT VI: Breach of Raju Vaswani's Fiduciary Duty to MedValue (brought derivatively on behalf of MedValue)

- COUNT VII: Breach of Raju Vaswani's Duty of Loyalty to Bhatia

- COUNT VIII: Breach of Raju Vaswani's Duty of Loyalty to MedValue (brought derivatively on behalf of MedValue)

- COUNT IX: Conversion as to Raju Vaswani

- COUNT X: Declaratory Judgment, pursuant to 735 ILCS 5/2-701, as to Raju Vaswani

On December 7, 2018, Defendant Raju filed a Motion to Dismiss (Dkt. 51) the Second Amended Complaint. This motion was joined by Defendants Karan and Assivo (f/k/a/ MV Outsourcing, Inc.) (Dkt. 52). With respect to the trade secret claims in Counts III and IV, Defendants argued the Second Amended Complaint did not describe the alleged trade secrets with sufficient specificity and therefore sought dismissal under FRCP 12(b)(6). Third-party Defendant

3

Varsha Bhatia also filed a Motion to Dismiss Defendant Raju Vaswani's First Amended Counterclaim and Third-Party Complaint (Dkt. 64) for lack of subject matter jurisdiction.

While the motions were pending, on about January 24, 2019, Plaintiff served discovery on Defendants. Specifically, Plaintiff served:

- Plaintiff's First Request for Production of Documents to Karan Vaswani
- Plaintiff's First Set of Interrogatories to Assivo, Inc.
- Plaintiff's First Request for Production of Documents to Raju Vaswani

Plaintiff also served deposition notices for the depositions of Defendants Mr. Raju Vaswani and Karan Vaswani.

Rather than respond to any of that discovery, Defendants asked this Court to stay discovery pending Judge Dow's decision on the Motions to Dismiss - which this Court did. (Dkt. 71).

On September 25, 2019, Judge Dow issued his Dismissal Order and resolved the parties' Motions to Dismiss. (Dkt. 83). He dismissed Raju Vaswani's First Amended Counterclaim and Third-Party Complaint for lack of subject matter jurisdiction.

With respect to Plaintiff's claims, Judge Dow denied the Defendants' Motions to Dismiss with respect to Counts I through IV in the Second Amended Complaint and these claims currently remain in the case.

With respect to the trade secret misappropriation claims, Judge Dow noted that:

> The second amended complaint alleges that MedValue's trade secrets are 'various advertising keywords and search terms, landing pages, advertising messages, negative keywords, campaign budgets, advertising text, and Google bid amounts, as part of various advertising and marketing strategies to attract business to MedValue and its service, MV Outsourcing, including extensive use of search engine optimization ('SEO') techniques,' all of which is proprietary and confidential, ([44] at 10-11, ¶ 68), and that such information is "stored in a password protected MedValue AdWords account with Google" ([44] at 11, ¶ 70).

Dkt. 83, p. 23.

4

Judge Dow also found that:

> [The second amended complaint] identifies the types of information claimed to be trade secrets and where they were stored (i.e., in MedValue's Google AdWords account), and asserts that they were password protected. These "general terms" are enough for the pleading stage. See *Scan Top Enter. Co., Ltd.*, 2015 WL 4945240, at *3. Given Sunil's articulation of the specific information that makes up the purported trade secrets and his other allegations regarding how Raju and Assivo have used that information, this is not one of the 'extreme cases' that warrants dismissal for a lack of specificity. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 558, 574–75 (N.D. Ill. 2019).

Dkt. 83, p. 25-26.

Following Judge Dow's order, on October 17, 2019 **Defendants Karan Vaswani and Assivo served discovery upon Plaintiff** requesting an identification of trade secrets that Plaintiff contends have been misappropriated.[2]

On November 18, 2019, Plaintiff timely answered Defendants' discovery on an "attorneys' eyes-only basis," and identified 31 specific Google Ad Word attributes that constitute MedValue trade secret information. Plaintiff also indicated that the identity of and MedValue's relationship with its suppliers are also MedValue trade secret information.

On December 16, 2019, counsel for Defendants Karan Vaswani and Assivo, requested a Rule 37 conference concerning Plaintiff's Response. Defendants' counsel contended that the identification of trade secrets was "generic and lacks the specificity required" and that "Assivo was still without knowledge of the specific trade secrets it allegedly misappropriated and how such are actually trade secrets."

On December 18, 2019 Plaintiff's counsel responded that they were available for a Rule 37 conference on December 23, 2019. On December 20, 2019 Plaintiff sent a letter in advance of the meet and confer and indicated:

---

[2] On November 14, 2019, Plaintiff sent Defendants counsel a proposed Protective Order. Unable to reach agreement with Defendants, Plaintiff filed a Motion requesting the entry of a Protective Order (Dkt. 104).

5

> We also disagree with your contention that your clients are still without knowledge of the specific trade secrets it allegedly misappropriated based on Mr. Bhatia's response to Interrogatory No.1. Mr. Bhatia identified 31 specific Google Ad Word attributes that are MedValue trade secret information. He also indicated that the identity of and MedValue's relationship with its suppliers are also MedValue trade secret information. Mr. Bhatia is willing to provide additional specificity around the identity and relationship of MedValue's suppliers after a protective order is entered in this case. He will also continue to update his responses as required by the Federal Rules.

*Without* meeting and conferring with Plaintiff's counsel, Defendants' filed their present discovery motions on December 23, 2019 (Dkt. 97) and December 27, 2019 (Dkt. 99).

On January 9, 2020, counsel for the parties held a Rule 37 conference concerning the issues of: (a) Plaintiff's Interrogatory Response on the trade secret identification, (b) Defendants' failure to respond at all to Plaintiff's discovery for more than one year, and even after the stay on discovery was lifted, and (c) the proposed Protective Order. During that meet and confer, Plaintiff's counsel disagreed with Defendants' contentions they were without knowledge of the trade secrets, but confirmed that Plaintiff was willing to further supplement his trade secret Interrogatory Response with additional information concerning the suppliers once a Protective Order was entered that would allow information to be disclosed on an "attorneys' eyes-only basis". Defendants, however, would not agree to the proposed Protective Order with such a designation. Defendants also confirmed that they were continuing to refuse to respond at all to Plaintiff's discovery requests pending the resolution of their own discovery motions.

Thereafter, Plaintiff filed Motions to Compel discovery from Defendants (Dkt. 102), and for entry of a Protective Order (Dkt. 104) on January 10, 2020.

### III. Argument

#### A. There Is No Compelling Reason Warranting A Further Stay Of Discovery

Defendants Karan Vaswani and Assivo request a stay of *all discovery on all issues* (*e.g.*, trade secret misappropriation and trademark infringement), except for Rule 26 Initial Disclosures,

until Plaintiff "fully and specifically" identifies its trade secrets. More specifically, they request:

> (i) require Plaintiff to fully and specifically identify MedValue Offshore Solution, Inc.'s alleged trade secrets generally pleaded categorically in the latest amended Complaint; and
>
> (ii) ***extend the discovery stay (except for Rule 26 initial disclosures) pending a compliant disclosure in response to Defendant's interrogatory.***

(Dkt. 97) (emphasis added).

Defendant Raju Vaswani, on the other hand, requests that this Court:

> Order Plaintiff to identify MedValue's alleged trade secrets with specificity, identify steps taken to protect MedValue's alleged trade secrets, disclose information and documents supporting MedValue's alleged trademark "MV Outsourcing" with specificity and MedValue's alleged use of the alleged trademark "MV Outsourcing" in interstate commerce on a continuous basis, and respond to the mandatory initial discovery requests ***before Defendant is required to respond to any discovery issued by Plaintiff or the mandatory initial discovery requests***;
>
> In the alternative, order Plaintiff to respond to the mandatory initial discovery requests and answer certain Requests for Admissions and provide information and documents supporting any denials, ***before Defendant is required to respond to any discovery issued by Plaintiff or the mandatory initial discovery requests***; and,

(Dkt. 99, p. 5) (emphasis added). Yet, Raju Vaswani has not even served any such requests for production, interrogatories, or requests for admission on Plaintiff.

Defendants' requested stays and pre-conditions to providing discovery are not warranted at this stage of the litigation. An additional stay would not be efficient and would not save costs. Discovery will need to be provided concerning Defendants' misappropriation of MedValue's trade secrets and use of MedValue's trademarks. Whether it is sooner or later, it will not save costs. A further stay of discovery would only serve to delay. Allowing Defendants to withhold information that is critical to Plaintiff's case would unfairly prejudice Plaintiff's ability to pursue his claims. Defendants' Motions are part of an effort to avoid harmful discovery on factual issues central to Plaintiff's claims for trademark infringement and trade secret misappropriation – discovery that

7

Defendants are required to provide in view of Judge Dow's denial of their Motions to Dismiss these claims.

Assivo and Karan Vaswani argue that Plaintiff is trying to obtain discovery before disclosing its trade secrets. But they completely ignore the fact that Plaintiff has already identified its trade secrets with particularity in response to Defendants' Interrogatory. Specifically, Plaintiff identified 31 specific Google Ad Word attributes that constitute MedValue trade secret information. Plaintiff also indicated that the identity of, and MedValue's relationship with, its suppliers constitute MedValue trade secret information. Thus, Defendants are well aware, with more than sufficient particularity, what information Plaintiff contends constitutes MedValue's trade secrets.

While Defendants cite to a handful of cases where courts have stayed all or some discovery pending an identification of trade secrets, they point to no such cases in the Northern District that have taken that approach. In any event, they are also distinguishable from the situation here. Many of the cases relied on by Defendants for the proposition that courts require a plaintiff to identify its trade secrets with "reasonable particularity" do not relate to requests for a stay of discovery like the ones Defendants request here. For example, *A&P Tech., Inc. v. Lariviere*, No. 1:17-cv-534, 2017 WL 6606961 (S.D. Ohio Dec. 27, 2017), was a case where the court ordered a pre-discovery identification of trade secrets after denying a motion for preliminary injunction based on a claim for *threatened* misappropriation of trade secrets. In *DeRubeis v. Witten Techs.*, Inc., 244 F.R.D. 676, 680–81 (N.D. Ga. 2007), the court decided a motion to compel and for a protective order after the court made a finding that the trade secret owner's discovery responses did not specify any trade secrets. The motion to compel an identification of trade secrets in *Safety Today, Inc. v. Roy*, No. 2:12-cv-510, 2014 WL 12749231

8

(S.D. Ohio Feb. 11, 2014) was filed in the latter stages of discovery and did not involve a motion to stay discovery pending an identification of trade secrets.  Finally, *StoneEagle Servs., Inc. v. Valentine*, No. 3:12-cv-1687, 2013 WL 9554563, at *2 (N.D. Tex. June 5, 2013), involved a motion filed at the outset of the case for a pre-discovery identification of trade secrets and defendants had not served an interrogatory requesting an identification of trade secrets, as has been done in the present case.

      On the other hand, one of the cases cited by Defendants also recognized that some courts have declined to require pre-discovery identification of trade secrets in trade secret cases, stating:

> On the other hand, some federal courts in recent years have declined to require the plaintiff to identify its alleged trade secrets before being allowed to conduct discovery. See, e.g., *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *7 (D. Nev. Sept. 6, 2012) (affirming magistrate judge's decision not to require the plaintiff to identify its trade secrets 'because of their voluminosity' and noting that 'a listing of every trade secret would draw an objection from Defendant that they must be narrowed, leading to additional discovery disputes and delays, and that a protective order against disclosure would protect Defendant's interests'); *Montgomery v. eTreppid Techs., LLC*, 2008 WL 2277118, at *10–11 (D. Nev. May 29, 2008) (permitting eTreppid to take discovery on its trade secret counterclaim against Montgomery without first specifically identifying its own trade secrets at issue).

*A&P Tech., Inc. v. Lariviere*, No. 1:17-cv-534, 2017 WL 6606961 at * 8 (S.D. Ohio Dec. 27, 2017).

      Defendants also cite a number of other cases for the purported proposition that courts "routinely require trade secret plaintiff to specify trade secret information prior to proceeding with discovery."  But those cases are distinguishable from the situation here, and in none of them did the court actually grant the broad relief requested by Defendants in the present case.  In *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147 (D. Ore. 2015), and *Dura Global Techs. Inc. v. Magna Donnelly Corp.*, No. 07-cv-10945-DT, 2007 WL 4303294 (E.D. Mich. Dec. 6, 2007), the courts ordered an identification of trade secrets *before requiring defendants to produce their*

9

*own confidential information and trade secrets in discovery*. Similarly, in the *AutoMed Technologies, Inc. v. Eller,* 160 F.Supp.2d 915 (2001), a case cited by Assivo and in this Court's Order of February 14, 2019, the defendants sought a protective order to delay production of relevant discovery materials relating to their own trade secrets due to an insufficient identification of trade secrets by plaintiff. In that case, the Court noted that "[m]ovants do not seek to suspend discovery in its entirety, only that portion which implicates their trade secrets. Discovery should proceed unhindered on the other counts." *Id.* at 926.

But here, neither Assivo nor the individual Defendants claim that they are seeking to protect their own trade secrets. In any event, entry of an appropriate Protective Order can protect disclosure of any such information.

Of the remaining cases cited by Defendants, many do not involve a stay of discovery at all. Others are very different from the situation here where Defendants have requested a broad stay of discovery as to all issues until Plaintiff provides discovery and without asking the Court to decide as to the sufficiency of Plaintiff's disclosure. For instance, *Del Monte Fresh Produce Co. v. Dole Food Co. Inc.*, 148 F. Supp. 2d 1322, 1325–26 (S.D. Fla. 2001), involved a motion to compel an identification of trade secrets, but did not relate to any type of stay of discovery. *Switch Commc'ns Grp. v. Ballard*, No. 11- cv-00285, 2012 WL 2342929, at *6 (D. Nev. June 19, 2012), related to a *plaintiff's* motion to compel discovery from a defendant. The Court denied the motion because, after reviewing plaintiff's supplemental interrogatory responses, it found that plaintiff had not identified its trade secrets in reasonable detail and held that defendants did not have to respond to discovery relating to the alleged trade secret misappropriation until plaintiff did so. In *Ikon Office Solutions, Inc. v. Konica Minolta Bus. Solutions, USA Inc.*, No. 08-cv-539, 2009 WL 4429156, at *4 (W.D.N.C. Nov. 25, 2009), the case was in a very different stage than

10

the one here. Both parties had served discovery requests and filed cross-motions to compel discovery. The Court ordered the plaintiff to provide a more specific identification of trade secrets, but did not order a stay of discovery. Separately, the defendant was also granted a protective order against disclosure of certain confidential information that was not sufficiently necessary and relevant to the case. *DeRubeis v. Witten Techs.*, Inc., 244 F.R.D. 676, 680–81 (N.D. Ga. 2007) was discussed above and related to a motion to compel discovery responses and for a protective order.

Assivo contends that this case is in its early stages and that the status has not materially changed since the Court granted the last stay when Motions to Dismiss were pending. But the status has materially changed – the Motions to Dismiss have now long been decided and Plaintiff's trade secret claims and trademark infringement claims are going forward. So, the procedural posture in this case is significantly different now than it was in February 2019 when the prior stay was entered.

Assivo further contends that Plaintiff's Complaint avers that the alleged Google Adwords that are trade secrets are stored in a password protected file, so Mr. Bhatia should be able to identify and produce those documents. This argument is entirely disingenuous. As Assivo surely knows, Raju Vaswani terminated administrative access rights to MedValue's AdWords account for Mr. Bhatia's MedValue email address and assigned them to an email address at Assivo. If Defendants contend Plaintiff must produce these documents, this Court should order Raju Vaswani to restore Mr. Bhatia's access so Plaintiff can provide them. It is information that will be provided in discovery by MedValue either way and Mr. Bhatia, as co-owner and an officer of MedValue, should be allowed access to the account.

11

Defendants' additional contention that a stay will reduce the burden on the Court is also incorrect. Defendants have already complained that the identification of the trade secrets in the Complaint was not sufficient – Judge Dow disagreed. Defendants now apparently contend that Plaintiff's Interrogatory Response does not allow them to understand the nature of the alleged trade secrets. Allowing Defendants to complain about the sufficiency of the identification of the trade secrets before providing discovery will likely result in more motion practice and delay.

B. <u>Mr. Bhatia Is Entitled To Discovery Based On The Claims In This Case</u>

Defendants' use of the MedValue trademark and how and whether they misappropriated MedValue's Google AdWords and supplier information for use in offering competing services are key issues for Plaintiff's claims. Defendants seek to avoid discovery that they must produce and propose delaying their obligations until there has been an identification of trade secrets, while ignoring that Plaintiff already has done so. Regardless of the trade secret identification issue, Defendants have an obligation to produce materials relating to the trademark issues, which will likely involve at least some overlap with the trade secret issues.

Defendants have also contended that discovery is closed, even though Judge Dow's Order resolving the Motions to Dismiss was issued on September 25, 2019 and Defendants themselves served discovery on Plaintiff after the decision. Defendants are simply refusing to search for and produce the records that could result in defeating Mr. Bhatia's claims if – and only if – their denials that they misappropriated MedValue's trade secret information and infringed MedValue's trademarks were truthful.

Defendants also suggest that the discovery served by Plaintiff is too broad and would be too burdensome and expensive for them to respond. This argument is a red herring. Defendants have refused to even respond to the discovery Plaintiff served and did not timely serve any

12

objections. Defendants did not file a Motion to Quash or Motion for Protective Order either. Defendants' objections have therefore been waived.[3] Defendants have offered no explanation as to why it would be "burdensome and expensive" for them to respond to the discovery requested at this stage in the litigation. They have not indicated what volume of materials would need to be searched, so there is no basis for them to claim it would be overly burdensome for them to respond to Plaintiff's discovery.

    C. <u>Defendants' Other Requests Should Be Denied</u>

Defendants Assivo and Karan Vaswani also contend that Plaintiff should not be permitted to amend the trade secret list or add to it once discovery begins. There is no support for this request and it is contrary to the Federal Rules. Parties are allowed, and in fact obligated, to amend their discovery responses during discovery as information becomes available. If, during discovery, Plaintiff discovers that additional trade secrets were misappropriated he will amend his Interrogatory Responses as required by the Rules. The *Thermodyne Food Serv. Prods, Inc. v. McDonalds Corp.*, 940 F. Supp. 1300, 1304 n.4 (N.D. Ill. 1996), case cited by Assivo has nothing to do with preventing supplementation of trade secret identification after discovery begins. In *Thermodyne*, the court was deciding defendant's summary judgment motion on a trade secret claim. The Court sought to identify the alleged trade secrets as part of its analysis. Defendants claimed that plaintiff was improperly expanding its identification of its trade secrets in its summary judgment response brief from the identification in its disclosures. The court

---

[3] Defendants refusals to respond to Plaintiff's discovery are now the subject of Plaintiff's motion to compel. (See Dkt. 102). The fact that Defendants filed a motion for a discovery stay does not substitute for serving objections. Failure to timely respond or serve any objections to the requests waives them. Merely filing a motion to stay does not alter defendants' responsibilities under the Federal Rules. "Until an order granting the motion is entered, discovery is not stayed, and a party cannot simply ignore valid discovery requests on the ground that [its] motion to stay [discovery] might be granted." *Polzin v. Unifund CCR Partners*, No. 08-CV-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009).

disagreed with defendants and agreed that plaintiff's disclosure in its summary judgement brief was appropriate.

## **CONCLUSION**

The information identified by Mr. Bhatia in his Interrogatory Response (identifying 31 specific Google Ad Word attributes that are MedValue trade secret information and the identity of and MedValue's relationship with its suppliers) affords MedValue a competitive advantage and sufficiently identifies MedValue's trade secrets at this point in the litigation to allow discovery to proceed.

In the event that Court feels more specificity is needed to allow discovery to proceed, Mr. Bhatia requests that this Court order Defendant Raju Vaswani restore Sunil Bhatia's access to MedValue's Google Adwords system, to allow Plaintiff to identify information in Google AdWords system with more specificity. Raju Vaswani unilaterally and inappropriately terminated Mr. Bhatia's access to the system and has not restored it despite Mr. Bhatia's requests.

For the foregoing reasons, Mr. Bhatia requests that this Court deny Defendants' Motions and requests that this Court set a discovery schedule as requested by Plaintiff in Plaintiff's proposed discovery schedule submitted January 16, 2020.

Dated: January 16, 2020                     Respectfully submitted,

                                                                                              /s/John G. Bisbikis_____

                                                                                              Michael I. Leonard
                                                                                              John G. Bisbikis
                                                                                              LEONARDMEYER LLP
                                                                                              120 North LaSalle, Suite 2000
                                                                                              Chicago, Illinois 60602
                                                                                              (312) 380-6559
                                                                                              mleonard@leonardmeyerllp.com
                                                                                              jbisbikis@leonardmeyerllp.com
                                                                                              Attorneys for Plaintiff, Mr. Bhatia

14

## CERTIFICATE OF SERVICE

  The undersigned states that, on January 16, 2020, he caused the above to be served on Defendants' counsel of record by way of ECF filing it.


              By: */s/*John G. Bisbikis