## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SUNIL BHATIA, individually and ) 
derivatively on behalf of MEDVALUE ) 
OFFSHORE SOLUTIONS, INC., )     Case Number: 1:18-cv-2387 
         )     Hon. Beth W. Jantz 
    Plaintiff, ) 
         ) 
v. ) 
         ) 
RAJU VASWANI, an individual, KARAN ) 
VASWANI, an individual, ASSIVO, INC. (f/k/a ) 
MV OUTSOURCING, INC.), an Illinois ) 
Corporation, ) 
         ) 
    Defendants. )

## DEFENDANT, RAJU VASWANI'S, MOTION TO QUASH SUBPOENAS ISSUED BY PLAINTIFF, SUNIL BHATIA, TO GOOGLE AND NEW JUPITER MEDIA

NOW COMES Defendant, Raju Vaswani ("Vaswani"), by and through his undersigned counsel of Huck Bouma PC, and respectfully moves this Honorable Court to quash the subpoenas that have been issued by Plaintiff, Sunil Bhatia ("Bhatia"), to Google and New Jupiter Media, and in support thereof, states as follows:

## FACTUAL BACKGROUND

This case arises out Defendants' alleged misappropriation of MedValue Offshore Solutions, Inc.'s alleged trade secrets (Counts I and II) and trademarks (Counts III and IV). As it concerns the trade secrets claims, on February 1, 2019, Co-Defendants, Karan Vaswani ("Karan") and Assivo, Inc. ("Assivo") (collectively, "Co-Defendants" and with Vaswani the "Defendants"), filed their Motion to Modify the Current Discovery Schedule and to Require Plaintiff to Identify MedValue Offshore Solution, Inc.'s Alleged Trade Secrets (the "Discovery Motion"). *See* Dkt. No. 57. Vaswani joined the Motion on February 4, 2019. *See* Dkt. No. 60.

On February 14, 2019, this Court partially granted the Discovery Motion. *See* Dkt. No. 71. Specifically, this Court denied, without prejudice, Co-Defendants' request that Bhatia identify the trade secrets alleged in the Second Amended Complaint with specificity before Bhatia could compel discovery of Co-Defendants' trade secrets. This Court reasoned that the request was premature since it previously ordered a stay of discovery pending ruling on Defendants' respective motions to dismiss the Second Amended Complaint. *See* Dkt. Nos. 62, 71. At that time, the Court stated that it "agree[d] that [Bhatia] will be required first to identify *with reasonable particularity* the matter which [he] claims constitutes a trade secret, before [he] will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets." *See* Dkt. No. 71. (internal citations and quotations omitted) (emphasis added). This Court further stated that "[i]f [Bhatia's] allegations regarding trade secrets survive the motions to dismiss, defendants may re-submit their request before this Court." *See* Dkt. No. 71.

On September 25, 2019, this Court ruled on Defendants' motions to dismiss, and found that it lacked subject matter jurisdiction over numerous unrelated state law claims asserted by Bhatia. *See* Dkt. No. 83. This Court allowed Bhatia to proceed on his trade secret misappropriation (Counts I and II) and unfair competition claims (Counts III and IV). *See* Dkt. No. 83. Shortly thereafter, on October 24, 2019, Bhatia filed a motion for reconsideration. *See* Dkt No. 87. Bhatia's motion for reconsideration has been fully briefed, and is currently under consideration by this Court. Additionally, on October 11, 2019, Bhatia re-filed his Second Amended Complaint consistent with this Court's Memorandum and Order. *See* Dkt. Nos. 83, 85.

On October 17, 2019, Co-Defendants served a single interrogatory upon Bhatia that requested him to disclose the specific trade secrets he claims are at issue in this case. On

November 18, 2019, Bhatia responded to said interrogatory, but his response was significantly deficient in that it did not identify *with reasonable particularity* the matter which Bhatia claims constitutes a trade secret despite this Court's previous statements.

Accordingly, on December 23, 2019, Co-Defendants filed a renewed discovery motion requesting this Court to order Bhatia to identify the alleged trade secrets that were pled as general categories in the Second Amended Complaint. *See* Dkt. No. 97. On December 27, 2019, Vaswani filed a motion requesting this Court to continue the discovery stay and require Bhatia to identify and disclose information regarding MedValue Offshore Solutions, Inc.'s alleged trade secrets and trademarks. *See* Dkt. No. 27. Purely as a means of retaliation, Bhatia also filed discovery motions, including a motion to compel and a motion for entry of a protective order. *See* Dkt. Nos. 102, 104.

This Court ruled on the aforementioned discovery motions on January 23, 2020. *See* Dkt. No. 108. Of significant importance, at that time, this Court ordered Bhatia to supplement his interrogatory response regarding trade secret information, and further ordered the parties to meet and confer regarding the sufficiency of the supplemental response. *See* Dkt. No. 108. This Court also ordered the parties to submit a joint status report setting forth each parties' position if the parties were still in dispute following the meet and confer. *See* Dkt. No. 108. This Court further set certain discovery deadlines with respect to party written discovery. *See* Dkt. No. 108.

On February 7, 2020, Bhatia submitted a revised response to Co-Defendants' interrogatory and designated the same "attorneys' eyes only." However, as established in Co-Defendants' most recent motion to compel, Bhatia's interrogatory response remains deficient in that it again fails to identify the alleged trade secrets with any particularity, and further fails to

explain how the broadly defined categories of information constitute trade secrets. *See* Dkt. No. 121.

On February 10, 2020, this case was reassigned to the Honorable Beth W. Jantz. *See* Dkt. No. 114. Thereafter, on February 27, 2020, the parties presented for an initial status hearing. At that time, this Court ordered Co-Defendants to file their motion to compel relative to Bhatia's insufficient interrogatory answer by February 28, 2020, and ordered Bhatia to file his response by March 11, 2020. *See* Dkt. No. 120.

As the Court will recall, at the February 27, 2020 status conference, counsel for Bhatia and for Vaswani called the Court's attention to the fact that both sides had discovery requests outstanding to the other side, including Requests for Admission served by Vaswani on January 23, 2020. In a clear indication that the Court did not intend for discovery to proceed further until the motion to compel was ruled upon, this Court indicated that neither side was required to respond to the other's discovery at this time, and to date, Bhatia has not answered Vaswani's Requests for Admission. This Court further stated that it would reset written and fact discovery deadlines on March 23, 2020, when it was to hear and rule upon Co-Defendants' motion to compel[1]. *See* Dkt. No. 120.

This ruling was consistent with the entire purpose of the motion to compel, which is that Bhatia should not be permitted to use the discovery process to fish for evidence to support his claims, unless and until he has made a sufficient showing to support the elements of his purported trade secrets claims. Indeed, if Bhatia is under the impression that discovery is to proceed even while the parties await ruling on the motion to compel, there is no explanation

_____

[1] As a result of coronavirus pandemic, the March 23, 2020 status and hearing date was stricken and has been rescheduled to April 28, 2020. *See* Dkt Nos. 130, 132.

whatsoever as to why he has not answered the Requests for Admission that were served upon him in January.

Notwithstanding the exchange that occurred before this Court at the February 27, 2020 status hearing and this Court's February 27, 2020 Order, on March 10, 2020, Bhatia issued broad subpoenas for records to Google and New Jupiter Media, third parties to this case. A copy of each subpoena is attached hereto as Exhibits 1 and 2, respectively. As more fully discussed herein, the subpoenas issued to Google and New Jupiter Media must be quashed because they are premature and violate the spirit of the colloquy that took place before this Court on February 27, 2020.

## LAW & ARGUMENT

### I.     The Subpoenas Must Be Quashed Because They Are Premature And Violate The Colloquy That Took Place Before This Court On February 27, 2020.

It is well established that "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Phipps* v. *Adams*, 2012 WL 3074047, *3 (S.D. Ill. 2012) (internal quotations and citations omitted). Here, Vaswani has standing to quash the subpoenas issued to Google and New Jupiter Media, because he has a legitimate interest in the administration of the instant legal proceeding since he is a named party and the third-party subpoenas seek broad information pertaining to Vaswani and his business, MedValue Offshore Solutions, Inc. *See id*.

As discussed above, based upon the colloquy that took place on February 27, 2020, it has appeared evident that this Court did not intend that written discovery would proceed pending ruling on Co-Defendants' motion to compel, and that is why Bhatia has been excused from answering the Requests for Admission. Notwithstanding this, although Bhatia was present in Court on February 27, 2020 via his counsel, he nevertheless issued the third-party subpoenas on

March 10, 2020, while simultaneously not answering the Requests for Admission. This Court must quash the subpoenas as they are premature. In the alternative, if Bhatia truly believes that discovery is open and ongoing in this matter, this Court should deem all of the Requests for Admission admitted, as the time for Bhatia to deny them has long passed.

Additionally, as Co-Defendants' establish in their motion to compel, federal courts routinely require plaintiffs in trade secret cases to specify trade secret information before written discovery proceeds for various reasons. *See Del Monte Fresh Produce Co. v. Dole Food Co. Inc.*, 148 F. Supp. 2d 1322, 1325–26 (S.D. Fla. 2001); *Switch Commc'ns Grp. v. Ballard*, No. 11-cv-00285, 2012 WL 2342929, at *6 (D. Nev. June 19, 2012); *Ikon Office Solutions, Inc. v. Konica Minolta Bus. Solutions*, USA Inc., No. 08-cv-539, 2009 WL 4429156, at *4 (W.D.N.C. Nov. 25, 2009); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680–81 (N.D. Ga. 2007); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147 (D. Ore. 2015) (citation omitted); *Dura Global Techs. Inc. v. Magna Donnelly Corp.*, No. 07-cv-10945-DT, 2007 WL 4303294 (E.D. Mich. Dec. 6, 2007) ("Ordering the list of trade secrets at the outset of the litigation is a common requirement." (citation and quotation omitted)).

One of the numerous reasons for requiring a plaintiff to identify his trade secrets with specificity before discovery proceeds is to deny a plaintiff the "opportunity to craft a trade secret claim to fit the evidence" obtained during discovery. *Vesta Corp.*, 147 F. Supp. 3d at 1153 (internal citation omitted). "Requiring the plaintiff to state its claimed trade secrets prior to engaging in discovery ensures that it will not mold its cause of action around the discovery it receives." *Switch Commc'ns Grp.* 2012 WL 2342929, at *4 (internal citation omitted). Here, the broad scope of the subpoena requests unequivocally demonstrate that Bhatia issued the subpoenas in an attempt to craft his trade secret claims around whatever documents he may

receive from Google and New Jupiter Media, which is wholly improper and frowned upon by federal courts as discussed herein. The fact that Bhatia has failed to specify any trade secret information with specificity to date is proof that he has no information to support his trade secret claims and is hoping to rely upon information obtained from third parties. Put simply, Bhatia should not be allowed to issue third party subpoenas as he sees fit given this Court's comments on February 27, 2020 excusing Bhatia himself from answering Requests for Admission, especially since Bhatia has failed to identify the alleged trade secrets with any reasonable particularity to date.

## CONCLUSION

WHEREFORE, Defendant, Raju Vaswani, respectfully requests that this Honorable Court:

A. Grant his Motion to Quash the Subpoenas Issued by Plaintiff, Sunil Bhatia, to Google and New Jupiter Media; and,

B. Award such other and further relief deemed equitable and just.

Respectfully submitted,

RAJU VASWANI

By: /s/ Thomas A. Christensen
Attorney for Defendant, Raju Vaswani

Thomas A. Christensen
Illinois ARDC Number: 6215881
tchristensen@huckbouma.com
Jenna N. Wadulak
Illinois ARDC Number: 6309859
jwadulak@huckbouma.com
Huck Bouma, PC
1755 South Naperville Road
Suite 200
Wheaton, Illinois 60189
(630) 221-1755

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 1st day of April, 2020:

1.      I filed *Defendant, Raju Vaswani's, Motion to Quash Subpoenas Issued by Plaintiff, Sunil Bhatia, to Google and New Jupiter Media* by filing it with the Clerk of the Court via electronic means on April 1, 2020.

2.      I served *Defendant, Raju Vaswani's, Motion to Quash Subpoenas Issued by Plaintiff, Sunil Bhatia, to Google and New Jupiter Media* by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3.      I made the electronic filing on April 1, 2020.

By: /s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\Motion to Quash Subpoenas.docx

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | | |
|---|---|---|
| SUNIL BHATIA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-cv-2387 |
| RAJU VASWANI, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      GOOGLE
801 Adlai Stevenson Drive, Springfield, Illinois 62703

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Please see attached rider (Exhibit A).**

| Place: LeonardMeyer, LLP (Attn: John Bisbikis) 120 N. Lasalle Street, Suite 2000, Chicago, IL 60602 | Date and Time: 04/07/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/10/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      **Plaintiff,**
Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc.  , who issues or requests this subpoena, are:

John Bisbikis, 120 N. LaSalle Street, Suite 2000, Chicago, IL 60602; jbisbikis@leonardmeyerllp.com; 312-374-8084.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



EXHIBIT

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-2387

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS AND INSTRUCTIONS:

1. The term and time period shall mean "relevant time period" for purposes of this Notice and Rider, shall be from January 1, 2014 through the present.

2. The term "Defendants" shall mean the Defendants to this action, Raju Vaswani, Karan Vaswani, and Assivo, Inc. (f/k/a MV Outsourcing, Inc) and any of its present or former employees, directors, officers, agents, attorneys, and representatives.

3. The term "Plaintiff" shall mean the Plaintiff to this action, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc. ("Medvalue") and any of its present or former employees, directors, officers, agents, attorneys and representatives.

4. The term "Google" shall mean the subject of the Subpoena, known and/or doing business as Google and any of its present or former employees, directors, officers, agents, attorneys and representatives.

### DOCUMENTS TO BE PRODUCED:

1. During the relevant time period, all contracts or agreements between Google and MedValue Offshore Solutions, Inc.

2. During the relevant time period, all contracts or agreements between Google and Raju Vaswani.

3. During the relevant time period, all contracts or agreements between Google and Karan Vaswani.

4. During the relevant time period, all contracts or agreements between Google and Assivo, Inc. (f/k/a MV Outsourcing, Inc.).

5. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with MedValue Offshore Solutions, Inc, including but not limited to all emails exchanged between Google and any email address at the following domains: : medvaluebpo.com, and data-entry-services.com.

6. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with Raju Vaswani, including but not limited to all emails exchanged between Google and the Email addresses: rajv@medvaluebpo.com, rajv@mvoutsourcing.com, rvaswani@yahoo.com, rajv@assivo.com, and rajv@task-genie.com.

7. 7.     During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with Karan Vaswani, including but not limited to the following email addresses: karan@mvoutsourcing.com, karan@task-genie.com, karan@assivo.com, sales@assivo.com, hello@assivo.com, hello@task-genie.com, sales@task-genie.com, and kvaswani@gmail.com.

8. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with anyone at Assivo, inc. (f/ka/ MV Outsourcing, Inc.) including but not limited to all emails exchanged between Google and any email address at the following domains: MVOutsourcing.com, Assivo.com and Task-genie.com.

9. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to AdWords campaigns, keywords, negative keywords and other attributes in MedValue Offshore Solutions, Inc.'s Google AdWords account (Account #472-455-4429).

10. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Raju Vaswani.

11. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Karan Vaswani.

12. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Assivo, Inc. (f/k/a MV Outsourcing, Inc.)

13. During the relevant time period, a copy of all logs for MedValue Offshore Solutions, Inc.'s Google Adwords account: ACCOUNT #: 472-455-4429.

14. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Raju Vaswani.

15. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Karan Vaswani.

16. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Assivo, Inc. (f/k/a MV Outsourcing, Inc.).

17. During the relevant time period, all invoices to MedValue Offshore Solutions, Inc. for MedValue Offshore Solutions, Inc.'s Google Adwords account: ACCOUNT #:472-455-4429.

18. During the relevant time period, all invoices for all AdWords accounta owned or controlled by Raju Vaswani.

19. During the relevant time period, all invoices for all AdWords accounts owned or controlled by Karan Vaswani.

20. During the relevant time period, all invoices for all AdWords accounts owned or controlled by Assivo, Inc. (f/k/a MV Outsourcing, Inc.)

21. During the relevant time period, all communications between Google and New Jupiter Media concerning MedValue Offshore Solutions, Inc.

22. During the relevant time period, all communications between Google and New Jupiter Media concerning Karan Vaswani.

23. During the relevant time period, all communications between Google and New Jupiter Media concerning Assivo, Inc. (f/k/a MV Outsourcing, Inc.).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| SUNIL BHATIA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18-cv-2387 |
| RAJU VASWANI, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **NEW JUPITER MEDIA**
**52 Broad St, Keyport, NJ 07735**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Please see attached rider (Exhibit A).**

| Place: LeonardMeyer, LLP (Attn: John Bisbikis)<br>120 N. Lasalle Street, Suite 2000, Chicago, IL 60602 | Date and Time:<br><br>04/07/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/10/2020

CLERK OF COURT

OR _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff,**
Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc. , who issues or requests this subpoena, are:
John Bisbikis, 120 N. LaSalle Street, Suite 2000, Chicago, IL 60602; jbisbikis@leonardmeyerllp.com; 312-374-8084.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-2387

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

**DEFINITIONS AND INSTRUCTIONS:**

1. The term and time period shall mean "relevant time period" for purposes of this Notice and Rider, shall be from January 1, 2014 through the present.

2. The term "Defendants" shall mean the Defendants to this action, Raju Vaswani, Karan Vaswani, and Assivo, Inc. (f/k/a MV Outsourcing, Inc.) and any of its present or former employees, directors, officers, agents, attorneys, and representatives.

3. The term "Plaintiff" shall mean the Plaintiff to this action, Sunil Bhatia, derivatively on behalf of MedValue Offshore Solutions, Inc. ("Medvalue") and any of its present or former employees, directors, officers, agents, attorneys and representatives.

4. The term "NEW JUPITER MEDIA" or "NJM" shall mean the subject of the Subpoena, known and/or doing business as New Jupiter Media, and any of its present or former employees, directors, officers, agents, attorneys and representatives.

**DOCUMENTS TO BE PRODUCED:**

1. During the relevant time period, all contracts or agreements between NJM and MedValue Offshore Solutions, Inc.

2. During the relevant time period, all contracts or agreements between NJM and Raju Vaswani.

3. During the relevant time period, all contracts or agreements between NJM and Karan Vaswani.

4. During the relevant time period, all contracts or agreements between NJM and Assivo, Inc. (f/k/a MV Outsourcing, Inc.).

5. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with MedValue Offshore Solutions, Inc, including but not limited to all emails exchanged between NJM and any email address at the following domains: : medvaluebpo.com, and data-entry-services.com.

6. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with Raju Vaswani, including but not limited to all emails exchanged between NJM and the Email addresses: rajv@medvaluebpo.com, rajv@mvoutsourcing.com, rvaswani@yahoo.com, rajv@assivo.com, and rajv@task-genie.com.

7. 7. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with Karan Vaswani, including but not limited to the following email addresses: karan@mvoutsourcing.com, karan@task-genie.com, karan@assivo.com, sales@assivo.com, hello@assivo.com, hello@task-genie.com, sales@task-genie.com, and kvaswani@gmail.com.

8. During the relevant time period, all communications, including, ESI (e.g. emails, documents and business records) with anyone at Assivo, inc. (f/ka/ MV Outsourcing, Inc.) including but not limited to all emails exchanged between Assivo and any email address at the following domains: MVOutsourcing.com, Assivo.com and Task-genie.com.

9. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to AdWords campaigns, keywords, negative keywords and other attributes in MedValue Offshore Solutions, Inc.'s Google AdWords account (Account #472-455-4429).

10. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Raju Vaswani.

11. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Karan Vaswani.

12. During the relevant time period, all ESI (e.g. emails, documents and business records) relating to all Google AdWords accounts owned or controlled by Assivo, Inc. (f/k/a MV Outsourcing, Inc.)

13. During the relevant time period, a copy of all logs for MedValue Offshore Solutions, Inc.'s Google Adwords account: ACCOUNT #: 472-455-4429.

14. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Raju Vaswani.

15. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Karan Vaswani.

16. During the relevant time period, a copy of all logs for all Google Adwords accounts owned or controlled by Assivo, Inc. (f/k/a MV Outsourcing, Inc.).

17. During the relevant time period, all invoices to MedValue Offshore Solutions, Inc.

18. During the relevant time period, all invoices to Raju Vaswani.

19. During the relevant time period, all invoices Karan Vaswani.

20. During the relevant time period, all invoices to Assivo, Inc. (f/k/a MV Outsourcing, Inc.)

21. During the relevant time period, all communications between Google and New Jupiter Media concerning MedValue Offshore Solutions, Inc.

22. During the relevant time period, all communications between Google and New Jupiter Media concerning Karan Vaswani.

23. During the relevant time period, all communications between Google and New Jupiter Media concerning Assivo, Inc. (f/k/a MV Outsourcing, Inc.).