**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-2387 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| RAJU VASWANI, an individual, KARAN VASWANI, and individual, MV OUTSOURCING INC., an Illinois Corporation | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., an Illinois Corporation, | ) ) ) ) ) ) | |
| Counter-plaintiff and Third-party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SUNIL BHATIA, an individual, | ) ) | |
| Counter-defendant, | ) ) | |
| and | ) ) | |
| VARSHA BHATIA, an individual, | ) ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sunil Bhatia and Defendant Raju Vaswani spent more than a decade operating a business together; now, they are suing each other over the breakdown of their business relationship. Sunil[1] accuses Raju of using funds and assets from their joint venture, MedValue Offshore Solutions, Inc., to start a competing business with his son, and Sunil asserts some claims on behalf MedValue. In counterclaims and a third-party complaint, Raju accuses Sunil and his wife of operating a side business with MedValue funds, and he too asserts some claims on behalf of MedValue.

The Court previously dismissed certain state-law claims and counterclaims for lack of subject matter jurisdiction but allowed two federal claims and their analogous state claims to proceed. See [83]. Sunil moved for reconsideration of the dismissal of his state-law claims. Sunil's motion for reconsideration [87] is denied with respect to Count X and granted with respect to Counts V through VIII. The Court reinstates counts V through VIII in the second amended complaint [44] and counterclaims I, II, III, and V in the first amended counterclaim and third-party complaint [64].

**I.      Background**

On September 28, 2018, Sunil filed a second amended complaint alleging that his business partner Raju torpedoed their joint venture, MedValue, by starting a competing business and using MedValue assets to do so. A full description of the claims therein and the facts giving rise to the second amended complaint (and Raju's counterclaims and the third-party complaint) is set forth in the Court's previous opinion [83]. See *Bhatia v. Vaswani*, 2019 WL 4674571 (N.D. Ill. Sept. 25, 2019). The Court assumes familiarity with those facts. On September 25, 2019, the Court

---

[1] Because so many of the relevant players in the dispute have the same last names, the Court uses first names where necessary to avoid confusion.

issued a Memorandum and Opinion Order (the "Dismissal Order") that (1) declined to dismiss Sunil's federal claims for unfair competition and misappropriation of trade secrets and the analogous state-law claims, and (2) dismissed Sunil's remaining state law claims (Counts IV through X) on the finding that they and the federal claims did not arise from a common nucleus of operative fact, and the Court therefore lacked subject matter jurisdiction. The Court also determined that, even if it had subject matter jurisdiction, the state-law claims would substantially predominate over the federal claims, so the Court would decline to exercise subject matter jurisdiction.

On October 24, 2019, Sunil moved for reconsideration of the Dismissal Order [87], specifically the portion that dismissed Counts V through VIII and X, on two grounds.[2] First, he argues that Counts V through VIII and X arise from the same nucleus of operative fact as Counts I through IV, so the Court does have subject matter jurisdiction. Second, he argues that he likely cannot refile the dismissed claims in state court. Sunil states that he previously filed a complaint in state court containing essentially the same claims as the state-law claims this Court dismissed in its order on September 25, 2019, but he later voluntarily dismissed that complaint. According to Sunil, the "single refiling rule" likely bars him from bringing the dismissed claims in state court, which Sunil says should prompt this Court to retain jurisdiction over the dismissed state-law claims. After the motion for reconsideration was filed, the Court directed the parties to address whether the state law claims would predominate over the federal claims and allowed Sunil to file a supplemental brief on that topic before Raju's response was due. See [89].

**II.     Legal Standard**

Sunil's motion asks the Court to reconsider its prior ruling "pursuant to Rules 59 and 60

---

[2] The motion does not ask the Court to reconsider its dismissal of Count IX. See [87, at 1].

3

and its own inherent authority to reconsider its Orders." [87, at 4.] Raju argues that Rule 60 is inapplicable because "by its terms that rule is limited to 'final' judgments or orders, and is inapplicable to interlocutory orders." [94, at 4], citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006). Raju also asserts that Rule 59(e) does not apply because Sunil's motion was filed more than 28 days after the Dismissal Order was entered. *Id.*, *citing Helm v. Resolution Tr. Corp.*, 43 F.3d 1163, 1166–67 (7th Cir. 1995). Sunil's reply appears to concede those arguments and asserts that his motion's reference to the Court's "inherent authority" to reconsider orders was an invocation of Rule 54(b), which allows the Court to revise interlocutory orders.

Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Sunil's motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." See *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). Motions to reconsider under Rule 54(b) "are

4

judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

### III. Analysis

Sunil presents no newly discovered evidence, so the Court analyzes whether the record clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller*, 683 F.3d at 813. The Court has carefully assessed the parties' original briefing on the motion to dismiss, the briefing on the motion to reconsider, and the second amended complaint and related documents. The motion for reconsideration places three issues before this Court. First is whether 735 ILCS 5/13-217, the Illinois single refiling rule, grants or warrants retention of jurisdiction over Sunil's state-law claims. Next is whether the Court incorrectly determined that the dismissed state-law claims and the federal claims do not arise out of a common

nucleus of operative fact. If so, the final issue is whether the state-law claims that the Court previously dismissed would predominate over the federal claims. The Court addresses each question in turn.

### A. The Illinois Single Refiling Rule

According to Sunil, the application of Illinois' single refiling rule warrants the Court exercising supplemental jurisdiction over Sunil's state-law claims. To unpack that argument: Sunil started this legal battle with Raju on February 14, 2018 by filing a complaint in an Illinois state court in DuPage County (Case No. 2018CH000207) against the same defendants as in this action, Raju Vaswani, Karan, Vaswani and Assivo, Inc. [87, at 2.] That suit included claims for violation of the Illinois Trade Secrets Act (765 ILCS 1065, et seq.), breach of fiduciary duties, breach of the duty of loyalty, unjust enrichment (regarding the alleged transfer of MedValue shares), remedies under 805 ILCS 5/12.56, and civil conspiracy to interfere with MedValue's customer relations. On February 22, 2018, Sunil filed a Motion for Voluntary Non-Suit pursuant to 735 ILCS 5/2 1009 to dismiss the prior state court action, without prejudice, which the state court granted on February 28, 2018. [87, at 3.]

On April 3, 2018, Sunil filed this case in federal court. The federal complaint asserted one federal claim—unfair competition under 15 U.S.C. § 1125(a)—plus violations of an analogous Illinois state law, violations of state-law fiduciary duties and the duty of loyalty, conversion, and acclaim for declaratory judgment regarding the alleged transfer of MedValue shares a decade earlier. [1, at 11-22.] Another federal claim, misappropriation of trade secrets under the Defend Trade Secrets Act (18 U.S.C. §1831 et seq.) and an analogous state-law claim were later added. See [44, at 18-20.] This Court dismissed all of the claims except the federal trademark and trade secret claims and their state-law analogues on September 25, 2019. [83]. Now, Sunil says it is

6

likely that he cannot refile those dismissed state-law claims because of 735 ILCS 5/13-217 ("Section 13-217").

Under Section 13-217, "a plaintiff is permitted one, and only one, refiling of an action." *Hurst v. Capital Cities Media, Inc.*, 754 N.E.2d 429, 438 (2001). This is commonly known as the single refiling rule. When a plaintiff voluntarily dismisses a case that he filed in Illinois state court, the single refiling rule is triggered. *Alper v. Altheimer & Gray*, 257 F.3d 680, 683 (7th Cir. 2001) (citing *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636 (1997)). A refiling in either in either state court or federal court counts as a refiling for the purposes of this rule. See *Timberlake*, 676 N.E.2d at 635. Additionally, a case that dismissed from federal court for lack of subject matter jurisdiction still counts as a refiling. See *Brzozowski v. Zdrzalka*, 2011 WL 10071978, at *3 (Ill. App. Ct. May 10, 2011) ("after the United States district court dismissed plaintiff's suit for lack of jurisdiction, section 13–217 permitted plaintiff 'one, and only one,' refiling of his action").[3] Sunil already filed a complaint in state court and voluntarily dismissed that case, then filed essentially the same claims in federal court (plus federal trademark and trade secret claims), so Sunil argues that Section 13-217 likely bars him from refiling the claims the Court dismissed in its September 25, 2019 order. Because he probably cannot bring these claims (Counts V through VIII and X) in Illinois court again, Sunil argues that the prejudice he faces by losing the chance to pursue those claims should persuade the Court to exercise supplemental jurisdiction over them.

The Court disagrees, for reasons similar to those expressed in *Guaranteed Rate, Inc. v. Warren Barr*, 2013 WL 2452293 (N.D. Ill. June 5, 2013). In *Barr*, the court dismissed the plaintiff's RICO claim under Fed. R. Civ. P. 12(b)(6) and, because the RICO claim was the sole basis for federal subject matter jurisdiction, the Court declined to exercise supplemental

---

[3] Although this opinion was filed under Illinois Supreme Court Rule 23 and therefore may not be cited as precedential, the Court finds the relevant facts in the case analogous and its reasoning persuasive.

jurisdiction over the plaintiff's nineteen remaining state law claims. *Id.* at *1. The plaintiff moved for reconsideration under Fed. R. Civ. P. 59(e), arguing (in relevant part) that it had already filed and voluntarily dismissed the claims in Illinois court before filing the federal case and Section 13-217 would prevent refiling those state claims in state court.

The *Barr* court first noted that the statute of limitations exception to relinquishing supplemental jurisdiction does not apply in the situation it faced because Section 13–217 is not a statute of limitation. *Barr*, 2013 WL 2452293, at *5. Section 13–217 imposes no limitation period of its own upon any causes of action arising under Illinois law, but instead is a "'savings statute' [which] enumerates the circumstances under which the statute of limitations for certain actions *may be extended.*" *Reyes v. Court of Claims of State of Ill.*, 702 N.E.2d 224, 230 (Ill. App. Ct. 1998) (emphasis added). Thus, the plaintiff's claims were not time-barred pursuant to a statute of limitation, but rather limited by an Illinois rule designed to prevent multiple refilings. *Id.*

The *Barr* court also held that "the Illinois single refiling rule cannot force a federal court to retain supplemental jurisdiction over state-law claims based on the statute of limitations exception." *Id.*, at *5. Holding otherwise would allow plaintiffs to compel federal courts to hear cases arising entirely under state law without complete diversity of parties. *Id.* The court acknowledged that protecting the limits of federal jurisdiction might create difficulties for the plaintiff, but noted that "[t]o the extent this outcome yields a harsh result for [plaintiff], it is a result occasioned by [plaintiff's] own litigation strategy," referring to the plaintiff's "strategic decision" to file a case in Illinois state court, voluntarily dismiss, then file the same claims in federal court. *Id.* at *6.

*Barr's* reasoning applies here, too. The relevant facts are quite similar: Sunil, like the plaintiff in *Barr*, faced application of Section 13-217 after a federal court declined to exercise

8

supplemental jurisdiction over his state law claims. The procedural posture is a little different, though parallel. *Barr* concerned a motion under Rule 59(e); this Court is considering a motion under Rule 54(b), which is "judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The *Barr* court was asked to reconsider a decision under 28 U.S.C. § 1367(c)(3), which allows relinquishment of supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." Sunil asks this Court to reconsider relinquishment of supplemental jurisdiction under a parallel subsection, 28 U.S.C. § 1367(c)(2), which allows a court to decline supplemental jurisdiction when the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."[4] (Sunil also challenges the Court's determination that his state and federal claims do not arise from the same nucleus of operative fact, as discussed below.)

*Barr's* reasoning is persuasive. Holding otherwise would allow plaintiffs to force federal courts to hear state-law cases arising from facts separate from any federal claims, even when the state-law claims would predominate over, or overwhelm, the federal causes of action. The Court is sensitive to the likelihood that Sunil will not be able to bring his claims again in an Illinois court, but plaintiffs and their counsel—not courts—are responsible for their own strategic decisions in litigation, including where to file and when to voluntarily dismiss complaints.[5]

---

[4] In fact, Sunil's briefs seem to mix arguments that the Court should *retain* jurisdiction with arguments that the Court should find that it *has* supplemental jurisdiction on the basis that the single refiling rule likely bars Sunil from refiling his state claims in state court. Either way, the Court is not persuaded.

[5] Plaintiff's representation by capable and zealous counsel, who have considerable experience practicing in federal court, distinguishes this case from *Foster v. Local Union 8A-28A Metal Refinishers, Painters, Sign & Display, Equip. & Auto. Painters*, 2018 WL 4467118, at *3 (N.D. Ill. Sept. 17, 2018) (retaining supplemental jurisdiction over state law claims in part because plaintiffs "were *pro se* at the time they refiled their claims in federal court.").

Sunil cites two cases in support of his argument that the Court finds unpersuasive. First, Sunil cites *Holdt v. A-1 Tool* as an example of a district court retaining jurisdiction over state-law claims when Section 13-217 would prevent the plaintiff from refiling them in state court. [87, at 7] (citing *Holdt v. A-1 Tool,* 2010 WL 3034761, at *2 (N.D. Ill. Aug. 3, 2010)). *Holdt* does not support Sunil's argument that the single refiling rule is a reason for the Court to exercise or retain jurisdiction over his state law claims. In *Holdt*, the Court granted summary judgment against the plaintiffs on their federal claims and dismissed the state-law claims. On a motion for reconsideration, the court noted that it was "unaware that plaintiff * * * had previously filed suit in state court * * * alleging claims based on facts similar in part to those in the instant case." *Holdt*, 2010 WL 3034761, at *1. The court then took the new information about the plaintiff's previous complaint as a reason to reconsider its dismissal of the state-law claims, but specifically noted that the decision "[was] not concluding that supplemental jurisdiction necessarily exists." *Id.* at *2. So *Holdt* does not, as Sunil suggests, support the proposition that this Court has supplemental jurisdiction over Sunil's state-law claims because the single refiling rule likely bars him from bringing them in Illinois court again.

Second, Sunil cites *Metropolitan Life Ins. Co. v. O'M & Associates LLC,* 2009 WL 3015210, at *7 (N.D. Ill. Sept.16, 2009), in which the district court retained jurisdiction over the plaintiff's state law claims after determining that Illinois's single refiling rule would likely bar the plaintiff from refiling its claims in state court. But *Metropolitan Life* reads Section 13-217 as a statute of limitations and concludes that the plaintiff's claims would be time-barred if dismissed from federal court. This Court agrees with *Barr* that the better reading of Section 13-217 is as a savings statute that works to bar multiple refiling of the same claim, not to impose time limits on filing a case. Furthermore, as Defendants point out, *Metropolitan Life* also provided a separate

10

and independent basis for retaining supplemental jurisdiction, finding that an exception to the general rule on relinquishing supplemental jurisdiction applied because the "parties [had] been litigating [the] matter for almost three years and [had] conducted significant discovery" and were at the summary judgment stage. 2009 WL 3015210, at *7; see also *Wright v. Associated Ins. Companies, Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims * * *."). No such separate and independent justification exists here. To the extent that the motion for reconsideration asks the Court to exercise or retain jurisdiction or reconsider dismissal of state-law claims on the grounds that Section 13-217 may bar refiling, the motion is denied.

      **B.**     **Reconsidering the Operative Facts**

Sunil asks the Court to reconsider its finding that the federal claims and Counts V through VIII and X do not arise from a common nucleus of operative fact. Essentially, the Sunil argues that the Court misunderstood the overlap between the facts that show a violation of federal trademark and trade secrets law and the facts that show breaches of state-law duties. The Court agrees and thus grants reconsideration as to Counts V through VIII, but not Count X.

The Court did make a mistake of fact in rejecting Sunil's argument that the state-law breach of duty claims and the federal claims arise from a common nucleus of operative fact. The federal claims that the complaint alleges are a trademark violation under 15 U.S.C. § 1125(a) (Count I) and a violation of the Defend Trade Secrets Act 18 U.S.C. § 1831 (Count III). The factual core of the federal claims is, in short, that Raju started a company called Assivo to compete with MedValue, that Assivo used MedValue trademarks to divert business away from MedValue, and

11

that Raju blocked Sunil from accessing MedValue's Google AdWords account and used data from that account to run an ad campaign for Assivo.

Moving from the federal claims to the four state-law breach of duty claims (Counts V through VIII) will require additional factual information that has no bearing on the resolution of the federal claims, which was the basis of the Court's earlier dismissal of the state law claims. [83, at 13-14.] However, on a careful reexamination of the pleadings, the Court believes that its Dismissal Order applied an overly restrictive reading of Counts V through VIII. As Sunil points out, "the facts that form the Federal claims (Counts I and III) result in the breaches alleged by way of the State law breach of fiduciary duty and breach of duty of loyalty claims (Counts V-VIII)." [87, at 10.] In other words, if Sunil proves that Raju violated 15 U.S.C. § 1125(a) or 18 U.S.C. § § 1831, that may be evidence that Raju violated a fiduciary duty or duty of loyalty or both. Thus, the most significant facts that Sunil could rely on to prove a violation of the federal law at issue could also be used to prove the state law breach of duty claims. Those facts would be both overlapping and "operative," meaning they are relevant to the resolution of the federal claims as well as the state claims. *U.S. v. Clark*, 2010 WL 476637, at *1 (N.D. Ill. 2010) (citing *Berg*, 372 F. Supp. 2d at 1093). The Court is persuaded that it erred in the Dismissal Order and that Counts V through VIII and the federal claims do arise from a common nucleus of operative fact, which means the Court does have supplemental jurisdiction over Counts V through VIII.

Count X, however, is starkly different from the other claims. That claim seeks a declaratory judgment about whether Sunil transferred portions of the company's stock to Raju in 2004 or 2006. In order to provide the declaratory judgment Sunil seeks, the Court would have to look back to 2004 and 2006 to determine whether Sunil did in fact transfer any portion of his shares of MedValue to Raju. This has nothing to do with trademarks or trade secrets and requires evidence

dating much farther back than 2017, when Sunil alleges the trademark and trade secret violations began. Nor would the evidence relevant to the alleged transfer overlap with the federal trademark and trade secret claims at all, much less in the operative facts. Count X and Counts I and III do not arise from a common nucleus of operative fact. What's true of Count X is also true of Counterclaim IV, which seeks a declaratory judgment that Raju owns 60% of the company (as opposed to 50%, as Count X of the complaint claims). This counterclaim, which is essentially Raju's version of Count X, also does not share a common nucleus of operative fact with Counts I and III of the complaint. To the extent that Sunil's motion seeks reconsideration of the dismissal of Count X, and implies reconsideration of the dismissal of Counterclaim IV, it is denied.

### C.     Predomination of State Claims over Federal Claims

Supplemental jurisdiction over Counts V through VIII raises two additional issues: (1) whether those claims substantially predominate over the federal claims and thus the Court can decline to exercise jurisdiction under 28 U.S.C. § 1367(c), and (2) whether the Court should exercise supplemental jurisdiction over Raju's parallel state-law counterclaims. The Court's prior Dismissal Order reasoned that the state law claims would overshadow the federal claims in terms of the proof and the scope of the issues raised. [83, at 16.] However, recognizing the true extent of the overlap in evidence between the federal and state claims—specifically, that evidence that Raju violated 15 U.S.C. § 1125(a) or 18 U.S.C. § 1831 could also be evidence that he breached a fiduciary duty or duty of loyalty—alleviates those concerns. To the extent that the evidence overlaps, the parties would present it whether or not any state-law claims were before the Court. Doubtless, there will be some evidence that goes to the state-law counts but not the federal counts, but considering the overlap in proof for two sets of claims, the Court does not believe that the remaining evidence will cause Counts V through VIII to substantially predominate over the federal

claims. Because Counts V through VIII arise from a common nucleus of operative fact and will not substantially predominate over the federal claims, the Court is persuaded that it has and should exercise supplemental jurisdiction over those claims. Counts V through VIII are reinstated.

At this point, the interests of "judicial economy, convenience and fairness to litigants" persuade the Court that Raju's counterclaims and third-party claims (except Counterclaim VI, as discussed above) also should proceed in federal court. *Gibbs*, 383 U.S. at 726. Raju's counterclaims and third-party claims are essentially responses to the state-law claims in the complaint. Counterclaim Counts I, II, III, and V are for breaches of fiduciary duty by Sunil and Varsha, mirroring Counts V through VIII in the second amended complaint. As the same type of claim, it makes sense and serves judicial economy to try them in the same case as Counts V through VIII, rather than sending them to a different court for resolution. The motion for reconsideration is granted with respect to Counts V through VIII; the Court has and will exercise supplemental jurisdiction over Counts V through VIII and the parallel Counterclaims I, II, III, and V.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration [87] is denied with respect to Count X and granted with respect to Counts V through VIII. The Court reinstates counts V through VIII in the second amended complaint [44] and counterclaims I, II, III, and V in the first amended counterclaim and third-party complaint [64].

Dated: July 1, 2020

_____
Robert M. Dow, Jr.
United States District Judge