32474-1

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | )<br>)<br>)<br>) Case No. 18-cv-02387 |
| Plaintiff, | )<br>) Hon. Robert M. Dow Jr., Presiding |
| v. | )<br>) |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, and ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT, RAJU VASWANI'S, MOTION TO DISMISS COUNTS V, VI, VII AND VIII OF PLAINTIFF, SUNIL BHATIA'S, SECOND AMENDED COMPLAINT**

NOW COMES Defendant, Raju Vaswani ("Raju"), by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss Counts V, VI, VII and VIII of the Second Amended Complaint filed by Plaintiff, Sunil Bhatia ("Sunil"), individually, and derivatively on behalf of MedValue Offshore Solutions, Inc. ("MedValue"), and in support thereof, states as follows:

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Sunil and Raju are co-owners of MedValue. Sunil commenced litigation against Raju in February, 2018 with a state court complaint filed in the Circuit Court of the Eighteenth Judicial Circuit, and docketed as case number 2018 CH 207 ("State Court Complaint"). The State Court Complaint was based upon alleged corporate disputes between Sunil and Raju, with no claims of unfair competition or violation of the federal Lanham Act.

Upon denial of a Motion for Temporary Restraining Order in the state court lawsuit, Sunil voluntarily dismissed his entire complaint and then filed the present suit in federal court on April 3, 2018. (Dkt. No. 1). In his initial federal court complaint, Sunil alleged no trade secrets claim but now, for the first time, alleged a claim under the Lanham Act.

Immediately upon the filing of the original complaint, on behalf of MedValue, Raju demanded that MV Outsourcing, Inc. cease using the name MV Outsourcing, Inc., whereupon MV Outsourcing, Inc., changed its name to Assivo, Inc.[1]

On July 12, 2018, recognizing that his sole federal count had now become essentially moot, Sunil filed a First Amended Complaint (Dkt. No. 35) which for the first time contained a claim under the federal Defend Trade Secrets Act, and specifically included the following Counts:

- Count I: Unfair Competition under 15 U.S.C. §1125(a) ("Lanham Act Claim")
- Count II: Unfair Competition under Common Law
- Count III: Misappropriation of Trade Secrets under 18 U.S.C.§§1831-1839 ( "DTSA Claim");
- Count IV: Misappropriation of Trade Secrets under 765 ILCS 1065 ("ITSA Claim")
- Count V: Breach of Raju Vaswani's Fiduciary Duty to Sunil;
- Count VI: Breach of Raju Vaswani's Fiduciary Duty to MedValue;
- Count VII: Breach of Raju Vaswani's Duty of Loyalty to Sunil;
- Count VIII: Breach of Raju Vaswani's Duty of Loyalty to MedValue;
- Count IX: Conversion as to Raju Vaswani;
- Count X: Declaratory Judgment.

---

[1] Counts I and II of the Second Amended Complaint seek an injunction against use of the name "MV Outsourcing" (Dkt. No. 85, ¶¶82-85, 94, 104) even though any such relief became moot when the company changed its name at the outset of the litigation, well before the filing of the Second Amended Complaint.

After Raju filed a Motion to Dismiss the First Amended Complaint (Dkt. No. 38), Sunil did not contest the Motion to Dismiss but rather filed a Verified Second Amended Complaint (Dkt. No. 44), in which he pled the same counts but attempted to cure the pleading deficiencies in the First Amended Complaint. On September 26, 2019, this Court entered a Memorandum Opinion and Order (Dkt. No. 83) dismissing Counts V through X of the Second Amended Complaint, based upon lack of subject matter jurisdiction, and directing Sunil to file a revised Second Amended Complaint which did not include those counts. Thus, Sunil filed a four-count Second Amended Complaint on October 11, 2019. (Dkt. No. 85).

On July 1, 2020, this Court entered a Memorandum Opinion and Order (Dkt. No. 152) granting in part Sunil's previously filed Motion for Reconsideration (Dkt. No. 87), and reinstated Counts V through VIII.

In the over two years of litigation, recited above, that have transpired since he commenced this litigation, Sunil has not come forward with a single shred of evidence to support any of his claims, let alone adequately allege any facts even under notice-pleading standards to support any of his claims.

Raju is filing concurrently herewith, his Motion for Partial Summary Judgment as to Counts I through IV. As discussed more fully below, in the event that this Court grants the Motion for Partial Summary Judgment as to those counts, any basis for federal court jurisdiction over the remaining counts will be eliminated, therefore, Counts V through VIII must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Further, and in the event this Court does not grant the Motion for Partial Summary Judgment as to Counts V through VIII, then those counts must nevertheless be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## II. LAW AND ARGUMENT

### A. If Summary Judgment is Granted in Favor of Raju as to Counts I through IV of Sunil's Verified Second Amended Complaint, then this Court must Dismiss the Remaining State Law Claims, Namely Counts V through VIII, for Lack of Subject Matter Jurisdiction.

Counts I and Count III of Sunil's Verified Second Amended Complaint confer subject matter jurisdiction on this Court pursuant to 28 U.S.C. § 1331, because said counts are based upon federal statutes, namely the Lanham Act, 15 U.S.C. § 1125(a) (Count I) and the Defend Trade Secrets Act, 18 U.S.C. §§ 1831-1839 (Count III).

This Court's jurisdiction over the analogous state law claims (Counts II and IV, respectively) and the recently re-instated state law claims, namely Counts V through VIII, however, is premised upon the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). 28 U.S.C. § 1367 grants supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even in cases where supplemental jurisdiction would otherwise exist, the statute nonetheless grants discretion to a district court to decline to exercise such jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In fact, "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright* v. *Associated Insurance Companies Incorporated*, 29 F.3d 1244, 1252 (7th Cir. 1994). There are only three recognized exceptions to the general rule: "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court"; "when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort"; and, "when it is absolutely clear how the pendent claims can be decided," because "the district court, in

deciding a federal claim, decides an issue dispositive of a pendent claim" or "the state-law claims are patently frivolous." *Id*. at 1251 (internal quotation and citations omitted). "A district court should have a good reason for retaining jurisdiction and therefore should make a finding as to the balance of judicial economy, convenience, fairness and commit to justify the retention." *Id*. at 1252.

The exceptions to the general rule do not apply to the case at bar. As to the first exception, there are no statute of limitations concerns here. In this regard, the bases of Counts V, VI, VII and VIII primarily concern Raju's alleged wrongdoing that allegedly began in or about July 2017. *See* Verified Second Amended Complaint (Dkt. No. 44). Under Illinois law, the statute of limitations for breach of fiduciary duty claims is five years from the accrual of the claim, thus, the statute of limitations period has not yet expired. *Clark* v. *Robert W. Baird Co*., *Inc*., 142 F. Supp. 2d 1065, 1074 (N.D. Ill. 2001); 735 ILCS 5/13-205. Therefore, the first exception is inapplicable to this case.

As to the second exception, this Court previously found that the interests of "judicial economy, convenience, and fairness to litigants" do not demand that both sets of claims be tried together in federal court. As the lawsuit is still in its early stages, the Court has not committed "substantial judicial resources" to the state claims such that dismissal will cause "substantial duplication of effort." Memorandum Opinion and Order (Dkt. No. 83 at p. 14). This case is still in the early stages of litigation from a pleadings and discovery perspective. Indeed, the parties have not engaged in any extensive discovery to date. Rather, the parties have exchanged MIDP responses that were solely focused on Counts I through IV, and have, for the most part, focused primarily on trade secrets discovery consisting of a single targeted interrogatory propounded upon Sunil. In other words, the parties have not conducted any discovery on Counts V through VIII *per*

*se*[2] or on Raju's recently re-instated counterclaim and third-party complaint. Therefore, the second exception is inapplicable to this case.

Finally, the third exception is also inapplicable to this case. Indeed, this Court previously found that "the correct disposition of the state law claims is not so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law that considerations of judicial economy warrant retention and decision rather than relinquishment of the case to the state court." Memorandum Opinion and Order (Dkt. No. 83 at p. 15) (internal quotations and citation omitted). Thus, based upon this Court's previous finding, it is not absolutely clear how Counts V through VIII can be decided. In deciding Counts I through IV, this Court will not be able to easily decide issues dispositive of the pendent state law claims since said claims contain conclusory allegations of alleged wrongdoing that do not concern unfair competition or trade secrets misappropriation at issue in the federal claims. In other words, "the correct disposition of the [pendent claims are not] so clear as a matter of state law that [they] can be determined without further trial proceedings and without entanglement with any difficult issues of state law." *Wright*, 29 F.3d at 1252. Additionally, as it concerns the "frivolous nature of pendent state-law claims," factor relative to the third exception, Raju does not waive his right to seek sanctions against Sunil or his counsel based upon the frivolous nature of this lawsuit, and specifically reserves the right to do so in the future. Simply stated, the third exception is inapplicable to this case.

As the foregoing unequivocally demonstrates, in the event summary judgment is entered in favor of Raju as to Counts I through IV of Sunil's Second Amended Complaint, then this Court

---

[2] As discussed herein, Counts V through VIII are based, in part, upon Raju's alleged misappropriation of MedValue's trade secrets. Thus, there is limited overlap with respect to trade secrets discovery as it concerns Counts III and IV through VIII.

must exercise its discretion and decline to exercise supplemental jurisdiction over Counts V through VIII of Sunil's Verified Second Amended Complaint, and therefore, dismiss Counts V through VIII of Sunil's Verified Second Amended Complaint.

> **B. If Summary Judgment is Denied as to Counts I through IV of Sunil's Verified Second Amended Complaint, then this Court must Nevertheless Dismiss the Remaining State Law Claims, Namely Counts V through VIII, for Failure to State a Claim.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp*. v. *Twombly*, 550 U.S. 544, 570 (2007). "While federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to outline or adumbrate the basis of the claim." *Panaras* v. *Liquid Carbonic Industries Corp*., 74 F.3d 786, 792 (7th Cir. 1996) (internal quotation and citation omitted). "[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6). *Id*. (internal quotation and citation omitted).

A plaintiff's "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *EEOC* v. *Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp*., 550 U.S. at 555). A complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint cannot have "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court takes all well pleaded allegations of the complaint as true, "but mere unsupported conclusions of fact or mixed fact and law are not admitted." *Northern Trust Co.* v. *Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory assertions not consistent with the plaintiff's own recitation of facts does not defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id*. at 132. Additionally, "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not accepted as true. *Ashcroft*, 556 U.S. at 678. The presumption that the court takes all well pleaded allegations in the complaint as true and inferences therefrom in the light most favorable to the plaintiff does not extend to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Duffy* v. *Godfread*, 2015 WL 1727148, * 1 (N.D. Ill. 2015) (internal quotation and citation omitted).

Here, as more fully discussed below, Sunil fails to state claims for breach of fiduciary duty and breach of duty of loyalty. His allegations are procedurally deficient in that they are wholly conclusory, in fact and law, and lack the required factual specificity in violation of notice-pleading standards. Indeed, Sunil has simply echoed the elements for each cause of action without providing factual support, or provided purely conclusory statements of fact. As such, this Court must not take any allegations as true, or draw any reasonable inferences therefrom, and must dismiss Counts V through VIII of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

> **1. Sunil has failed to plead a claim for breach of fiduciary duty and breach of duty of loyalty.**

Under Illinois law, "in order to state a claim for breach of fiduciary duty, a complaint must allege that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach

proximately caused the injury of which plaintiff complains." *Avila* v. *CitiMortgage*, *Inc.*, 801 F.3d 777, 782 (7th Cir. 2015) (internal quotation and citation omitted).

Counts V through VIII of Sunil's Verified Second Amended Complaint are all based upon the same four alleged categories of wrongdoing identified in subparagraphs a. through d. in each count. Verified Second Amended Complaint (Dkt. No. 44). Specifically, Sunil alleges that Raju breached his fiduciary duty and duty of loyalty to Sunil and MedValue by:

a. Creating Assivo, Inc. (f/k/a MV Outsourcing, Inc.) for the express purposes of creating customer confusion and to draw business away from MedValue and its MV Outsourcing service;

b. Disclosing and misusing MedValue's Advertising and Marketing Trade Secrets for the benefit of Assivo, Inc. and not MedValue;

c. Misusing his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities; and,

d. Redirecting customer and potential customer inquiries intended for MedValue's business to instead go to himself or his son, Karan Vaswani, or Assivo, for the benefit of a competing business.

Verified Second Amended Complaint, ¶¶ 126, 133, 138, 145 (Dkt. No. 44).

### i. Counts V and VI do not adequately plead the existence of a fiduciary duty.

To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary duty exists. *Avila*, 801 F.3d at 782. Counts V and VIII do not even allege that Raju owed Sunil and MedValue a fiduciary duty. Instead, Sunil alleges that "Plaintiff and Defendant Raju Vaswani created and acted in a fiduciary relationship," and that "Defendant Raju Vaswani created and acted in a fiduciary relationship." Verified Second Amended Complaint, ¶¶ 125, 132 (Dkt. No. 44).

Absent from these counts is any direct allegation that Raju owed Sunil and MedValue a fiduciary duty as a result of the alleged fiduciary relationship. Thus, Counts V and VI must be dismissed for failure to state a claim.

    ii. **Subparagraphs a. and b. lack factual specificity even under notice-pleading standards to establish alleged breaches of fiduciary duty and duty of loyalty.**

Subparagraphs a. and b. in Counts V through VIII are based upon Sunil's claims of unfair competition and misappropriation of trade secrets, respectively, or Counts I through IV of Sunil's Verified Second Amended Complaint. These claims are discussed in detail in Raju's Motion for Partial Summary Judgment. Accordingly, Raju adopts the arguments set forth in his Motion for Summary Judgment, filed concurrently with this Motion, pursuant to Federal Rule of Civil Procedure 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."). As established in Raju's Motion for Partial Summary Judgment, not only are Counts I through IV unsupported by any evidence, but said counts are not even pled adequately for all the same reasons. Indeed, the allegations concerning Raju's alleged unfair competition and trade secrets misappropriation are entirely conclusory, and the majority of such allegations are also pled "upon information and belief." *See, e.g.* Verified Second Amended Complaint, ¶¶ 64, 72, 73 (Dkt. No. 44). Therefore, Counts V through VIII must be dismissed for failure to state a claim.

    iii. **Subparagraphs c. and d. lack factual specificity even under notice-pleading standards to establish alleged breaches of fiduciary duty and duty of loyalty.**

Subparagraphs c. and d. in Counts V through VIII are based entirely upon Paragraphs 80 and 81 of the Verified Second Amended Complaint, which, along with subparagraphs c. and d.,

are not adequately pled to support a claim for breach of fiduciary duty and breach of duty of loyalty. Indeed, Sunil's allegations are purely conclusory and extremely bareboned.

For example, Sunil does not allege a single fact to support his conclusory allegation that Raju "misused his corporate credit card for expenses unrelated to the business of MedValue and for the benefit of a competing entity or entities." What are the "expenses" as alleged in Paragraphs 126, 133, 138, and 145? What are the "charges" paid by MedValue as alleged in Paragraph 80? What are the "businesses" allegedly owned and operated by Raju that allegedly received the benefit of the payment of expenses and charges?

Additionally, Sunil fails to allege a single fact to support his conclusory allegation that Raju "redirected customer and potential customer inquiries intended for MedValue" to himself or co-defendants as alleged in Paragraphs 81, 126, 133, 138, and 145. Indeed, Sunil does not identify any customer inquiry that was allegedly supposed to go to MedValue, and instead, was redirected to Raju or co-defendants. Additionally, Sunil does not identify any concrete occurrence wherein Raju allegedly stopped, impaired, or interfered with MedValue's advertising campaigns, or ran campaigns for Assivo as alleged in Paragraph 81.

Simply stated, even under notice-pleading standards, Sunil fails to allege specific facts demonstrating that Raju allegedly breached his fiduciary duty and duty of loyalty. Therefore, Counts V through VIII must be dismissed for failure to state a claim.

> **iv. Counts V through VIII do not adequately plead Sunil and MedValue's alleged injuries.**

To state a claim for breach of fiduciary duty, a plaintiff must allege that the defendant's breach proximately caused the complained of injury. *Avila*, 801 F.3d at 782. Here, Sunil does not allege a single fact regarding his or MedValue's alleged injuries. In other words, when, how or why was Sunil damaged? When, how or why was MedValue damaged? What are their alleged

Page **11** of **13**

actual injuries? Because Sunil failed to adequately allege any injuries whatsoever, Counts V through VIII must be dismissed for failure to state a claim.

## III. CONCLUSION

WHEREFORE, Defendant, Raju Vaswani, respectfully requests that this Honorable Court enter an order dismissing Counts V, VI, VII and VII of Plaintiff, Sunil Bhatia's, Verified Second Amended Complaint, and awarding such other and further relief deemed equitable and just.

Respectfully submitted,

RAJU VASWANI

By: /s/ Thomas A. Christensen
    One of his Attorneys

Thomas A. Christensen (ARDC No. 6215881)
Jenna N. Wadulak (ARDC No. 6309859)
HUCK BOUMA PC
1755 S. Naperville Road, Suite 200
Wheaton, Illinois 60189
(630) 221-1755
tchristensen@huckbouma.com
jwadulak@huckbouma.com

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 22nd day of July, 2020:

1.　　I filed *Defendant, Raju Vaswani's, Motion to Dismiss Counts V, VI, VII and VIII of Plaintiff, Sunil Bhatia's, Second Amended Complaint.* by filing it with the Clerk of the Court via electronic means on July 22, 2020.

2.　　I served *Defendant, Raju Vaswani's, Motion to Dismiss Counts V, VI, VII and VIII of Plaintiff, Sunil Bhatia's, Second Amended Complaint*, by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

　　　　　　　　　　　　　　　　　　　　/s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\Motion to Dismiss Second Amended Complaint Pursuant to 12(b)(1) and 12(b)(6) - final.docx