**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., </br></br>    Plaintiff, </br></br>v. </br></br>RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, </br></br>    Defendants. </br>_____ </br>RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., An Illinois Corporation, </br></br>    Counter-plaintiff and </br>    Third-party Plaintiff, </br></br>v. </br></br>SUNIL BHATIA, an individual, </br></br>    Counter-defendant, </br></br>and </br></br>VARSHA BHATIA, an individual, </br></br>    Third-party Defendant. | Case Number: 1:18-cv-2387 </br>Hon. Robert M. Dow, Jr., Presiding |

**THIRD-PARTY PLAINTIFF, RAJU VASWANI'S, RESPONSE TO THIRD-PARTY
DEFENDANT, VARSHA BHATIA'S, MOTION TO DISMISS
<u>THE FIRST AMENDED THIRD-PARTY COMPLAINT</u>**

    NOW COMES Third-Party Plaintiff, Raju Vaswani (hereinafter "Vaswani"), individually

and derivatively on behalf of MedValue Offshore Solutions, Inc. (hereinafter "MedValue"), by

and through his undersigned counsel, and for his Response to Third-Party Defendant, Varsha Bhatia's (hereinafter "V. Bhatia"), Motion to Dismiss The First Amended Third-Party Complaint, states as follows:

### I.    BACKGROUND, INTRODUCTION AND FACTS ALLEGED

V. Bhatia has filed a motion to dismiss which reflects a fundamental failure to grasp the claims against her and which presents no valid grounds for dismissal of those claims. As shown below, the counts against V. Bhatia more than satisfy the requirements to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Indeed, and as more fully discussed below, V. Bhatia's claim that she "does not owe any of the duties upon which Raju purports to bring his claims against her," (Dkt. No. 157, p.6) entirely misses the point of those claims. They are not based upon V. Bhatia's breach of any duties, but rather, her actions in concert and conspiracy with Sunil Bhatia (hereinafter "Bhatia"), and her direct receipt of the benefit of the wrongdoing, that entitles Vaswani to relief against her.

Vaswani's First Amended Counterclaim and Third-Party Complaint alleges the following facts, *inter alia*:

(i)    That Bhatia, "in concert and conspiracy with V. Bhatia" used equipment and accounts belonging to MedValue, for the purpose of a real estate business that Bhatia and V. Bhatia operate together. Cntrclm. at ¶¶ 17-22 (Dkt. No. 64). Vaswani alleges six (6) items of property and accounts that are in the possession of Bhatia and V. Bhatia. *Id*. at ¶18. He alleges that Bhatia and V. Bhatia are in business together in the real estate field. *Id*. at ¶21. He alleges that Bhatia and V. Bhatia together have used the business assets of MedValue in their real estate business. *Id*. at ¶22.

    (ii)    That Bhatia was expected to devote substantially his entire professional time, efforts, and attention exclusively to the business of MedValue. Consistent with this, he received, and continues to receive, a compensation package of approximately $200,000 per year from MedValue. Notwithstanding the foregoing, Bhatia has been devoting his professional time, efforts and attention to his side real estate business. *Id*. at ¶20.

Thus, the essence of the claims against V. Bhatia is that she and Bhatia went into business together in a venture that, with the cooperation of V. Bhatia, drew Bhatia's time, attention and effort away from MedValue, and that, working together, they used MedValue assets to do so. Thus, at a minimum, Vaswani has alleged the existence of the conspiracy and an act by at least one of the parties to that conspiracy.

In Count I, Vaswani alleges a claim for breach of fiduciary duty, and while Vaswani does not claim that V. Bhatia owes any fiduciary duty, he seeks a constructive trust over the assets of Bhatia and V. Bhatia. *Id.* at Count I, Prayer for Relief, ¶C. He alleges in Paragraph 32 of that Count that V. Bhatia has knowingly received the benefits of the property identified above, and has received profits from the real estate business conducted using MedValue's business property. *Id*. at ¶32.

In Count II, Vaswani alleges a civil conspiracy claim against Bhatia and V. Bhatia, based upon his allegation that they entered into an agreement in 2011 to use the business assets of MedValue for the purpose of their real estate business. *Id*. at Count II, ¶33. He alleges that they both engaged in one or more overt acts in furtherance of the conspiracy, consisting of the operation of the real estate business. *Id*. at ¶34. Among other relief, in this count as well, he seeks imposition of a constructive trust. *Id*. at Prayer for Relief, ¶C.

In Count III, Vaswani alleges a claim for aiding and abetting breach of fiduciary duty against V. Bhatia. *Id.* at Count III, ¶¶ 1-35. In that Count, he alleges that V. Bhatia knowingly and substantially assisted Bhatia's breach of fiduciary duty, including the diversion of his attention, time, and efforts away from MedValue, and by utilizing and diverting MedValue's business assets in furtherance of their real estate business, which resulted in damage to MedValue. *Id.*, e.g., at ¶¶ 17-22, 25.C., 29.D., 32-35. Similar to Counts I and II, among other relief, Vaswani seeks imposition of a constructive trust. *Id.* at Count III, Prayer for Relief, ¶C.

For the reasons set forth herein, V. Bhatia's Motion to Dismiss is unfounded and must be denied.

## II. LAW AND ARGUMENT

### A. Count I of the Third-Party Complaint Properly Pleads a Claim for Constructive Trust.

A constructive trust is an equitable remedy, which may be imposed where the person in possession of the property would be unjustly enriched if he or she were permitted to retain that property. *Blumenthal* v. *Brewer*, 2016 IL 118781, ¶ 47, 69 N.E.3d 834, 848, reh'g denied (Oct. 20, 2016). Wrongdoing is not always necessary, and a constructive trust may be imposed even where the person who received the money acted in good faith or is innocent of the wrongdoing. *Chicago Title Ins. Co.* v. *Sinikovic*, 125 F. Supp. 3d 769, 780 (N.D. Ill. 2015), citing *Smithberg* v. *Ill. Mun. Ret. Fund*, 735 N.E.2d 560, 566, 192 Ill.2d 291 (2000).

*Sinikovic*, *supra*, is instructive. In that case, the primary defendant was an individual who used his position as a mechanics lien administrator to misappropriate construction escrow funds by paying them to a business partly owned by his wife, and to associates who had performed no work on the construction projects at issue. The associates testified that the wrongdoer had told them that the source of the funds was his father's investments and that he was running the funds

through their businesses to obtain better tax treatment. As noted above, the court found that "wrongdoing is not always necessary" to impose a constructive trust, and granted summary judgment in favor of Chicago Title on portions of its constructive trust claims. *Id*.

In this case, V. Bhatia does not challenge MedValue's allegations that she received the funds from Bhatia's wrongdoing, rather, she only argues that since she did not owe fiduciary duties to MedValue she cannot be a party to Count I. She misunderstands that under the holding in *Sinikovic*, *supra*, and the cases cited therein, it does not matter whether she individually owed such duties – a constructive trust can be imposed based upon her receipt of the misappropriated funds. Contrary to V. Bhatia's claim at page 7 of her Motion to Dismiss, discussion of remedies is not premature given that Vaswani has sufficiently pled a claim for breach of fiduciary duty against Bhatia, and V. Bhatia cites no case law to support her claim of prematurity. Accordingly, V. Bhatia's Motion to Dismiss must be denied.

> **B.** **Count II of the Third-Party Complaint Properly Pleads a Claim for Conspiracy.**

Similar to her argument that she must be dismissed from Count I, V. Bhatia argues that she must be dismissed from Count II on the grounds that she does not owe fiduciary duties to MedValue. Here again, Varsha misconstrues the nature of the claims against her.

In a civil conspiracy claim, a defendant who understands the general objectives of the conspiratorial scheme, accepts them, and agrees, either explicitly or implicitly to do its part to further those objectives, is liable as a conspirator. *Adcock* v. *Brakegate, Ltd.*, 164 Ill. 2d 54, 64, 645 N.E.2d 888, 894 (1994). Once a defendant knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, that defendant may be held liable for *any* tortious act committed in furtherance of the conspiracy. *Id*. (emphasis added).

In this case, Vaswani has alleged that V. Bhatia entered into an agreement with her husband, Bhatia, to divert his attention away from his primary duties to MedValue and co-conspire with Bhatia to misappropriate MedValue's business assets for their real estate business, and that they both committed overt acts in furtherance of that objective. Cntrclm. at Count II, ¶¶33-34. Thus, it is not relevant whether V. Bhatia herself owed fiduciary duties, but rather, that she participated in a conspiracy with her husband, Bhatia, to breach the duties that he owed to MedValue.

The single case cited by V. Bhatia actually demonstrates why dismissal is not proper in this case, as it involved denial of a motion to dismiss filed by parties who did not themselves owe fiduciary duties. *Hoffman* v. *Szyszko*, No. 94 C 2357, 1995 WL 519815, at *7 (N.D. Ill. Aug. 30, 1995).

In *Hoffman*, the counter-plaintiff, Szyszko, was a business partner with Hoffman in a silk screening business referred to as M&R. In 1993, unknown to Szyszko, Hoffman went into business with two other individuals, Oliva and Levine, to form a business, Beacon, that entered into transactions with M&R that were unfavorable to M&R. Oliva and Levine had no affiliation with M&R and owed no fiduciary duties to Szyszko. In 1993, Szysko agreed to sell his shares in M&R to Hoffman, not knowing that the value of M&R was suppressed due to the unfavorable transactions with Beacon.

Among other claims, Szyzszko filed a count for civil conspiracy against Hoffman, Oliva, Levine and Beacon. Just as V. Bhatia argues in this case, Oliva, Levine and Beacon sought dismissal on the grounds that they owed no fiduciary duties. *Id*.

The court denied the motion to dismiss, citing, among other authorities, *Singh* v. *Curry*, 667 F.Supp. 603, 607 (N.D.Ill.1987). The court found that Szyszko had stated a claim for breach

of fiduciary duty, noting that a conspiracy "involves a combination of two or more persons for the purpose of accomplishing through concerted action, either an illegal object or a legal object by an illegal means." *Id*. The court discussed *Singh*, in which the plaintiff had properly alleged that his attorney and others (who owed no fiduciary duties) had conspired to cause the attorney to breach his fiduciary duties to the plaintiff. *Id*. The court noted that having alleged that "Hoffman, Oliva, Levine, and Beacon entered into a conspiracy to cause Hoffman to breach his fiduciary duty to Szyszko", the plaintiff properly pled a claim for conspiracy.

Thus, *Hoffman* actually stands for the direct opposite proposition than the one V. Bhatia advances. Indeed, the holding in *Hoffman* directly demonstrates that it is not necessary that all members of the conspiracy owe fiduciary duties themselves – only that one of them does owe such duties, and that they conspire to cause that person to breach those duties.

Here, the pleadings are clear that Vaswani properly alleged a cause of action for breach of fiduciary duty against Bhatia. Additionally, given the fact that the only case she has cited actually shows why Count II does state a cause of action against her, V. Bhatia's Motion to Dismiss Count II must be denied.

    **C.    Count III of the Third-Party Complaint Properly Pleads a Claim for Aiding and Abetting.**

V. Bhatia claims that Vaswani fails to state a claim against her for aiding and abetting Bhatia's breach of his fiduciary duties for allegedly failing to allege factual allegations that plausibly suggest a right to relief. Like her other claims, V. Bhatia is mistaken.

"To state a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must allege that the defendant aided a party who performed a wrongful, injury-causing act, that the defendant was aware of its role at the time it provided the assistance, and that the defendant knowingly and substantially assisted in the violation." *Murphy* v. *Foster Premier Inc*., 2018 WL 3428084, *4

(N.D. Ill. 2018) (internal citation omitted). A claim for aiding and abetting a breach of fiduciary duty requires "an underlying breach of fiduciary duty; so to prevail against [V. Bhatia], [Vaswani] must allege that [Bhatia breached his] fiduciary duties to [MedValue]." *Id*.

Here, V. Bhatia admits in her motion that Vaswani alleged that her husband, Bhatia, owed MedValue fiduciary duties and that he breached those duties. Mtn., p. 8. As it concerns V. Bhatia, Vaswani alleges, and at the very least infers, that V. Bhatia knowingly and substantially assisted Bhatia's breach of fiduciary duty by persuading him to not devote his entire professional time, efforts and attention to MedValue, but rather to invest that time to the real estate business and utilize and divert MedValue's business assets, including a laptop, an I-pad, a landline telephone and account, a cellular telephone, a cellular telephone account, and an internet account, in furtherance of their real estate business, which resulted in damage to MedValue. Cntrclm., ¶¶ 17-22, 25.C., 29.A,D., Count III, ¶¶1-35. Specifically, Vaswani alleges that "Bhatia and V. Bhatia engaged in [their real estate business] by using all of the assets of MedValue as described…[t]hus, since at least 2011, Bhatia has been compounding his relative lack of contribution to MedValue, by using MedValue's property to support his real estate business, and at the same time, greatly decreasing his time, attention and dedication devoted to MedValue, as he and V. Bhatia have pursued their real estate venture." *Id*. at ¶ 22.

A review of the First Amended Counterclaim and Third Party Complaint clearly establishes that V. Bhatia was put on notice of the nature of all claims asserted against her, including the claim for aiding and abetting, and that Vaswani sufficiently pled all necessary elements for such claim. To assert otherwise, defies common sense.

Put simply, construing all allegations pled by Vaswani as true, which this Court is obligated to do, it is clear that Vaswani's aiding and abetting claim against V. Bhatia is procedurally sufficient. Therefore, this Court must deny V. Bhatia's Motion to Dismiss.

### III. CONCLUSION

For each of the reasons stated herein, Vaswani respectfully requests that this Honorable Court deny the Motion to Dismiss filed by Varsha Bhatia, and award him such other and further relief as is equitable and just.

Respectfully submitted,

By: /s/ Thomas A. Christensen
Attorney for Counter-plaintiff

Thomas A. Christensen (ARDC No. 6215881)
tchristensen@huckbouma.com
Jenna N. Wadulak (ARDC No. 6309859)
jwadulak@huckbouma.com
Huck Bouma PC
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60189
(630) 221-1755

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 8th day of September, 2020:

1. I filed *Third-Party Plaintiff, Raju Vaswani's, Response to Third-Party Plaintiff, Varsha Bhatia's, Motion to Dismiss The First Amended Third-Party Complaint* by filing it with the Clerk of the Court via electronic means on September 8, 2020.

2. I served *Third-Party Plaintiff, Raju Vaswani's, Response to Third-Party Defendant, Varsha Bhatia's, Motion to Dismiss The First Amended Third-Party Complaint* by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

/s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\200821 - Response to Varsha's MTD final.docx