IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br>    Plaintiff,<br><br>v.<br><br>RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation,<br><br>    Defendants,<br><br>and<br><br>MEDVALUE OFFSHORE SOLUTIONS, INC.,<br><br>    Nominal Defendant | Case No. 1:18-cv-02387<br><br>Honorable Judge Dow<br><br>Honorable<br>Magistrate Judge Jantz<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY

Sunil Bhatia (herein "Plaintiff"), by his attorneys, Regas, Frezados & Dallas LLP, for his Motion to Reopen Discovery, states as follows:

1.    Over a year and a half ago, on January 24, 2019, Plaintiff issued written discovery to all Defendants. However, Plaintiff has not yet received responses to this discovery. On February 14, 2019, the magistrate judge then presiding over the case, by request of Defendants, and over Plaintiff's objection, stayed discovery until then-pending motions to dismiss were resolved. As a result of Defendant's subsequent actions, various procedural delays, and the current COVID-19 pandemic, discovery has essentially been stayed since that time. Most recently, on March 10, 2020, Plaintiff served subpoenas on two third-parties that he had previously identified

1

in his Initial Disclosures, namely New Jupiter Media and Google. On April 3, 2020, on its own motion, this Court stayed all discovery in light of the current pandemic. (Doc. #: 139). The Court ordered Plaintiff to notify the subpoena respondents that no response to the subpoenas was required until further notice. (Doc. #: 139). The Court's April 3, 2020 stay is still in place.[1]

2. On February 28, 2020, Defendants Karan Vaswani (herein "Karan") and Assivo, Inc. (herein "Assivo") filed a motion styled as a motion to compel. (Doc. #: 121). While styled as a motion to compel, the motion argues that Plaintiff has failed to identify his trade secrets with reasonable particularity, and the motion requests, *inter alia*, that the Court stay Raju's and Assivo's obligation to respond to Plaintiff's discovery until Plaintiff does so. (Doc. #: 121). This motion is scheduled to be heard on September 28, 2020. Doc. #: 181.

3. While the motion to compel cites case law that indicates that, generally, a trade secret defendant should not be required to disclose its trade secrets until the plaintiff has identified his with reasonable specificity, the caselaw does not support a complete stay on the Defendants discovery obligations, nor does it provide any basis to stay the discovery obligations of Defendant Raju Vaswani (herein "Raju"), who is not a competitor to MedValue, but rather an officer, director and shareholder of MedValue. *See AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2011)(stating "There is no privilege excepting trade secrets from discovery, but 'courts must exercise discretion to avoid unnecessary disclosure of such information . . . Consequently, 'plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given proper showing of need) to compel discovery of its adversary's trade secrets.'"); *but see Superior Graphite Co. v. Campos*,

---

[1] A lengthier history of discovery in this action can also be found on page 3 of Plaintiff's Memorandum In Support of His Motion to Allow Time to Complete Discovery and for Other Relief Pursuant to Federal Rule of Civil Procedure 56(d), which is currently pending. (Doc. # 192).

2

No. 19-cv-5830, 2020 U.S. Dist. LEXIS 158583 * 11-12 (N.D. Ill. September 1, 2020)(stating, *inter alia*, "[Defendant] relies exclusively on a 20-year-old [*AutoMed Techs., Inc. v. Eller*] case involving a Plaintiff's trade secret discovery requests to a non-party . . . In the ensuing twenty years, it has only become clearer that dispositive motions are the venue for challenging the particularity of a claimed party's trade secret . . . A discovery squabble is no place to litigate the ultimate issue in a case. And trying to avoid discovery altogether could not be more unfair and is hopelessly inconsistent with the discovery principles underlying [Fed. R. Civ. P. 26] or more contrary to the fundamental principle that the quest for truth is the object of all discovery and of trials.")

4. Since this Court entered the stay on discovery, Raju has filed a motion for partial summary judgment challenging Plaintiff to put forward evidence in support of his claim. (Doc. #: 163). In response, Plaintiff has filed a motion under Fed. R. Civ. P. 56(d) explaining that he cannot sufficiently oppose the motion without further discovery. (Doc. #: 191). Further, on July 1, 2020, Judge Dow entered an order reinstating four state-law breach of fiduciary duty claims brought by Plaintiff. (Doc. #: 152).

5. The Court has broad discretion with regards to discovery disputes, and the scope of discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). In determining whether a stay is appropriate, Courts often consider whether the stay will: (i) unduly prejudice or tactically disadvantage the party not seeking the stay, (ii) simplify the issues and streamline trial, and (iii) reduce the burden of litigation on the parties and court. *Abbott Labs. v. Matrix Labs., Inc.*, No. 09-cv-1586, 2009 U.S. Dist. LEXIS 103055, at *6 (N.D. Ill. Nov. 5, 2009). If there is "even a fair possibility" that a stay would cause damage to another, the party advocating for the stay must clearly establish that

he would face hardship or inequality if forced to proceed. *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936).

6. All three of the factors set forth in *Thermal Design, Inc.*, *supra*, demonstrate that it is not appropriate to maintain the stay. First, the stay is unduly prejudicial and tactically disadvantageous to Plaintiff. As a direct result of the stay, Plaintiff is unable to adequately respond to Defendants' motions for partial summary judgment and to compel. These motions complain of a lack of the very evidence and factual information which Plaintiff is currently prohibited from pursuing in discovery. Defendants are attempting to force Plaintiff, who has already withstood motions to dismiss on his trade secrets claims, to prove his case without the benefit of discovery, significantly prejudicing Plaintiff and putting him at a clear tactical disadvantage.

7. Further, rather than simplifying the issues, the stay has instead created further complications, in the form of the motions, and the arguments raised therein, regarding the alleged lack of evidence and factual specificity which the stay itself has caused. This in turn has increased the burden of litigation on the Court and the parties who, but for the stay, could far more efficiently address and resolve questions as to the sufficiency of the evidence substantiating the Complaint.

8. Additionally, there is more than a "fair possibility" that the stay would cause damage—indeed, Plaintiff is already facing undue prejudice, as described above, and will continue to do so, so long as the stay remains. Pursuant to *Landis*, *supra*, Defendants must therefore clearly establish that they would face hardship or inequality if the stay is lifted, and discovery is allowed to resume. This is a burden Defendants will simply not be able to meet. Defendants cannot reasonably establish that they will face hardship or inequality under the instant circumstances, because Defendants themselves have filed a pending motions to compel certain discovery from Plaintiff and a motion for partial summary judgment which requires Plaintiff to prove his claims.

Resolution of these motions requires discovery to proceed. Accordingly, this Court should lift the stay, and permit the parties to resume discovery.

WHEREFORE, Plaintiff requests that this Court lift the stay on discovery, except to the extent that this Court determines that Plaintiff must further specify his trade secrets before Karan and Assivo must disclose their trade secrets, and grant such further or other relief as the Court deems just and equitable.

Regas, Frezados & Dallas LLP

By: /s/ Steven M. Dallas
Attorneys for Plaintiff

Steven M. Dallas 6303138   stevend@rfd-law.com
William D. Dallas 6186780   wdd@rfd-law.com
Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602
(312) 236-4400

## CERTIFICATE OF SERVICE

The undersigned that on September 23, 2020, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois Plaintiff's Motion to Re-Open Discovery using the Court's ECF system, which automatically results in the transmission, by e-mail to all parties in this action who have registered use the ECF in the Northern District of Illinois, of a notice of electronic filing that constitutes service, pursuant to the general order issued by this Court and the Federal Rules of Civil Procedure.

[X]      Under penalty of perjury, I certify
that the statements set forth
forth herein are true and correct.     /s/ Steven M. Dallas
                                                                      Signature