**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNIL BHATIA, derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | |
| Plaintiff, | Case No. 1:18-cv-02387 |
| | Honorable Judge Dow |
| v. | Honorable Magistrate Judge Jantz |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| MEDVALUE OFFSHORE SOLUTIONS, INC., | |
| Nominal Defendant | |

**DEFENDANTS' STATUS REPORT**

Defendants Raju Vaswani (herein "Raju"), Karan Vaswani (herein "Karan") and Assivo, Inc. (herein "Assivo") respectfully submit this as their portion of the Joint Status Report.

Until about 5 pm this afternoon, Defendants believed they would be submitting a joint report along with Plaintiff Sunil Bhatia. On September 18 and September 22, the parties conferred via telephone regarding the issues addressed herein. Through much of today (September 23), the parties worked on a joint draft. However, shortly after 5 pm, Plaintiff simply submitted his own report. Thus, as a result, Defendants must now file their portion of the joint status report as a separate report.

1

## II. Defendants Assivo and Karan Vaswani's Update

With respect to Defendants' motion to compel, nothing has changed since the June 10, 2020 hearing. Plaintiff has not provided any additional information – *none whatsoever* – to supplement its interrogatory response. As the Court may recall, Assivo's interrogatory asks Plaintiff to: (1) identify its trade secrets with specificity; and (2) explain the factual basis for its assertion that such information qualify as "trade secrets" (e.g. what steps MedValue has taken – and not taken – to protect the confidentiality of those "trade secrets").

With respect to the second part of that interrogatory, during the June 10 hearing, Plaintiff acknowledged that he did not need discovery to state what steps MedValue had taken (and not taken) to protect its "trade secrets." During that hearing, Plaintiff *agreed* to supplement his interrogatory response to include certain information, such as the measures MedValue has taken to protect its "trade secrets." That makes sense, because Plaintiff should already know (without the need for discovery) what steps MedValue has taken – or not taken – to protect its information. Plaintiff should also know what economic value its information derives from being protected as Trade Secrets and how such economic value was derived. Despite that, Plaintiff has not supplemented its interrogatory; nor has Plaintiff provided this evidence to Defendants as part of his MIDP Initial Disclosures. During the September 18 and 22 meet-and-confers, Plaintiff backtracked from its position on June 10 and asserted it needed to conduct discovery before it could supplement its interrogatory on this point. To put it mildly, Assivo disagrees, and believes the Court should require Plaintiff to supplement by a date certain. As an example, if Plaintiff is in possession of a non-disclosure agreement between MedValue (as the owner of the alleged trade secrets) and Sunil Bhatia (as the person most knowledgeable about said trade secrets), then

2

Plaintiff should have not withheld this evidence either under MIDP or in responses to the interrogatory. If this agreement does not exist, then Plaintiff cannot prevail on his trade secret claims even if he produces other documents.

With respect to the first part of Assivo's interrogatory (i.e. identifying its trade secrets with specificity), it should be noted that, since the June 10 hearing, Raju Vaswani has provided a substantial amount of information to Plaintiff. However, despite that production, during the September 18 and 22 conferences, Plaintiff indicated he would not supplement his interrogatory until he received access to MedValue's Adwords account. During those conferences, Plaintiff indicated that the information provided to date only extended back to 2018, and, therefore, was not sufficient to allow Plaintiff to understand what MedValue was doing in 2017. Respectfully, the 2018 information (which Plaintiff has had for months) should be sufficient to permit Plaintiff to move beyond its current list of vague categories, and to begin including specific information within each of those categories. However, in an abundance of caution, Defendant Raju Vaswani (as set forth below) has since provided Plaintiff with full access to the Adwords account. Now that Plaintiff has such information (and has had the 2018-current information for months), Assivo contends that Plaintiff should be required to supplement its interrogatory by a date certain.

## II.     Defendant Raju Vaswani's Update

The only thing that remains to happen in this case at this stage is for Plaintiff to fully answer the targeted Interrogatory that has been served upon him, as well as respond to Raju Vaswani's Motion for Partial Summary Judgment as to Counts I through IV of Plaintiff's Second Amended Complaint (Dkt. No. 167). Especially with regards to trade secrets, the analysis is straightforward: Sunil claims MedValue owns an asset called a Trade Secret. Raju claims MedValue does not own such an asset. If said asset was an automobile, MedValue would first have to prove ownership of

3

this automobile before MedValue is entitled to discovery to look in various garages and parking lots to see if someone stole said automobile. Sunil has the burden of proof to prove ownership first and if he fails to prove ownership, then there's no need for discovery to prove misappropriation. Sunil continues to dodge the issue of ownership (because he knows he cannot prove ownership) and instead is overzealously pursuing discovery to prove someone stole MedValue's asset.

Apart from information that he should have had in order to commence this action with any reasonable inquiry into the facts, Raju has now provided Plaintiff with full access to Google AdWords, as well as a copy of MedValue's agreement with New Jupiter Media. This is what Sunil has consistently claimed will enable him to respond to Karan and Assivo's interrogatory, and is in addition to the following information that Raju previously provided:

1. An excel spreadsheet containing a complete export of all data from Google AdWords as of June 18, 2020 (This spreadsheet had 43,000 plus rows and 125 plus columns) ;

2. An excel spreadsheet containing a full keyword report for the last 3 years from Google AdWords as of June 18, 2020;

3. Consolidated annual reports from MedValue's Google Adwords account for 2017, 2018, 2019, and January-May, 2020;

4. Sample monthly reports from MedValue's Google Adwords account for the months of September, 2019 to January, 2020.

As Raju has consistently stated, even before providing Sunil with full access to Google AdWords and a copy of the agreement with New Jupiter Media, Raju had provided Sunil with more than adequate information to fully answer the Interrogatory. Now that this additional information has been furnished to Sunil, there is simply no obstacle to Sunil doing so, and he should be required to do so forthwith.

Finally, with regards to Judge Dow's order on the Motion to Reconsider, as well as Raju's recently filed Motion for Partial Summary Judgment and Motion to Dismiss, nothing about any of those filings changes the analysis, because as a part owner and officer of MedValue, *Plaintiff should have all of the evidence he needs to support his claims,* and that evidence should have been disclosed in his MIDP responses. Most importantly for his DTSA claim, if Plaintiff is not in possession of a Non-Disclosure or Confidentiality agreement between MedValue and Sunil, he should so admit, or if there is one, under his MIDP or in supplementing his response to Assivo's interrogatory he should promptly furnish that key evidence. For his Lanham Act claim, Plaintiff at a minimum should have furnished evidence about use in interstate commerce by providing copies of invoices or customer contracts showing MedValue sold services under the mark MV Outsourcing and not just under its registered trademark MedValue. Withholding key evidence during MIDP Initial Disclosures goes against the purpose of this Court's Pilot program to encourage early disclosure of evidence and damages. Additionally, if Plaintiff needed evidence from willing third parties, experts, or customer surveys he fully could have done that without court-ordered discovery.

Second, while the Motion to Reconsider did reinstate Counts V through VIII, those counts are now the subject of Raju's Motion to Dismiss, based both on the lack of subject matter jurisdiction in the event that summary judgment is granted on Federal counts, and the Plaintiff's failure to state a claim upon which relief can be granted. Thus, if anything, the stay on discovery should correctly remain in place while those motions are pending.

                                                Respectfully submitted,

                                                /s/     Thomas A. Christensen
                                                Thomas A. Christensen
                                                Jenna N. Wadulak

Huck Bouma, PC
1755 South Naperville Road Suite 200
Wheaton, Illinois 60189
(630) 221-1755
tchristensen@huckbouma.com
jwadulak@huckbouma.com

Attorneys for Defendant Raju Vaswani


/s/ Timothy D. Elliott
Timothy D. Elliott
Rathje Woodward LLC
300 East Roosevelt Road Suite 300
Wheaton, IL 60187
630-668-8500
telliott@rathjewoodward.com

Counsel for Defendants Karan Vaswani and Assivo Inc