32474-1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SUNIL BHATIA, Individually, and derivatively On behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) | Case No. 18-cv-02387 |
| Plaintiff, | ) ) | Hon. Robert M. Dow Jr., Presiding |
| v. | ) ) | |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, and ASSIVO, INC. (f/k/a MV OUTSOURCING, INC.), an Illinois Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT, RAJU VASWANI'S, UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE HIS AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT, AMENDED STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT, AND AMENDED MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES Defendant, Raju Vaswani ("Raju"), by and through his undersigned counsel, and for his Unopposed Motion for Extension of Time to file his Amended Motion for Partial Summary Judgment, Amended Statement of Material Facts in Support of His Amended Motion for Partial Summary Judgment, and Amended Memorandum of Law in Support of His Amended Motion for Partial Summary Judgment, states as follows:

### Procedural and Factual History Prior to Filing Partial MSJ

1. Raju filed his Motion for Partial Summary Judgment on July 24, 2020 (Dkt No. 167), and his Memorandum of Law and Statement of Material Facts in support of his Motion for Partial Summary Judgment on July 22, 2020 (Dkt. No. 163 and 165) (collectively, the "Partial MSJ"). The Partial MSJ is a *targeted motion* relative to Counts I through IV of Plaintiff, Sunil Bhatia's

("Sunil"), Second Amended Complaint ("SAC") (Dkt. No. 44), that demonstrates MedValue does not own the alleged "MV Outsourcing" trademark or the alleged trade secrets. The motion is based on the fact that in his response to a single interrogatory and his initial response to court ordered discovery under this Court's Mandatory Initial Discovery Program ("MIDP"), *Sunil has failed to prove that MedValue owns the alleged trademark "MV Outsourcing" or owns any trade secrets.*

### Procedural and Factual History After Filing Partial MSJ

2.  On September 23, 2020, two (2) months after Raju filed his Partial MSJ, Sunil filed a Motion to Reopen Discovery (Dkt. No. 199).   In that motion, Sunil explicitly admitted that "*Defendant Raju Vaswani (herein "Raju") is not a competitor to MedValue, but rather an officer, director and shareholder of MedValue*." (Dkt. No. 199, p. 2, ¶ 3) (emphasis added).  This is a crucial admission, especially with regard to Counts I and II of the SAC where. MedValue seeks an injunction and monetary damages[1] against Raju and co-defendants, Karan Vaswani ("Karan") and Assivo, Inc. ("Assivo).

3.  On October 23, 2020, Raju sent correspondence to Sunil, pursuant to FRCP 37, regarding his deficient responses to the court-ordered mandatory initial discovery. A copy of said correspondence is attached hereto as Exhibit 1. This correspondence demonstrates that Sunil's MIDP Initial Disclosures dated February 7, 2020, are deficient in that they do not disclose any documents, any specific facts relevant to each claim or defense, any legal theories relevant to each claim or defense, or any computation of damages including the underlying damages documentation. The lack of the aforesaid documents and information supports Raju's contention, as more fully discussed in the Partial MSJ, that  Sunil cannot establish ownership of the alleged "MV Outsourcing" trademark or the alleged trade secrets.

---

[1] It is worth noting that obtaining an injunction is not a legal possibility especially since MV Outsourcing, Inc. changed its name to Assivo, Inc. more than two (2) years ago.

4.   The lack of information and documents begs the question that if  MedValue does not own the alleged trademark and does not own the alleged trade secrets, then how can anyone misappropriate them? The burden of proof is on Sunil to first prove ownership before he seeks discovery to prove alleged misappropriation.

5.   Sunil should not need discovery to prove MedValue's ownership of its own intellectual property, if it exists. It is worth noting that Sunil should have had all the facts and evidence in his possession before filing this lawsuit as it relates to ownership of MedValue's alleged trademark and  trade secrets.   Additionally, Sunil's attorneys should have this information if they had undertaken proper inquiry as mandated by FRCP 11.  In the FRCP 37 correspondence, Raju essentially  asked Sunil to produce the required information and documents by October 30, 2020, or admit that he cannot do so.

6.   Additionally, on October 23, 2020, Sunil again supplemented his response to Karan and Assivo's targeted three-question interrogatory that was served on Sunil over a year ago. Sunil's most recent response to Karan and Assivo's interrogatory is equally devoid of facts demonstrating how the alleged trade secrets are in fact trade secrets under applicable laws.

7.   Most noteworthy, Sunil's recent supplemental response to the interrogatory, which he verified under oath, contains another crucial admission that entitles Raju to summary judgment on Counts III and IV of the SAC:  ***MedValue granted access to its alleged trade secret information to four parties and failed to secure non-disclosure agreements from three of the four parties before granting access.***

8.   On October 27, 2020, Raju  produced e-mails and related documents that demonstrate that MedValue's alleged trade secrets were freely and frequently passed around via e-mail without

passwords or encryption, including by New Jupiter Media, the only party that signed a non-disclosure agreement with MedValue.

### Reasons for the Request for an Extension of Time

9. At the hearing on October 20, 2020, Raju was granted leave to file a revised Partial MSJ within seven (7) days, or on or before, October 27, 2020 (Dkt. No. 211). However, as discussed herein, following the hearing, numerous crucial and undisputed material facts have surfaced. For that reason, Raju requires additional time to amend the Partial MSJ to discuss in more detail the following:

**Trademark Infringement and Unfair Competition Claims (Counts I and II)**

- Raju is not a competitor of MedValue but its Chairman & CEO;

- MedValue lacks standing under the Lanham Act;

- MedValue never sold services to a single customer using the name "MV Outsourcing", which Sunil claims is MedValue's alleged trademark. In other words, this fact proves that "MV Outsourcing" was never "used in interstate commerce," a requirement of trademark law; and,

- Sunil admits in his SAC that MV Outsourcing, Inc. has changed its name to Assivo, Inc. and has ceased to use the name since June, 2018, after MedValue demanded it do so. Therefore, an injunction is a legal impossibility.

**Defend Trade Secrets Act & Illinois Trade Secrets Act (Counts III and IV)**

- MedValue failed to protect its alleged trade secrets in that MedValue did not require everyone with access to the alleged trade secrets to first sign a non-disclosure agreement before providing access;

- MedValue failed to store the alleged trade secret information under physical or virtual "lock and key". Information allegedly constituting the alleged trade secrets was freely shared via e-

mail with no encryption or "confidential" designation, and resided on various laptops and mobile devices without passwords or encryption; and,

- Publicly available information or information that can be obtained by anyone in the industry by legal means cannot qualify as trade secrets. Sunil has never even alleged in his SAC that this information cannot be obtained by legal means. The sine qua non of information constituting a trade secret is that it is not publicly known in the industry and cannot be obtained by legal means. The burden of proof is on Sunil to prove this. To date, Sunil has failed to allege this, much less prove it.

10. On October 27, 2020, via e-mail exchange, Sunil's counsel agreed to an extension of time of thirty-five (35) days for the filing of an amended Partial MSJ.

11. This is Raju's first request for an extension of time to file an amended Partial MSJ.

12. Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

13. In this case, given the events that have transpired since Raju filed the Partial MSJ and the October 20, 2020 hearing, good cause exists for the extension sought.

WHEREFORE, Defendant, Raju Vaswani, respectfully requests that this Honorable Court grant an extension of 35 days for the filing of Defendant, Raju Vaswani's, Amended Motion for Partial Summary Judgment, Amended Statement of Material Facts in Support of His Amended Motion for Partial Summary Judgment, and Amended Memorandum of Law in Support of His Amended Motion for Partial Summary Judgment, and award such other and further relief as is equitable and just.

Respectfully submitted,

RAJU VASWANI

By: /s/ Thomas A. Christensen
      One of His Attorneys

Thomas A. Christensen (ARDC No. 6215881)
Jenna N. Wadulak (ARDC No. 6309859)
HUCK BOUMA PC
1755 S. Naperville Road, Suite 200
Wheaton, Illinois 60189
(630) 221-1755
tchristensen@huckbouma.com
jwadulak@huckbouma.com

## CERTIFICATE OF FILING AND SERVICE

I, Thomas A. Christensen, certify as follows under penalty of perjury this 27th day of October, 2020:

1.     I filed *Defendant, Raju Vaswani's, Motion for Extension of Time to File His Amended Motion for Partial Summary Judgment, Amended Statement of Material Facts in Support of His Amended Motion for Partial Summary Judgment, and Amended Memorandum of Law in Support of His Motion for Partial Summary Judgment,* by filing it with the Clerk of the Court via electronic means on October 27, 2020.

2.     I served *Defendant, Raju Vaswani's, Motion for Extension of Time to File His Amended Motion for Partial Summary Judgment, Amended Statement of Material Facts in Support of His Amended Motion for Partial Summary Judgment, and Amended Memorandum of Law in Support of His Motion for Partial Summary Judgment,* by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

/s/ Thomas A. Christensen

R:\32000s\32400-32499\32474-1\Pleadings\Motion for Extension of Time - final.docx

# HUCK BOUMA PC

1755 South Naperville Road, Suite 200,   Wheaton, Illinois  60189
p: (630) 344-1149   f: (630) 221-1756
www.huckbouma.com

Thomas A. Christensen
Attorney at Law
direct: (630) 344-1152
tchristensen@huckbouma.com

October 23, 2020

**VIA EMAIL**
Steven M. Dallas, Esq.
Stevend@rfd-law.com
William D. Dallas, Esq.
wdd@rfd-law.com

   Re: Bhatia v. Vaswani, et al.
     Communication Pursuant to FRCP 37

Dear Counsel:

   In light of Judge Jantz's recent ruling that discovery is to proceed in the above-referenced matter, we have again reviewed Plaintiff Bhatia's initial disclosures pursuant to Judge Dow's Standing Order regarding Mandatory Initial Discovery Pilot.  As you know, that order states that the discovery obligations addressed therein supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (iv), and Rule 26(b)(2)(C). Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the Standing Order does not allow the parties to opt out.

   Furthermore, the duty of mandatory initial discovery set forth in the Order is a continuing duty, and each party must serve supplemental responses when new or additional information is discovered or revealed. A party must serve such supplemental responses in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party.

   Review of your client's MIDP disclosures as they relate to Counts I to IV of his Second Amended Complaint, reveals that MedValue has failed to disclose facts or evidence, which would show that MedValue owns a trademark for MV Outsourcing or owns any trade secrets. The numerous apparent deficiencies, are as follows:

   1. With respect to Paragraph B (4), Bhatia was required to state the facts relevant to each of his claims, and the legal theories upon which such claim is based. In his disclosures, Plaintiff simply referred to certain paragraphs of his Second Amended Complaint and his First Supplemental Response to Defendants' Karan Vaswani's and Assivo's First Set of Interrogatories.

   We consider this cursory recitation of certain conclusory facts to be highly deficient and not in the spirit of disclosure as contemplated by the MIDP program.  Nevertheless, if Bhatia intends to stand on these answers, rather than making an appropriate supplement as discussed below, we will consider this to be an admission that Bhatia has no additional facts in his possession

EXHIBIT 1

Mr. Steven Dallas
Mr. William Dallas
October 23, 2020
**2** | P a g e

relating to any of his claims and is unable to describe legal theories on which he is basing his claims.

2. Also, with respect to Paragraph B (3), MedValue was required to produce documents or ESI, that it has claimed it possesses and has listed as evidence. Since the time period of 40 days referred to in Paragraph C(2)(c) of the Order has passed, we take this as an admission that Bhatia (on behalf of MedValue), cannot produce said documents or ESI.

3. Paragraph B (5) of the order requires Bhatia to provide a computation of each category of damages that he claims, and to describe (or produce) documents or other evidentiary material upon which that computation is based. Here again Bhatia has simply recited certain damages categories without any actual computation and without describing any documents or evidentiary materials. Defendants take this as admission that no such documents exist and that MedValue or Bhatia are not aware of any damages incurred.

The purpose of this letter is to confirm that, given Bhatia's failure over the last more than 8 months to supplement his responses to comply with MIDP Initial Disclosures and the 30-day supplementation obligation of the order, that as of the date when he filed his complaint and more recently as of September 23, 2020, Bhatia has no factual basis, no legal theories, and no detailed computations of each category of damages, nor evidence, beyond what was contained in his MIDP disclosures. If this is not the case and your client would like an opportunity to disclose additional documents, facts, computations of damages, or evidence, I am willing to speak with my client regarding an agreement that all parties supplement their MIDP Initial Disclosures and produce facts, evidence, or documents, if any by October 30, 2020. If you would like to meet and confer on this topic, please suggest dates and times early next week.

Sincerely,

HUCK BOUMA^PC

Thomas A. Christensen

cc: Raju Vaswani
Tim Elliott