IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, <br><br> Defendants. <br> _____ <br> RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., An Illinois Corporation, <br><br> Counter-plaintiff and Third-party Plaintiff, <br><br> v. <br><br> SUNIL BHATIA, an individual, <br><br> Counter-defendant, <br><br> and <br><br> VARSHA BHATIA, an individual, <br><br> Third-party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number: 1:18-cv-2387 <br> ) Hon. Robert M. Dow, Jr., Presiding <br> ) <br> ) Hon. Beth W. Jantz, Magistrate Judge <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT RAJU VASWANI TO ANSWER
<u>WRITTEN DISCOVERY</u>**

1

Plaintiff, Sunil Bhatia, individually and derivatively on behalf of MedValue Offshore Solutions, Inc. ("Plaintiff"), by his attorneys, Regas, Frezados & Dallas LLP, and for his motion to compel Defendant, Raju Vaswani, (herein "Raju") to answer Written Discovery pursuant to Federal Rule of Civil Procedure 37 (a) (4), states as follows:

1. Plaintiff issued the following written discovery to Raju:

    a. Interrogatories to Raju;

    b. First Request for Production of Documents;

    c. First Set of Requests for Admission.

2. Raju served the following responses to the above written discovery:

    a. Answers and Objections to Plaintiff, Sunil Bhatia's, Interrogatories (herein "Interrogatory Objections"). A true and correct copy of Raju's Interrogatory Objections is attached hereto as "Exhibit A";

    b. Responses and Objections to Plaintiff, Sunil Bhatia's, First Request for Production of Documents (herein "Production Objections"). A true and correct copy of Raju's Production Objections, with certain confidential material redacted, is attached hereto as "Exhibit B"; and

    c. Answers and Objections to Plaintiff, Sunil Bhatia's, First Set of Requests of Admission (herein "Objections to Admissions"). A true and correct copy of Raju's Objections to Admissions, with certain confidential material redacted, is attached hereto as "Exhibit C".

3. When a party raises objections to discovery requests, the objecting party bears the burden to explain precisely why its objections are proper given the broad construction of the federal discovery rules. *Barker v. Kapsch TrafficCom USA, Inc.*, Case No. 1:19-cv-00987-TWP-

MJD, 2019 U.S. Dist. LEXIS 102093, at *1 (S.D. Ind., Indianapolis Div., June 18, 2019). Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard them. *Id.* at * 2. General objections, by their very nature, make no attempt to articulate a basis specific to a request, and Seventh Circuit district courts summarily deny them on a regular basis. *Id.* at * 3. Likewise, when the objecting party raises nonspecific, boilerplate objections without clearly explaining how the request is objectionable, courts should overrule the objections in favor of broad discovery, pursuant to the federal rules, as boilerplate objections without explanation are deemed waived. *Id.* at * 3-4.

4.  Each of Raju's responses to Plaintiff's written discovery contain numerous boilerplate general objections and his individual responses are likewise replete with boilerplate objections. To illustrate, in response to Plaintiff's request for all documents provided by Raju to Assivo or which Raju allowed Assivo access, Raju responded: "Subject to his aforementioned general and case specific objections and without waiving them, Raju answers as follows: Objection, overly broad as the request is not limited in time or subject matter, not relevant to any claims or defenses in this matter as the request is not limited in time or subject matter. Objection, not relevant to any of the claims, not reasonably calculated to lead to discovery of relevant or admissible evidence, and assumes facts not in evidence." Exhibit B, pg. 17, ¶ 41. Plaintiff has alleged that Raju, as he threatened, helped his son to open a competing business, Assivo, when Plaintiff refused Raju's demand to make his son a part of MedValue, and Plaintiff has asserted claims for unfair competition, trade secret misappropriation and breach of fiduciary against Raju. Accordingly, his boilerplate objections are plainly unfounded. Moreover, this is not a situation, improper as it may be, where a party asserts boilerplate objections but then substantially complies

with a request. Raju did not produce a single new document in his December 3, 2020 and January 14, 2021 responses to discovery. He simply references a paltry 55 pages of documents previously produced in this litigation back in October and November of 2020.[1] Moreover, he fails to specify whether he is withholding any documents under any objection, pursuant to Fed. R. Civ. P. 34(C) and his counsel would not answer whether or not this was the case at the parties' meet and confer pursuant to Rule 37. Raju's other discovery responses are just as deficient as his responses to Plaintiff's request for production.

    5.    Specifically:

    a.    Raju failed to answer nearly every one of Plaintiff's interrogatories. Except for answering interrogatory 1 as to the name of the person who was answering the interrogatories by stating "Raju", Raju failed to answer any one of Plaintiff's remaining 24 interrogatories.

    b.    Of Plaintiff's 50 requests for production, Raju responded only to items numbered 1, 2, 33, 34, 35, 36. Raju otherwise stood on his objections to justify a refusal to even answer whether requested documents existed.

    c.    Raju refused to answer Plaintiff's requests for admission numbers 1, 2, 3, 10, 11, 12, 13, 14, 17, 18, 27, 30, 31, 34, 35.

    d.    Raju failed to sign his answers to interrogatories under oath as required by Federal Rule of Civil Procedure 33(b) (3) and (5).

    6.    Finally, Raju has asserted what he terms, "case specific" objections which generally argue that he should not have to respond to any discovery whatsoever. These objections are equally meritless:

---

[1] 41 pages of these documents were produced as part of Raju's efforts to argue the merits of an unfiled motion for summary judgment in an *unopposed* motion for extension of time to file that very motion. (Doc. #: 212; 213).

a. Raju claims that this Court ordered "targeted" discovery to proceed under Rule 56, not general discovery under Rule 26. According to Raju, in order to receive discovery responses, Sunil must explain to Raju how the discovery will allow Plaintiff to respond to a statement of material facts[2] that Raju *plans* to file in connection with a future amended motion for summary judgment. This Court ordered nothing of the sort when it reopened discovery upon Plaintiff's motion and "allow[ed] time for the parties to take discovery." (Doc. #: 205). The Court specifically set a deadline for Raju to respond to previously served written discovery, which included nearly all of Plaintiff's production requests to Raju, and set a deadline to issue any additional discovery without limitation.

b. Raju claims that he does not have to respond to discovery because Plaintiff has not identified his trade secrets with specificity. It is true that, exercising their discretion, some courts have required a plaintiff to allege his trade secrets with reasonable specificity before defendants are required to do the same.[3] However, as Plaintiff has repeatedly pointed out to defendants and argued in his motion to reopen discovery (Doc. #: 199), the only disclosure this excuses is actual trade

---

[2] The purported statement of material facts contains few, if any, material facts beyond the allegations of Plaintiff's own complaint. Instead, it merely states that Plaintiff has no evidence for various matters and cites Sunil's responses to mandatory initial discovery requests. Regardless, this is an issue for Judge Dow to address if and when Raju files his amended motion.

[3] See AutoMed Techs., Inc. v. Eller, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2011)(stating "There is no privilege excepting trade secrets from discovery, but 'courts must exercise discretion to avoid unnecessary disclosure of such information . . . Consequently, 'plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given proper showing of need) to compel discovery of its adversary's trade secrets.'"); but see Superior Graphite Co. v. Campos, No. 19-cv-5830, 2020 U.S. Dist. LEXIS 158583 * 11-12 (N.D. Ill. September 1, 2020)(stating, inter alia, "[Defendant] relies exclusively on a 20-year-old [AutoMed Techs., Inc. v. Eller] case involving a Plaintiff's trade secret discovery requests to a non-party . . . In the ensuing twenty years, it has only become clearer that dispositive motions are the venue for challenging the particularity of a claimed party's trade secret . . . A discovery squabble is no place to litigate the ultimate issue in a case. And trying to avoid discovery altogether could not be more unfair and is hopelessly inconsistent with the discovery principles underlying [Fed. R. Civ. P. 26] or more contrary to the fundamental principle that the quest for truth is the object of all discovery and of trials.")

secrets. Raju has already provided Plaintiff with access to MedValue's Google's AdWords Account containing MedValue's trade secrets and, if he is in possession of Assivo's trade secrets, it's difficult to imagine any justification for withholding them from MedValue, given his fiduciary duty thereto. Further, Plaintiff has six other claims pending. Moreover, this Court ordered Assivo to renew its objections, if any, to the specificity of Plaintiff's trade secret disclosures within 10 days of Plaintiff's supplementation of those disclosures. (Doc. #: 205). Plaintiff made his disclosures on October 23, 2020 and, after meeting and conferring with defendants, agreed to make an additional supplementation, which he did on December 18, 2020. Assivo has not filed any objection to date.

c. Raju claims that he should not have to respond to discovery until Plaintiff amends a verification filed on October 11, 2019. Despite the fact that this Verification was filed well over a year ago and Raju's own verification has issues that he now complaints of, defendants waited until November 25, 2020 to take any action, just a week before they served their first batch of discovery responses on December 3, 2020. Plaintiff will let the Court draw its own conclusions therefrom. There is a motion to dismiss (Doc. #: 229) pending before Judge Dow and, given the delay of over a year in taking action on the verification, discovery should not be halted while he decides it.

d. Raju further claims that Plaintiff has not alleged plausible claims in his complaint. Judge Dow rejected this argument once, back on September 25, 2019 (Doc. #: 83). Over a year later, on November 12, 2020, defendants filed a motion for judgment on the pleadings (Doc. #: 219) to again attempt to dismiss Plaintiff's complaint.

6

        Raju also raises issues regarding subject matter jurisdiction, but these are contingent upon him prevailing on the motion for judgment on the pleadings and plaintiff being unable to amend. Given the delay of over a year in bringing this motion and the result of defendants' previous efforts, discovery should not be halted while Judge Dow decides the motion for judgment on the pleadings.

e.     Raju complains that Plaintiff has not provided MIDP disclosures and that he should not have to respond to discovery until Plaintiff does. Prior to this counsel's substitution in this matter the parties exchanged MIDP disclosures on or around February 7, 2020 on Counts I-IV of the Complaint. It appears that none of the parties produced documents or ESI in connection therewith. In July of 2020, Judge Dow reinstated Counts V-VIII of Plaintiff's Complaint and various counts of Raju's counterclaims and third-party claims. None of the parties took any action with respect to these newly reinstated claims until Raju filed MIDP disclosures for his counterclaims and third-party claims on January 14, 2021. He has not produced any documents in connection therewith. On January 20, 2021, the Court ordered Plaintiff and third-party defendant to serve MIDP responses and they are working to do so by the relevant deadline. Because the Court's order was in response to Raju's objection to Plaintiff's motion for an extension of time, and because Raju did not inform the Court that he had outstanding MIDP, the Court has not ordered Raju to serve MIDP disclosures on Counts V-VIII of Plaintiff's complaint, and Plaintiff requests that the Court require Raju to do so. Given that Plaintiff's responses are forthcoming and these issues existed when the Court originally re-

        opened discovery and set deadlines on October 7, 2020 (Doc. #: 205), there is no basis for Raju to withhold his discovery responses.

    f.    Raju makes various arguments regarding threshold issues and a premature request. To the extent that these arguments are not redundant with the foregoing objections, they simply argue that Sunil should be forced to provide discovery before Raju. Unless ordered by a court, discovery by one party does not require any other party to delay its discovery. Fed. R. Civ. P. 26(d)(3). The Court has not permitted Raju to withhold his discovery while Plaintiff responds, and it would be unjust to do so.

    g.    Raju claims that Plaintiff has not scheduled a Rule 26 (f) conference and Plaintiff's requests are premature. This lawsuit was filed in April of 2018, and Plaintiff's current counsel substituted into it in late August of 2020. Accordingly, Plaintiff's counsel can't speak to whether a Rule 26(f) conference occurred or why it didn't. However, the obligation to have a Rule 26(f) conference is not one-sided. Further, Rule 26(d)(1) allows a party to seek discovery as ordered by the court notwithstanding the failure to hold a Rule 26(f) conference. This Court has so ordered and both parties have sought discovery.

7.    Plaintiff's counsel has in good faith conferred with Raju's counsel in an effort to obtain compliance without this Court's intervention. Raju's latest discovery responses were served on January 14, 2021. Plaintiff's counsel emailed all counsel on January 15, 2021 requesting dates and times to meet and confer the following week. Having received no response, Plaintiff again emailed opposing counsel on January 20, 2021 requesting dates. On January 22, 2021, opposing responded. January 26, 2021 was the earliest date offered by either opposing counsel, and January 27, 2021 at 5:00 p.m. was the earliest date both opposing counsel indicated that they could meet

8

and confer. Counsel for the parties, Plaintiff and Raju met and conferred by phone for two hours at that date and time. Plaintiff agreed to narrow his supplemental production request to Raju, and Raju's counsel indicated they would consider the narrowed request. Plaintiff requests leave to take further action if these efforts are unsuccessful. Defendants indicated that they largely intended to stand on the objections above. The parties discussed other compromises on a handful of discovery requests and defendants' counsel indicated that, while they could not commit to any further disclosures at that time, they would discuss the matter with their clients and follow up. Plaintiff has not received any follow up as of the filing of this motion.

WHEREFORE, Plaintiff requests that this Court overrule Raju's objections to discovery, order Raju to provide full and complete responses to the discovery identified in Paragraph 5, correct the discovery deficiencies identified in Paragraph 5, provide MIDP disclosures with respect to Counts V-VIII of Plaintiff's complaint, produce any outstanding documents or ESI set forth in Paragraph B(3) of this Court's Amended Standing Order Regarding MIDP, order Raju to pay Plaintiff's reasonable expenses, including attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A), and grant such further or other relief as the Court deems just and equitable.

                  Regas, Frezados & Dallas LLP

                  By: /s/ Steven M. Dallas
                    Attorneys for Plaintiff

Steven M. Dallas 6303138  stevend@rfd-law.com
William D. Dallas 6186780  wdd@rfd-law.com
Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602
(312) 236-4400

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on January 29, 2021, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois Plaintiff's Motion to Compel Defendant, Raju Vaswani to answer Plaintiff's Written Discovery using the Court's ECF system, which automatically results in the transmission, by e-mail to all parties in this action who have registered use the ECF in the Northern District of Illinois, of a notice of electronic filing that constitutes service, pursuant to the general order issued by this Court and the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| [x] | Under penalty of perjury, I certify that the statements set forth forth herein are true and correct. | _/s/ Steven M. Dallas_____<br>Signature |