IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., ) ) ) ) | |
| Plaintiff, ) ) | Case No. 18-cv-02387 |
| v. ) ) | Judge Robert M. Dow Jr. |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, and ASSIVO, INC., an Illinois Corporation, ) ) ) ) | Magistrate Judge Beth W. Jantz |
| Defendants. ) | |

## JOINT STATUS REPORT

Sunil Bhatia (herein "Plaintiff") and Varsha Bhatia (herein "Third-Party Defendant") by their attorneys, Regas, Frezados & Dallas LLP and Patterson Law Firm LLC, Raju Vaswani (herein "Raju" and "Third-Party Plaintiff"), Karan Vaswani (herein "Karan") and Assivo, Inc. (herein "Assivo") (Raju, Karan and Assivo are herein referred to as "Defendants"), by their attorneys, Neal, Gerber & Eisenberg LLP, for their Joint Status Report, state as follows:

The Court ordered the parties to prepare a joint status report reciting: (1) whether the parties have agreed to settle, and if not, (2) the parties' additional efforts since 6/16/21 to meet and confer on their numerous outstanding discovery disputes, and (3) in list form (so the Court can easily follow it), any progress on and/or status of outstanding discovery issues. This supplemental report may not contain any argument. (Doc. #: 340).

**I.     Update Regarding Settlement Efforts**

On Wednesday, June 16, 2021, Plaintiff Sunil Bhatia, Defendant Raju Vaswani, and each of their counsel held a 6.5-hour, in-person settlement conference. Messrs. Bhatia and Vaswani, who have continued to operate MedValue jointly as a two-man company throughout the pendency

1

of this litigation, explored various options to resolve the dispute and move forward with their respective business opportunities. The parties reached an understanding at the conference that the best option for an agreed resolution would be for Messrs. Bhatia and Vaswani to part ways, with one buying the other's shares in MedValue. The parties made constructive progress at the conference to jointly develop a list of restrictions that would apply to the eventual seller, as well as to Defendants Karan Vaswani and Assivo, Inc. (for most of the restrictions). Mr. Bhatia and Mr. Raju Vaswani each took two days to prepare their respective proposals to (i) sell their shares in MedValue to the other and (ii) buy the other's shares. The parties exchanged these proposals through counsel on Friday, June 18. Counsel for the parties also held multiple calls that day to discuss these proposals.

The parties have not yet agreed to settle and their monetary figures are quite far apart; however, the parties anticipate that further settlement efforts will take place. Defendants believe that a further settlement conference with the Court would greatly assist the parties to narrow this gap and reach a resolution, and thus Defendants respectfully request that the Court set a date in July 2021 for a settlement conference led by Judge Jantz. Plaintiff's counsel does not believe that settlement is imminent and does not agree to delay discovery while the parties continue to pursue settlement. Plaintiff intends to pursue settlement further, but is not willing to schedule or participate in a settlement conference at this time. While much of the foregoing two paragraphs is Defendants' advocacy in support of their request for a settlement conference, Plaintiff does not dispute the salient facts and does not feel that it is productive or necessary to debate the numerous characterizations.

## II.     Parties' Additional Efforts to Meet and Confer on Discovery Issues

The parties exchanged multiple written communications during the week of June 14, and counsel met and conferred by telephone on June 18 and June 21 regarding their outstanding issues.

### III. Status of Outstanding Discovery Issues

#### A. Defendants' Expedited Discovery Requests

1. Plaintiff has agreed to respond to Defendants' Expedited Discovery Requests for Admission to Plaintiff (Nos. 1-20) and to Request Nos. 1-7 and 9-11 in Defendants' Expedited Discovery Requests for Production to Plaintiff (Nos. 1-13). Plaintiff has further agreed not to withhold any information or documents responsive to these requests based on any objections that Plaintiff has not already raised. Defendants note that Plaintiff has not raised any objections to these requests.

2. With respect to Defendants' Expedited RFP No. 8, Plaintiff is willing to agree to make searches for communications concerning "COVID" and "pandemic." As set out in the June 14 JSR, Defendants are willing to accept Plaintiff's proposal, provided that Plaintiff confirm in writing that the clients (Clients A, B, and C) that Plaintiff alleges in his brief "were either substantially reducing or terminated their relationships with MedValue" (Dkt. 317 at 4) did not do so because of the actions by Defendants that Plaintiff alleges create liability in this case, but rather because of these clients' own unrelated business issues. Plaintiff rejects Defendants' proposal.

3. With respect to Defendants' Expedited RFP Nos. 12 and 13, Plaintiff is willing to agree to search for responsive documents not previously produced that fall within the scope of those requests and to produce such documents. Defendants are willing to accept Plaintiff's proposal, provided Plaintiff confirm that Plaintiff's search and production will include all documents that form the factual basis for Plaintiff's belief (and request in the Proposed Order that Plaintiff filed with the Court in support of his Motion for Preliminary Injunction) that ousting Defendant Raju Vaswani as MedValue's CEO and prohibiting Mr. Vaswani's involvement in any aspect of his business while this litigation proceeds would increase MedValue's revenues, profits, or share value. Plaintiff rejects Defendants' proposal.

4. With respect to Defendants' Expedited Interrogatory No. 1 to Plaintiff, Plaintiff has objected that the interrogatory request seeks identification of all documents responsive to the RFPs. Plaintiff is willing to agree to identify any new documents produced in response to these requests, but does not agree to list the bates ranges for the 2,154 pages of documents previously produced in this matter in relation to each new expedited RFP request. Defendants agree to and accept this proposal.

#### B. Plaintiff's Expedited Discovery Requests

1. If expedited discovery proceeds, Defendants agree to provide responses to Plaintiff's Expedited RFP Nos. 9-11, which only seek documents from November 1, 2020 onwards.

2. With respect to Plaintiff's other Expedited RFPs, if expedited discovery proceeds, Defendants agree to produce responsive documents created during and after November 2020 (*i.e.*, within the six months preceding and also following Plaintiff's filing of the Motion for Preliminary Injunction), to the extent any exist and are not already in Plaintiff's possession (such as documents stored in the MedValue email archive that Plaintiff Sunil Bhatia controls for the company).

3. Defendants still disagree that broad expedited discovery should proceed, and Defendants also object to Plaintiff's contention that documents which precede November 1, 2020 are "necessary to brief the preliminary injunction motion for the District Judge" (Dkt. 340).

4. Plaintiff seeks production to be in native format. Defendants agree to produce documents in PDF and/or TIFF as both parties have done throughout this litigation, and will produce in native format where doing so is most practical (*i.e.*, for Excel spreadsheets or other file types that do not print well to Bates-numbered pages).

5. With respect to request 1, Plaintiff requests information for the period of June 1, 2017 to December 31, 2017. Defendants do not agree to provide information for this time period.

6. With respect to request 2, Plaintiff seeks information for the period July 22, 2017 to August 22, 2017, December 1, 2017 to February 1, 2018. Defendants do not agree to provide information for this time period.

7. With respect to request 3, Plaintiff seeks information for the period June 1, 2020 to October 30, 2020. Defendants do not agree to provide information for this time period.

8. With respect to request 4, Plaintiff seeks this document in native format, with the date of first transaction and an explanation of, where individuals are listed, whether that individual is in fact the client, or if not, who the client entity is. Defendants have already provided much of this information in response to other requests and do not agree to provide this information again.

9. With respect to request 6, Plaintiff stands on its request as issued. Defendants do not agree to provide this information.

10. With respect to requests 7, 8 and 13, Plaintiff agrees with the Defendants that these requests result in some duplication and withdraws the requests to the extent that they do duplicate each other. Plaintiff requests documents for the period June 1, 2019 to December 31, 2019. Defendants do not agree to provide information for this time period.

11. With respect to request 12, Plaintiff seeks documents in the period June 1, 2019 to December 31, 2019. Defendants do not agree to provide information for this time period.

C. **Other Issues Regarding Expedited Discovery**

If expedited discovery proceeds, Defendants respectfully request that the Court only allow limited written discovery and not allow depositions. Broader expedited discovery is unlikely to be necessary to brief the preliminary injunction motion, is likely to be duplicative of other discovery in the case, and would force the parties to incur substantial cost. To prevent undue burden, if depositions are permitted to occur in expedited discovery, Defendants request that the depositions be limited to 90 minutes each and cover only the timeframe and substance relevant to

the preliminary injunction motion. Otherwise, if any party wishes to take a broader or longer deposition, such deposition must count as that party's sole deposition for each applicable witness pursuant to Fed. R. Civ. P. 30(d)(1) for general discovery. Plaintiff disagrees with this proposal.

Also, the parties respectfully stand on each of their proposed schedules for expedited discovery set forth in the June 14 JSR. (Dkt. 339 at 10-11.)

### D. General Discovery

Plaintiff has provided a written correspondence to Defendants identifying a subset of narrowed discovery requests. Defendants agree to endeavor to provide a written response to this correspondence by June 25, in which Defendants intend to identify the subset of narrowed requests, or parts thereof, to which they will agree to respond. The parties will then meet and confer by June 29 to discuss any remaining disputes that may exist. Defendants intend to provide a similar a letter to Plaintiff and to Third-Party Defendant Varsha Bhatia by June 23, setting forth a subset of narrowed discovery requests for which Defendants believe their responses are deficient and/or their objections are inappropriate. Once Plaintiff and Third-Party Defendant have received this letter, the parties will work to agree on a timetable for responding to this letter and then to meet and confer. Based on the progress of this process, the parties will later determine how to address the other outstanding discovery issues.

Respectfully submitted,

<table>
<tr><td>

*/s/ Steven M. Dallas*
Steven M. Dallas
William D. Dallas

Regas, Frezados & Dallas LLP
20 N. Clark St., Suite 1103
Chicago, IL 60602
(312) 236-4400
stevend@rfd-law.com
wdd@rfd-law.com
Attorneys for Plaintiff, Sunil Bhatia

</td><td>

*/s/ Ian Block*
Ian J. Block
Collette A. Woghiren
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street Suite 1700
Chicago, IL 60602
(312) 269-2960
iblock@nge.com
cwoghiren@nge.com

*Attorneys for Defendants Raju Vaswani; Karan Vaswani; and Assivo, Inc.*

Dated: June 21, 2021

</td></tr>
</table>

*/s/ Sarah Dunkley*
Sarah Dunkley
Patterson Law Firm, LLC
200 W. Monroe Street, Suite 2025
Chicago, IL 60606
312-223-1699
312-223-8549
sdunkley@pattersonlawfirm.com
Attorneys for Plaintiff, Sunil Bhatia

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 21, 2021, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ian Block*