IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SUNIL BHATIA, individually, and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-02387 |
| v. | ) ) | Judge Robert M. Dow Jr. |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, and ASSIVO, INC., an Illinois Corporation, | ) ) ) ) ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) | |

## JOINT STATUS REPORT

Sunil Bhatia (herein "Plaintiff") and Varsha Bhatia (herein "Third-Party Defendant") by their attorneys, Regas, Frezados & Dallas LLP and Patterson Law Firm LLC, Raju Vaswani (herein "Raju" and "Third-Party Plaintiff"), Karan Vaswani (herein "Karan") and Assivo, Inc. (herein "Assivo") (Raju, Karan, and Assivo are herein referred to as "Defendants"), by their attorneys, Neal, Gerber & Eisenberg LLP, for their Joint Status Report, state as follows:

The outstanding issues from the Court's August 4, 2021 Order (Dkt. 348) that required updates from the parties related to the status of: (1) Plaintiff's supplemental responses to Defendants' Expedited Discovery Requests for Admission Nos. 1 and 2; (2) Plaintiff's verification of the derivative complaint; and (3) the parties' selection of a vendor to perform the Google AdWords collection.

### 1. Plaintiff's Supplemental RFA Responses

Plaintiff has supplemented the responses to the Requests for Admission, admitting that he is unaware of any evidence reflecting any purported use of "MV Outsourcing" by Assivo after January 1, 2019. This item is complete.

1

## 2. Plaintiff's Derivative Complaint Verification

Plaintiff filed a verification for the derivative complaint. (Dkt. 351.)

Defendants' position is that this new verification does not identify the specific paragraphs or allegations to which the verification relates; however, Defendants believe that this latest verification corresponds to Paragraphs 1-87 (factual allegations incorporated by reference in Counts VI and VIII), 129-135 (Count VI), and 141-147 (Count VIII) of the Second Amended Complaint (Dkt. 44). Defendants note that Plaintiff's latest verification only purports to verify the accuracy of Counts VI and VIII as of September 28, 2018, when the Second Amended Complaint was filed. The new verification does not affirm that the allegations asserted in these counts remained accurate when Plaintiff Sunil Bhatia signed the new verification on August 6, 2021. (Dkt. 351.) Defendants request the Court's decision on the sufficiency of this verification and, more specifically, whether Plaintiff should instead file a consolidated verified complaint asserting all of his live claims in a single pleading.[1] (*See* Dkt. 337 at 2 n.2 (Judge Dow Order raising possibility of new consolidated complaint filing); *see also* Dkt. 83 at 18 (Judge Dow Order requiring new complaint filing) (citing *Toscano v. Koopman*, 148 F. Supp. 3d 679, 685 (N.D. Ill. 2015) (requiring plaintiff to file a verified amended complaint)).)

Plaintiff's position is that Defendants have re-raised the issue of verification in discovery proceedings, even though this is not a discovery issue. Nevertheless, prior to this Court's order (Doc. #: 348), Plaintiff agreed to provide a verification in an attempt to prevent further litigation of a procedural issue. As Plaintiff had already agreed to provide a further verification, Plaintiff did not object to Defendants' insistence that a statement noting Defendants' request to Plaintiff for

---

[1] Plaintiff also filed another Second Amended Complaint (Dkt. 85 (Oct. 11, 2019)), in which he only verified Counts I-IV. The result is two separate, semi-operative, partially overlapping versions of the "Second Amended Complaint" (Dkt. 44; Dkt. 85), each of which contains the current iteration of only some of Plaintiff's remaining claims. A single consolidated pleading by Plaintiff would resolve all of these issues.

2

a verification be included in the joint status report (Doc. #: 347). Reviewing the joint status report (Doc. #: 347) and the Court's subsequent order (Doc. #: 348), it is possible to interpret the joint status report to mean that Judge Dow has ordered Plaintiff to provide a verification.[2] However, Judge Dow did not order Plaintiff to file a new verification; instead, Judge Dow completely rejected Defendants' arguments regarding verification, as well as all their other arguments in their four motions to dismiss, and did not order Plaintiff to take any action in connection therewith. (Doc. #: 337). Yet, Plaintiff elected to file a verification anyway, prior to this Court's order, in an effort to finally put the issue to rest.

Despite this, Defendants now improperly re-raise issues regarding verification that were expressly raised in their prior motions to dismiss (Doc. #: 308), but absent from their last request. There are numerous reasons why Defendants' request should be denied substantively, the least of which is the fact that Raju Vaswani's own verification is a freestanding document of the type he now complains. (Doc. #: 74). More importantly, it was improper to request new relief regarding a non-discovery issue in a joint status report, and Defendants' efforts to do so again compound the impropriety. Judge Dow has expressly stated that he will consider the issue at a later date. (Doc. #: 337, pg. 2., f.n. 2). Given that Judge Dow rejected Defendants' previous arguments regarding the verification, it appears that Defendants are trying to raise these arguments in front of a different judge in an effort to avoid the same outcome. Defendants' request is wholly outside the bounds of joint status report and it should be rejected. If it is not, Plaintiff should be given the opportunity to file a formal response with legal argument.

---

[2] See Doc. #: 347, pg. 5, stating "Defendants requested that Plaintiff provide a compliant verification for his operative complaint for Counts V-VIII under penalty of perjury, as this is required under Rule 23.1 (Dkt. 337 at 6-7 (Judge Dow's order on Defendants' motion to dismiss))" and Doc. #: 348, ordering "Plaintiff is ordered to provide by 8/10/21 a verification of the derivative counts (VI and VIII) of the operative complaint that is consistent with the District Judge's ruling. [See dkt. 337 at 6-7.]"

**3. Google AdWords Vendor Selection**

The parties exchanged further information on the AdWords vendors and have selected a vendor that is acceptable to the parties. The vendor will shortly be collecting the information. While the collection itself is not yet complete, there are no anticipated issues in completing the matter.


Respectfully submitted,

| | |
|---|---|
| */s/ Steven M. Dallas* | */s/ Ian Block* |
| Steven M. Dallas | Ian J. Block |
| William D. Dallas | Collette A. Woghiren |
| | Neal, Gerber & Eisenberg LLP |
| Regas, Frezados & Dallas LLP | Two North LaSalle Street Suite 1700 |
| 20 N. Clark St., Suite 1103 | Chicago, IL 60602 |
| Chicago, IL 60602 | (312) 269-2960 |
| (312) 236-4400 | iblock@nge.com |
| stevend@rfd-law.com | cwoghiren@nge.com |
| wdd@rfd-law.com | |
| Attorneys for Plaintiff, Sunil Bhatia | *Attorneys for Defendants Raju Vaswani; Karan Vaswani; and Assivo, Inc.* |
| | Dated: August 12, 2021 |

*/s/ Michael Haeberle*
Michael Haeberle
Patterson Law Firm, LLC
200 W. Monroe Street, Suite 2025
Chicago, IL 60606
312-223-1699
312-223-8549
mhaeberle@pattersonlawfirm.com
Attorneys for Plaintiff, Sunil Bhatia

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 12, 2021, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ian Block*