# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SUNIL BHATIA, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RAJU VASWANI, an individual, KARAN VASWANI, an individual, MV OUTSOURCING, INC., an Illinois Corporation, | ) ) ) Case Number: 1:18-cv-2387 ) Hon. Robert M. Dow, Jr., Presiding |
| Defendants. | ) ) Hon. Beth W. Jantz, Magistrate Judge |
| RAJU VASWANI, individually and derivatively on behalf of MEDVALUE OFFSHORE SOLUTIONS, INC., An Illinois Corporation, | ) ) ) ) ) |
| Counter-plaintiff and Third-party Plaintiff, | ) ) ) |
| v. | ) ) |
| SUNIL BHATIA, an individual, | ) ) |
| Counter-defendant, | ) ) |
| and | ) ) |
| VARSHA BHATIA, an individual, | ) ) |
| Third-party Defendant. | ) |

**MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION**

1

Sunil Bhatia and Varsha Bhatia, by their attorneys, Regas, Frezados & Dallas LLP and Patterson Law Firm, LLC for their Motion for Extension of Time to file Motion for Preliminary Injunction, state as follows:

1. This Court previously set the following briefing schedule on Plaintiff's Motion for Preliminary Injunction: Defendants' Response to Motion for Preliminary Injunction is due by 2/15/22, and Plaintiff's reply is due by 3/1/22, with all expedited depositions to be completed by 3/1/22. (Doc. #: 362).

2. On January 20, 2022, a status hearing was held before this Court. At the status hearing, the Court urged the parties to work to reach a settlement of this litigation. The Court stated that counsel were encouraged to continue working toward settlement on a parallel track and may return to Magistrate Judge Jantz for any settlement or discovery issues they may have. (Doc. #: 364). In connection with the January 20, 2022 hearing the following briefing schedule was set: Plaintiff's motion and brief are due March 4, 2022, Defendants' Response is due April 1, 2022, and Plaintiff's Reply is due April 15, 2022. (Doc. #: 366).

3. The parties have made substantial efforts to reach a settlement of the issues in this matter. The parties have exchanged multiple written draft agreements, with most recent having been sent on February 20, 2022, and the parties have significantly narrowed the points of difference between them. Nevertheless, the parties have not yet been able to reach an agreement on all terms of a settlement.

4. On January 21, 2022, counsel for Plaintiff requested deposition dates for Defendants Raju Vaswani and Karan Vaswani. On January 27, 2022, Plaintiff's counsel again requested dates for depositions Raju Vaswani and Karan Vaswani. In response, Defendants' counsel indicated that conducting depositions could create a serious obstacle to settlement. The

parties discussed postponing depositions to the week of February 15, 2022 to give the parties more time to work to reach a settlement. Counsel for both parties indicated that they would work together to allow the parties more time to complete a settlement while still finishing depositions by February 15, 2022. In light of the progress the parties had made, it was Plaintiff's understanding that this arrangement would continue past February 15, 2020, while the parties continued to make progress on settlement.

5. However, on March 1, 2022, Defendants' counsel indicated that if Plaintiff intends to file a motion for a preliminary injunction or to seek extensions from the Court to facilitate such a filing, they would oppose any such extension request and they would suspend settlement negotiations.

6. While Plaintiff is open to continuing to discuss settlement and to participate in mediation before Judge Jantz, as the parties have recently discussed, it appears that the parties will not be able to resolve this matter through settlement in light of the statements of Defendants' counsel.

7. Plaintiff is prepared to proceed expeditiously with depositions and has only postponed the taking of depositions to avoid jeopardizing settlement negotiations, which the Court has urged the parties to pursue and which, until these recent developments, have been productive. Plaintiff requested to and including March 25, 2022 to depose Defendants in a motion filed before Judge Jantz. (Doc. # 368).

8. Particularly given that, as the Court mentioned, a trial date is a long time away given the backlog, Plaintiff intends to file a new preliminary injunction, incorporating additional information learned through expedited discovery (including, once taken, the expedited depositions). Plaintiff therefore requests that he be given leave to file his Amended Motion for

Preliminary Injunction by April 8, 2022, Defendants to respond by May 6, 2022, and Plaintiff to reply by May 27, 2022.

9. Federal Rule of Civil Procedure 6(b)(1) states that when an act may or must be done within a specified time, "the court may, for good cause, extend the time: . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." The parties believe that additional time to continue meet and confer efforts to narrow the issues in dispute constitutes good cause under the circumstances.

WHEREFORE, the parties request that this Court grant Plaintiff leave to file his Amended Motion for Preliminary Injunction by April 8, 2022, Defendants to respond by May 6, 2022, and Plaintiff to reply by May 27, 2022, and grant such further or other relief as the Court deems just and equitable.

                By:/s/Michael Haeberle
                     Attorneys for Plaintiff/Third-Party Defendant